UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|   |   |
|---|---|
| TIMEBASE PTY LTD., ) | Case No. 07-CV-4551 (JNE/JJG) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANTS' MEMORANDUM IN** |
| ) | **SUPPORT OF MOTION TO** |
| THE THOMSON CORPORATION, ) | **CONSOLIDATE WITH CASE NO.** |
| WEST PUBLISHING CORPORATION, ) | **07-CV-1687 AND STAY PENDING** |
| and WEST SERVICES, INC., ) | **REEXAMINATION OF U.S. PATENT** |
| ) | **NO. 6,233,592** |
| Defendants. ) | |
| ) | |

## I.      INTRODUCTION

Two patent cases are before this Court that involve the same parties, the same accused products, and two closely related patents. In the first case (07-CV-1687), the patent at issue (U.S. Patent No. 6,233,592) is undergoing reexamination by the United States Patent & Trademark Office, which caused this Court to stay the first case on June 28, 2007. In the second case (07-CV-4551), the patent at issue (U.S. Patent No. 7,293,228) is not undergoing reexamination, but a stay of the second case is strongly warranted because it is inextricably intertwined with the first case. There is broad overlap between the two cases in the critical areas of claim construction and infringement, and the defendants, accused products, witnesses, experts, discovery, technology, and alleged damages in each case are identical or virtually identical. A stay of the second case will eliminate duplicative discovery, conserve the parties' resources, and further the interests of judicial economy.

In addition, the second case is at the earliest possible stage of the proceedings – discovery has not yet begun and no trial date has been set – and there will be no undue prejudice to plaintiff. Plaintiff does not sell any products or services, or compete with defendants in any manner, in the United States.

Accordingly, defendants request (1) that the second case (07-CV-4551) be consolidated with the first case (07-CV-1687), and (2) that the second case (07-CV-4551) be stayed pending the results of the reexamination of U.S. Patent No. 6,233,592 in the first case (07-CV-1687).[1]

## II. BACKGROUND

The plaintiff in both cases is TimeBase Pty Ltd. ("TimeBase"). TimeBase is an Australian corporation owned by Aberdeen Fund Managers Australia Limited, which is a subsidiary of an international investment management group. (Exs. 1, 2.)[2] TimeBase does not sell any products or offer any services in the United States, and it does not have any employees, offices, or other facilities in the United States.

TimeBase filed its first suit on January 24, 2007, alleging infringement of U.S. Patent No. 6,233,592 ("the '592 patent") (Ex. 3).[3] (Compl., TimeBase Pty Ltd. v. The

---

[1] Defendants seek to have the two cases placed on the same schedule and stayed, regardless of whether they are technically consolidated.

[2] Exhibits are attached to the Declaration of Shawn T. Gordon submitted herewith.

[3] TimeBase initially filed the '592 case in the Northern District of Illinois. (Compl., TimeBase Pty Ltd. v. The Thomson Corp., No. 07-CV-460, Docket No. 1.) Upon defendants' motion, the case was transferred to this Court. (Order Granting Defs.' Mot.

(continued on next page)

(continued on next page)

Thomson Corp., No. 07-CV-460, Docket No. 1.) TimeBase eventually named The Thomson Corporation, West Publishing Corporation, and West Services, Inc. as defendants, contending that defendants' legal and regulatory law products PastStat, RegulationsPlus, and Graphical Statutes offered through Westlaw infringed the '592 patent. (*Id.*; TimeBase Pty Ltd. v. The Thomson Corp., No. 07-CV-1687, Docket No. 38.) Shortly after this first case was filed, an unrelated third party filed a request for reexamination of the '592 patent with the United States Patent & Trademark Office ("PTO"). (Ex. 4.) The PTO granted the request on April 3, 2007, determining that the three prior art references submitted with the reexamination request raised substantial new questions of patentability relating to the '592 patent. (Ex. 5.) These same references had been cited by the European Patent Office in its repeated rejections of the European counterpart to the '592 patent. (Exs. 6, 7.)

Defendants moved to stay the '592 case pending reexamination of the '592 patent by the PTO. (Defs' Mot. to Stay Lit. Pending Reexam. Proceedings, TimeBase Pty Ltd. v. The Thomson Corp., No. 07-CV-1687, Docket No. 33.) On June 28, 2007, this Court granted defendants' motion. (Min. Entry, TimeBase Pty Ltd. v. The Thomson Corp., No.

