# EXHIBIT 5
# TO DECLARATION
# OF SHAWN T. GORDON



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,450 | 01/29/2007 | 6,233,592 | 886B.0008.SI(US) | 7192 |

7590    04/03/2007

CLIFFORD W. BROWNING
WOODARD EMHARDT NAUGHTON MORIARTY & MCNETT
111 MONUMENT CIRCLE
SUITE 3700
INDIANAPOLIS, IN 46204-5137

EXAMINER

ART UNIT | PAPER NUMBER

DATE MAILED: 04/03/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

Exhibit 5

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

4/3/2007

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

ALAN L. STERN

HARRINGTON & SMITH , PC

4 RESEARCH DRIVE

SHELTON, CT 06484-6212

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. 90/008450
PATENT NO. 6,233,592
ART UNIT 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| Order Granting / Denying Request For Ex Parte Reexamination | Control No. 90/008,450 | Patent Under Reexamination 6,233,592 |
|---|---|---|
| | Examiner Majid A. Banankhah | Art Unit 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>29 January 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a) ☐ PTO-892,   b) ☒ PTO/SB/08,   c) ☐ Other: _____

1. ☒  The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

    For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

    For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

    This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

    In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐ by Treasury check or,

    b) ☐ by credit to Deposit Account No. _____, or

    c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)    Office Action in *Ex Parte* Reexamination    Part of Paper No. 20070326

## *DECISION GRANTING EX PARTE REEXAMINATION*

1. A substantial new question of patentability affecting claims 1-58 of United States Patent number 6,233,592 is raised by the request for *ex parte* reexamination.

2. A prior art patent or printed publication raises a substantial new question of patentability where there is:

   (A) a substantial likelihood that a reasonable Examiner would consider the prior art patent or printed publication **important** in deciding whether or not the claim is patentable, MPEP §2242 (I) and,

   (B) the same question of patentability as to the claim has not been decided in a previous or pending proceeding or in a final holding of invalidity by a federal court. See MPEP §2242 (III).

3. The '592 patent is currently assigned to TIME BASE PTY LIMITED of SYDNEY AUSTRALIA. The '592 Patent issued from application Serial No. 09/108,999 ("the '999 Application"), which was filed on Jan. 30, 1998.

4. In the request for reexamination, the third part requester alleges that '592 patent claims 1-58 are anticipated in light of the following references:

   1. D1: Kim H et al: "OOHS: An Object-Oriented Hypermedia System" 20m Annual International Computer Software And Applications Conference (Compsac), Seoul, KR, 21 August 1996 (1996-08-21), -23 August 1996 (1996-08-23) pages 496-501, XP000684382 IEEE comp. Soc., Los Alamitos, CA, US ISBN: 0-8186-7579-9 ("Kim").

   2. D2: Arnold-Moore T et al: "The ELF data model and SGQL query language for structured document databases", Sixth Australasian Database Conference, ADC'95, Adelaide, AU, vol. 17, no. 2, 30 January 1995, - 31 January 1995 pages 17-26, XP002204886 Australian Computer Science Communications ISSN: 0157-3055 ("Arnold-Moore")

3. D3: George Promenschenkel "STEPS toward a new era in electronic publishing", OCLC Newsletter No. 216, published by OCLC, MC104, 6565 Frantz Road, Dublin, Ohio 43017-3395 July/August 1995 ("Promenschenkel")

The aforementioned newly cited references are not of record in the file of '529 patent and are not cumulative to the art of record in the original file.

## *Substantial New Question of Patentability*

5. It is agreed that the consideration of Arnold-Moore raises a substantial new question of patentability as to claims 1-58 of the Schnelle '592 patent. Request page 5, line 13, through page 6, line 2, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Arnold-Moore that was not present in the prosecution of the application which became the Schnelle '592 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, Arnold-Moore raises a substantial new question of patentability as to claims 1-58, which question has not been decided in a previous examination of the Schnelle '592 patent.

6. It is agreed that the consideration of Kim raises a substantial new question of patentability as to claims 1-58 of the Schnelle '592 patent. Request page 6, line 3, through line 8, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Kim that was not present in the prosecution of the application which became the Schnelle '592 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, Kim raises a substantial new question of patentability as to claims 1-58, which question has not been decided in a previous examination of the Schnelle '592 patent.

7. It is agreed that the consideration of Promenschenkel raises a substantial new question of patentability as to claims 1-58 of the Schnelle '592 patent. Request page 6, line 8, through page

7, line 19, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Promenschenkel that was not present in the prosecution of the application which became the Schnelle '592 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, Promenschenkel raises a substantial new question of patentability as to claims 1-58, which question has not been decided in a previous examination of the Schnelle '592 patent.

## *Conclusion*

8.    Extensions of time under 37 C.F.R §1.136(a) will not be permitted in this proceeding because the provisions of 37 C.F.R. §1.136 apply only to "an Applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. §305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 C.F.R. §1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 C.F.R. §1.550(c).

9.    The Patent Owner is reminded of the continuing responsibility under 37 C.F.R. § 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent number 6,233,592 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

## How to Communicate with the USPTO

ALL correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

**Please mail any communications to:**

    Attn: Mail Stop "*Ex Parte* Reexam"
    Central Reexamination Unit
    Commissioner for Patents
    P. O. Box 1450
    Alexandria VA 22313-1450

**Please FAX any communications to:**

    (571) 273-9900
    Central Reexamination Unit

**Please hand-deliver any communications to:**

    Customer Service Window
    Attn: Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

*/Majid Banankhah/*

Majid A. Banankhah
CRU Examiner
GAU 3992
(571) 272-3770

Conferee:

*/signature/*
CRU 3992

Conferee:

*/signature/*
RQMS