TimeBase Pty Ltd. v. Thomson Corporation, The et al Doc. 15 Att. 8

# EXHIBIT 7
## TO DECLARATION OF SHAWN T. GORDON

Dockets.Justia.com



EPA/EPO/OEB
D-80298 München
+49 89 2399-0
TX 523 656 epmu d
FAX +49 89 2399-4465

**Europäisches Patentamt** — Generaldirektion 2
**European Patent Office** — Directorate General 2
**Office européen des brevets** — Direction Générale 2

| **Telephone numbers:** | **Berlin sub-office** |
|---|---|
| **Primary Examiner** (substantive examination) | +49 30 25901-427 |
| **Formalities Officer / Assistant** (Formalities and other matters) | +49 30 25901-0 |

Ryan, Anne Mary
c/o Anne Ryan & Co.
60 Northumberland Road
Ballsbridge
Dublin 4
IRLANDE



| Application No. | Ref. | Date |
|---|---|---|
| 98 901 249.7 - 1527 | P99-45-EP | 25.01.2007 |
| Applicant: Time Base Pty. Limited | | |

**Communication pursuant to Article 96(2) EPC**

The examination of the above-identified application has revealed that it does not meet the requirements of the European Patent Convention for the reasons enclosed herewith. If the deficiencies indicated are not rectified the application may be refused pursuant to Article 97(1) EPC.

You are invited to file your observations and insofar as the deficiencies are such as to be rectifiable, to correct the indicated deficiencies within a period

**of 4 months**

from the notification of this communication, this period being computed in accordance with Rules 78(2) and 83(2) and (4) EPC.

One set of amendments to the description, claims and drawings is to be filed within the said period on separate sheets (Rule 36(1) EPC).

**Failure to comply with this invitation in due time will result in the application being deemed to be withdrawn (Article 96(3) EPC).**




Polzer, Andreas
Primary Examiner
for the Examining Division

Enclosure(s): 5 page/s reasons (Form 2906)
D4: Maioli C et al

**Registered Letter**
EPO Form 2001 07.02CSX

Exhibit 7

The examination is being carried out on the **following application documents**:

**Description, Pages**

| | | | | |
|---|---|---|---|---|
| 1-3, 6-18, 20-89 | as originally filed | | | |
| 4, 5, 19 | received on | 23.09.2005 | with letter of | 19.09.2005 |

**Claims, Numbers**

| | | | | |
|---|---|---|---|---|
| 1-58 | received on | 23.09.2005 | with letter of | 19.09.2005 |

**Drawings, Sheets**

| | |
|---|---|
| 1/15-15/15 | as originally filed |

The correspondence related to the application is denoted as follows; the numbering will be adhered to in the rest of the procedure:

L1: letter of the applicant dated 25.09.2002
C1: communication of the EPO dated 11.11.2002
R1: reply of the applicant dated 21.03.2003
T1: third party observation under Article 115 EPC received on 25.11.2006
D3: prior art document submitted with T1:
PROMENSCHENKEL G: "STEPS toward a new area of electronic publishing", OCLC Newsletter No. 216, 1995, Retrieved from the Internet: http://digitalarchive.oclc.org/da/ViewObject.jsp?objid=0000001695

The following document is cited by the examiner (see the Guidelines, C-VI, 8.7). A copy of the document is annexed to the communication:

D4: MAIOLI C ET AL: "Versioning Issues in a Collaborative Distributed Hypertext System" TECHNICAL REPORT UNIVERSITA DI BOLOGNA UBLCS-93-6, [Online] April 1993 (1993-04), BOLOGNA, IT Retrieved from the Internet: URL:http://www.cs.unibo.it/pub/TR/UBLCS/AB STRACTS/93.bib?ncstrl.cabernet//BOLOGNA-UB LCS-93-6> [retrieved on 2007-01-17]

The amendments and arguments contained in L1 and T1 have been carefully considered and the applicant's request for oral proceedings in case of an intended refusal of the

application has been noted. The examiner is not yet in a position to recommend grant of the application, the reasons being as follows:

1. The amended application does not meet the requirements of Article 84 EPC because the claims are not clear.

1.1. The objection in C1 1.1 with regard to the formulation of the system claims is maintained over the arguments submitted in R1 1.1. In the European patent procedure, claims to a system are regarded as claims to an apparatus and not as claims to a method or process. Thus, in order to meet the requirements of Article 84 EPC with respect to clarity, the system claimed in claims 1-20 should be defined in terms of apparatus features (e.g. "means for...") and not by the steps of a method or process.