---

(continued from previous page)

to Transfer Venue, TimeBase Pty Ltd. v. The Thomson Corp., No. 07-CV-460, Docket No. 18.)

07-CV-1687, Docket No. 45.) Because the '592 reexamination is still pending, the '592 patent case remains stayed. (Ex. 8.)[4]

TimeBase filed this second suit on November 7, 2007, based on U.S. Patent No. 7,293,228 ("the '228 patent") (Ex. 9), one day after the '228 patent issued (Compl.). In this second case, TimeBase accuses the same defendants and the same products of infringement as in the first case. (*Id.*, ¶ 10.) TimeBase filed the second case as a "related case" to the first case (Civil Cover Sheet), and both cases are assigned to Judge Ericksen and Magistrate Judge Graham. This is not surprising, given that the '228 patent is a continuation-in-part of the '592 patent at issue in the stayed case and the second case involves the same parties, products, and subject matter. Like the '592 patent, the '228 patent is directed toward electronically publishing text-based data and electronically searching legislation or text-based data encoded with a markup language. (*See* Ex. 3, 155:2-3, 156:13-14, 157:30-32, Ex. 9, 163:12-13, 164:8-10, 164:60-62,165:61-62.)

In fact, the '228 patent specification includes, word-for-word, the entire '592 patent specification, together with each of the figures found in the '592 patent. All four

---

[4] As requested by the Court in its Order granting the stay, the parties provided an update to the Court through letters filed on December 27, 2007. In their letters, the parties confirmed that the reexamination of the '592 patent was still pending and that the PTO had not yet issued any office actions. On January 9, 2008, the Court issued an Order requesting that future status reports provide detailed explanations of the exact steps that had been taken by the PTO and any remaining steps that needed to be completed for the reexamination process. (Order Requesting Detailed Status Updates, TimeBase Pty Ltd. v. The Thomson Corp., No. 07-CV-1987, Docket No. 49.) In view of the Court's Order, defendants filed a supplemental letter on January 10, 2008 to provide the Court with more detailed information regarding the proceedings relating to the '592 reexamination.

-4-

independent claims in the '228 patent contain terms substantially identical to terms in the independent claims in the '592 patent, including:

- *multidimensional space*;

- *linking means of a markup language / encoding . . . with a markup language to include at least one link*; and

- *attributes*.

In addition, there is significant overlap between the dependent claims in the two patents. (*See* Ex. 10.) Both patents also name Abha Lessing and Christoph Schnelle as inventors. (Exs. 3, 9.)

The references that are the subject of the '592 reexamination were not before the PTO when it first allowed the '228 patent. TimeBase submitted these references after receiving the first notice of allowance. (Ex. 11.) The PTO then issued a second notice of allowance. (Ex. 12.) However, because the '228 patent claims priority to the '592 patent, the prosecution history of the '592 reexamination is still relevant to the '228 patent.

### III. ARGUMENT

**A. Consolidation is Plainly Warranted**

**1. Legal Standard**

This Court may consolidate actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(2) (2008). When deciding whether to consolidate, the court should weigh "the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause." *Powell v. Nat'l Football League*,

764 F. Supp. 1351, 1359 (D. Minn. 1991) (citations omitted). The decision whether to consolidate cases is within the court's discretion. *Id.*

2. **The Savings from Consolidation Outweigh Any Delay of the '228 Case**

Consolidation of these two cases, which involve the same parties, the same accused products, and related patents, will conserve judicial and party resources because the cases present common questions of law and fact as to damages, claim construction, infringement, and invalidity, and because they involve the same technology, witnesses, documents and discovery. *See, e.g.*, *3M Co. v. Moldex-Metric, Inc.*, No. 06-4044, 2006 WL 3759758, at *1-2 (D. Minn. Dec. 21, 2006); *Cedars-Sinai Med. Center v. Revlon, Inc.*, 111 F.R.D. 24, 32-33 (D. Del. 1986); *Hooker Chem. & Plastic Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46, 49 (W.D.N.Y. 1982); *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del. 1981).