1.2. With regard to the clarity observations in C1 1.3 the following is observed:

claim 1: "linking means of a markup language" is considered to render the expression sufficiently clear.

claims 3/4, 13: the objections with regard to the search "using" attributes and text data being "encoded" are withdrawn.

claim 8: the objection with regard to the markup language linking means comprising "any piece of information additional to the body of the text-based data" is upheld over the arguments in R1 1.3. The concepts of a hyperlink "comprising" information as well as of "any piece of information" are extremely vague and broad and would not be readily understood by the person skilled in the art.

2. With regard to inventive step of the amended claims, the following is observed:

2.1. The examiner is satisfied that the publication date of D3 is earlier than the priority date of the present application.

2.2. D1, D2, D3 and D4 come from the same technical field of publication and retrieval of

hypertext documents and would be combined by the skilled person, if necessary. While document D4 does not specify encoding of hypertext documents in a markup language, at the time of priority of the present application the skilled person starting from D1 or D2 would have been aware of the large body of research on hypertext retrieval without reference to markup languages, in particular predating the emergence of the World Wide Web, and would have readily combined subject-matter from D4 into D1 or D2.

2.3. After consideration of the arguments submitted in R1 section 2, amended **claim 1** is not considered to be inventive, the reasons being as follows:

The document D2 is regarded as being the closest prior art to the subject-matter of amended claim 1, and discloses (the references in parentheses applying to this document):

A computer-implemented system for publishing an electronic publication using text-based data (abstract), comprising a plurality of predefined portions of text-based data with each predefined portion being stored (page 17 right-hand column last paragraph, page 18 left-hand column lines 9-10, section 2.2; contrary to the arguments in R1 page 7 last paragraph - page 8 second paragraph, D2 clearly provides for storage of the document portions, supplemented by a representation in the ELF data model for facilitating document retrieval) and a plurality of linking means of a markup language (hyperlinks as a standard feature of SGML are implicit in D2 and e.g. mentioned in D2 page 17 right-hand column second paragraph), said computer-implemented system characterised by:

a1 at least one predefined portion being modified and stored (modification of documents is a trivial operation in document retrieval systems and is e.g. envisaged in D2 page 20 right-hand column last paragraph; revision of document portions is also mentioned in D3 fourth paragraph) and

b a plurality of attributes (page 18 right-hand column lines 9-11, page 20 right-hand column line 30, section 5.4 first paragraph; contrary to the assertion in R1 page 11 second paragraph, the "features" and SGML attributes which are used

for retrieval of document portions in D2 may very well be matched with the "attributes" of the claim) each attribute being a point on an axis of a multidimensional space for organising said plurality of predefined portions and said at least one modified predefined portion of said text-based data (this cannot be considered as a technical feature as the attributes of any database may be seen as spanning up a multidimensional space indexing the database records)

Under a narrow interpretation of the claim, claim 1 differs from the above in the feature of

a2 each predefined portion of said text-based data and said at least one modified predefined portion of text-based data being encoded with at least one linking means

The problem to be solved by the present invention may therefore be regarded as facilitating the retrieval of different versions of a document portion.

Hypertext versioning is already mentioned in D2 page 20 right-hand column last paragraph. The skilled person starting at D2 and trying to solve this problem would turn to document D4, page 9 lines 4-5 and page 10 line 9, in which it is disclosed to store different versions of a document portion in parallel, and to associate them by "anchors" as linking means.

The solution proposed in claim 1 of the present application can therefore not be considered as involving an inventive step (Articles 52(1) and 56 EPC).

2.4. The objections raised in 2.3 to amended claim 1 apply *mutatis mutandis* to corresponding amended recording medium **claim 20** and method **claim 40**.

2.5. The undisputed objections raised in C1 2.2 to dependent claims 2-19 apply *mutatis mutandis* to amended dependent **claims 2-19, 21-39 and 41-58**.

3. The examiner regrets that presently the application does not appear to contain any

subject-matter which could serve as a basis for a new, allowable claim. Therefore, refusal of the application under Article 97(1) EPC would have to be expected even after oral proceedings.