The cases present common questions of law and fact relating to claim construction and infringement because the claims are similar, the patents are related, and TimeBase has accused the same products in both cases. *See 3M*, 2006 WL 3759758 at *2. Similarly, the cases present common questions of fact as to damages because the cases involve the same accused products. *See id.* Defendants are asserting invalidity in both cases, presenting additional common questions of law and fact. *See id.* Consolidation is further warranted because the cases involve identical parties. *See Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 06-514, 2007 WL 2892707, at *4 (D. Del. Sept. 30, 2007).

The difference in timing between the stayed '592 case and this case is an insufficient reason to keep them separate. *See Rohm & Haas*, 525 F. Supp. at 1310

(rejecting plaintiff's argument that consolidation was inappropriate because patents in later case were in a reissue proceeding); *Abbott Diabetes Care*, 2007 WL 2892707 at *3-5 (rejecting plaintiff's argument that consolidation and stay pending reexamination of all patents in suit were inappropriate because second group of patents were further behind in reexamination). Accordingly, in view of the identity or near-identity of the parties, accused products, issues, witnesses, discovery and damages, the two cases should be consolidated and proceed on the same schedule.

**B.    This Case Should be Stayed Pending Reexamination**

   **1.    Legal Standard**

District courts possess the inherent power to stay cases, including granting stays based on pending reexamination of a patent by the PTO. *See Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988); *VData LLC v. Aetna, Inc.*, No. 06-1701, 2006 WL 3392889, at *4 (D. Minn. Nov. 21, 2006) (Ericksen, J., adopting report and recommendation). The decision whether to stay a case is within the court's discretion. *VData LLC*, 2006 WL 3392889 at *4.

As in other judicial districts, this Court considers the following factors in determining whether to grant a stay pending reexamination:

   1. whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

   2. whether a stay will simplify the issues in question; and

   3. whether discovery is complete and whether a trial date has been set.

*See VData LLC*, 2006 WL 3392889 at *5; *Pacesetter Inc. v. Cardiac Pacemakers, Inc.*, No. 02-1337, 2003 WL 23303473 at *2 (D. Minn. Nov. 19, 2003). Applying these factors, courts adopt a "liberal policy" in favor of granting motions to stay proceedings pending the results of a patent reexamination. *See, e.g.*, *Card Tech. Corp. v. DataCard Corp.*, No. 05-2546, 2007 WL 551615, at *2 (D. Minn. Feb. 21, 2007); *VData LLC*, 2006 WL 3392889 at *4.

All three factors support a stay of the '228 case because (1) a stay would not unduly prejudice or present a clear tactical disadvantage to TimeBase, (2) a stay will simplify issues in the '228 case relating to claim construction and infringement, and eliminate duplicative discovery involving the same parties, products, witnesses, documents, technology and damages, as well as conserve judicial resources, and (3) discovery has not yet begun and no pretrial schedule or trial date has been set in the '228 case.

### 2. A Stay of this Case Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to TimeBase

A stay of this suit will not unduly prejudice TimeBase. The delay due to a stay pending reexamination, standing alone, does not constitute undue prejudice. *See KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-3116, 2006 WL 708661 at *3 (N.D. Cal. March 16, 2006); *Card Tech.*, 2007 WL 551615 at *4 ("not all delay is prejudicial"). Monetary damages are adequate to compensate TimeBase for any delay caused by this stay. TimeBase has no market share or reputation to lose because TimeBase is not selling any products or services in the United States related to the patents. *See Guthy-Renker*

*Fitness L.L.C. v. Icon Health and Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1061 (C.D. Cal. 1998) (defendant-patentee "failed to explain why money damages will not be adequate if it prevails at trial"); *Gioello Enter. Ltd v. Mattel, Inc.*, No. 99-375, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (finding no prejudice from a stay and money damages are "an adequate remedy" when the patentee was not selling or actively licensing goods or services relating to the patent-in-suit). In addition, because this case is at the earliest stages of litigation, the parties have not yet incurred substantial expenditures of time or money in this matter. *See Guthy-Renker Fitness*, 48 U.S.P.Q.2d at 1061; *KLA-Tencor*, 2006 WL 708661 at *3.

TimeBase also will not suffer a clear tactical disadvantage from the stay. Defendants are not using reexamination as a "mere dilatory tactic" after "protracted, expensive discovery or trial preparation." *Fresenius Med. Care Holdings, Inc. v. Baxter Intern., Inc.*, No. C 03-1431, 2007 WL 1655625, at *4 (N.D. Cal. June 7, 2007) (denying stay requested by defendant after receiving an adverse judgment at trial and nearly four years after initiating the litigation) (citations omitted). Defendants did not even seek the reexamination of the '592 patent. *See Guthy-Renker Fitness*, 48 U.S.P.Q.2d at 1061. Therefore, the absence of any undue prejudice or tactical disadvantage to TimeBase strongly supports a stay of this second case.

### 3. A Stay Will Simplify the Issues in Question in the '228 Case

TimeBase may argue that because the '228 patent was allowed over the three references that are being reviewed in the reexamination of the '592 patent, a stay of the '228 case pending the '592 reexamination will not simplify the issues in question in the

'228 case. This argument would be wrong. The prosecution history for the '228 patent will not be finalized until the '592 reexamination is completed. *See Microsoft Corp. v. Multi-Tech Systems, Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004) ("Any statement of the patentee in the prosecution of a related application as to the scope of the invention would be relevant to claim construction . . . ."), *cert denied*, 543 U.S. 821; *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("statements made during prosecution or reexamination an applicant for a patent or a patent owner [sic], as the case may be, may commit to a particular meaning for a patent term, which meaning is then binding in litigation"); *Jonsson v. Stanley Works*, 903 F.2d 812, 818 (Fed. Cir. 1990) (prosecution history of parent application is relevant to understanding scope of claims issuing in a continuation-in-part application); *Medtronic, Inc. v. Guidant Corp.*, No. 00-1473, 2004 WL 1179338, *28 (D. Minn. May 25, 2004) (citing *CVI/Beta Ventures*, 112 F.3d at 1158). Statements made by TimeBase during the reexamination of the '592 patent, including statements that clarify the meaning of claim terms and relinquish claim scope, therefore will be relevant to the construction and infringement of the '228 claims. *See Microsoft Corp.*, 357 F.3d at 1350; *CVI/Beta Ventures*, 112 F.3d at 1158; *Jonsson*, 903 F.2d at 818; *Medtronic*, 2004 WL 1179338 at *28.

Granting a stay of this case pending the outcome of the '592 reexamination will simplify issues relating to claim construction for the '228 patent. TimeBase, which filed the '228 case as a "related" case to the '592 case, "cannot credibly argue that the patents are not like in subject matter, as well as in many of their claims." *See Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253, 2003 WL 21640372, at *2 (D. Del. July 11, 2003). The

-10-

claims of the two patents contain a number of virtually identical terms, including "multidimensional space," "linking means of a markup language" / "encoding . . . with a markup language to include at least one link," and "attributes." Furthermore, because the '228 patent is a continuation-in-part of the '592 patent, the '592 reexamination "will likely narrow issues relating to the claims" of the '228 patent. *VData LLC*, 2006 WL 3392889 at *7 (citing *Alloc*, 2003 WL 21640372 at *2). The simplification of claim construction which would result from a stay of the '228 litigation is particularly enhanced here because the two patents contain similar subject matter, the claim terms are similar, and the '228 patent is a continuation-in-part of the '592 patent. *See KLA-Tencor*, 2006 WL 708661 at *4; *Alloc*, 2003 WL 21640372 at *2.

Staying the '228 case pending the '592 reexamination also will simplify issues relating to infringement of the '228 patent. The determination of whether defendants' products infringe the '228 claims necessarily depends on the scope of the '228 claims. *See Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1341 (Fed. Cir. 2003). Because the '592 reexamination will simplify construction of the '228 claims, it also will simplify issues relating to infringement of the '228 claims.

Even in the unlikely event that the '592 reexamination fails to affect the scope of the '228 claims, the substantial overlap between this second case and the already-stayed first case compels a stay of the second case. This second case involves the same parties, the same accused products, and a closely related patent. The two cases also involve the same technology, the same witnesses, the same documents, the same discovery, and the same alleged damages. Courts frequently recognize that staying an entire multi-patent

suit pending reexamination simplifies the issues in question, even when not all of the patents-in-suit are undergoing reexamination. *See, e.g.*, *VData LLC*, 2006 WL 3392889 at *8 ("this factor weighs strongly in favor of staying the entire case pending reexamination of only the [later] patent, even if the PTO does not grant reexamination of the [earlier] patent"); *Alloc*, 2003 WL 21640372 at *2 (staying case even though patent-in-suit not undergoing PTO or judicial review because the parent patent was in reexamination and three other related patents were under appeal before the Federal Circuit).

Judge Frank's opinion in *Pacesetter Inc. v. Cardiac Pacemakers, Inc.* is dispositive on this point. In *Pacesetter*, Judge Frank (in affirming Magistrate Judge Nelson's order granting a stay) found that even though two of the four patents at issue would not be undergoing reexamination and were not related patents, a stay was clearly warranted. In particular, he noted that it was "impractical, if not impossible" to proceed with the litigation on the two patents not undergoing reexamination. 2003 WL 23303473 at *3. Judge Frank concluded that the case did not lend itself to "any meaningful severability of issues" where there were common witnesses, inventors, underlying technologies and documents. *Id.*

Like *Pacesetter*, the overlap in discovery between the '228 case and the '592 case is substantial. TimeBase has accused the same parties and same products in both cases. The '592 and '228 patents are related, share two inventors, and contain virtually identical key claim terms. Here, as in *Pacesetter*, there is "no discernable demarcation of issues,

experts, or products" and "duplicity and overlap will occur when addressing issues such as experts, discovery, damages, and products." 2003 WL 23303473 at *1.

Discovery relating to the '592 and '228 patents cannot be merged until after the '592 reexamination concludes because the first case is stayed and the scope of the reexamined '592 claims will remain unknown until the '592 reexamination is completed. If the Court did *not* stay the '228 case and it proceeded during the '592 reexamination, discovery would essentially need to be conducted twice. The two common inventors on the '228 and '592 patents would be deposed first with respect to the '228 patent and again with respect to the '592 patent. *See id.* at *3; *KLA-Tencor*, 2006 WL 708661 at *4. Similarly, fact witnesses knowledgeable about the development and operation of the identical accused products, the underlying technology, prior art, and damages would be deposed twice, *see Pacesetter*, 2003 WL 23303473 at *3; *KLA-Tencor*, 2006 WL 708661 at *4, and document production would be duplicative, *see Pacesetter*, 2003 WL 23303473 at *3. Likewise, costly expert reports and written discovery would be duplicated. The expenses associated with this discovery would be exacerbated by the fact that many potential third-party witnesses are located in Australia or in Europe, requiring the parties to take evidence pursuant to the Hague Convention. This redundant discovery and duplicative use of judicial resources can be avoided by staying the '228 case pending the '592 reexamination.

### 4. A Stay Is Warranted Because Discovery Has Not Started and a Trial Date Has Not Been Set in the '228 Case

The final factor considered by courts also militates in favor of a stay here. This case is at the earliest possible stages of litigation – the only events to date are the filing of TimeBase's Complaint on November 7, 2007 and the filing of defendants' Answer on November 29, 2007. No pretrial schedule or trial date has been set, and no discovery has occurred. In short, this case is at a stage where courts "routinely" grant a stay pending reexamination. *VData LLC,* 2006 WL 3392889 at *8 (quoting *CNS, Inc. v. Silver Eagle Labs, Inc.*, No. 04-968, 2004 WL 3631121 at *1 (D. Minn. Nov. 29, 2004)); *Card Tech.*, 2007 WL 551615 at *2. Not only is a stay "routine" at such an early stage, but at such a stage a stay is "particularly appropriate" and its benefit to the discovery process is "maximized." *VData LLC*, 2006 WL 3392889 at *8.

## IV. CONCLUSION

Because all of the factors strongly favor consolidation and a stay of these proceedings, defendants respectfully request that the Court grant defendants' motion to consolidate this case with Case No. 07-CV-1687 and stay the consolidated case.

Dated: January 10, 2008

**FAEGRE & BENSON LLP**

By: *s/ Calvin L. Litsey*
Calvin L. Litsey #153746
David J.F. Gross, #208772
Shawn T. Gordon, # 336439
Timothy E. Grimsrud, #34283X
Kevin P. Wagner, # 34008X

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
Email: clitsey@faegre.com
Email: dgross@faegre.com
Email: sgordon@faegre.com
Email: tgrimsrud@faegre.com
Email: kwagner@faegre.com

**Attorneys for Defendants The Thomson Corporation, West Publishing Corporation, and West Services, Inc.**

fb.us.2525322.01