# DECLARATION OF

# LEONIE MULDOON

In Support of Timebase's Response

to Thomson's Motion to Stay

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., | Civil Action No. 07-CV-04551-ADM-AJB |
| Plaintiff, | |
| vs. | Honorable Ann D. Montgomery |
| | Magistrate Judge Arthur J. Boylan |
| THE THOMSON CORPORATION, WEST PUBLISHING CORPORATION, AND WEST SERVICES, INC. | **SECOND DECLARATION OF LEONIE MULDOON** |
| Defendants. | |

**I,** Leonie Muldoon, declare:

1. I am the Chief Executive Officer of TimeBase Pty Ltd, and have first-hand knowledge of the facts stated in this declaration, except where noted, and can testify to them if necessary. My resume is attached as Exhibit A.

2. TimeBase is a very small company, with only 13 employees and 2 part-time contractors working in or for the Company. Its future depends upon the technology described in the '228 patent, and the related intellectual property. Eighty percent of TimeBase is owned for the benefit of a group of institutional investors which are primarily reinvesting pension funds. Those pension funds are intended for the benefit of retired persons. While TimeBase is a very small part of the funds' investment portfolio, securing timely return from the TimeBase investment is an investment objective of the investors. The remaining 20% is held by individual TimeBase employee shareholders, including myself. To both the investors and employee shareholders in TimeBase a timely return on their investments is critical.

3. I understand that Thomson asserts that TimeBase is owned by Aberdeen Fund Managers Australia Limited. That is not correct. TimeBase is, and, since November 2003, has always been owned beneficially as to approximately 80% by a group of institutional investors which are primarily reinvesting pension funds. The Trustee Company that holds the investment

on behalf of, and for the benefit of the unit holders or beneficiaries was for a short period Aberdeen Fund Managers Australia Limited (ABAL) but ABAL has retired as trustee and has been replaced by Deutsche Asset Management (Australia) Limited (See Exhibit B). While the documentation evidencing this has been signed, formal notification to our companies register is yet to be effected.

4. TimeBase is actively working to license its technology in the United States, but is hampered in its efforts by the fact that other potential licensees see Thomson, the major global company in the market, using the technology without a license, and there is uncertainty as to whether a license is going to be required.

5. Versioning technology and point-in-time storage is a focus of many large companies in the IT market, and the TimeBase technology may not have an economic life as long as the patent term if we are not able to enter into licensing agreements in a timely fashion and drive adoption of what we call the MALTWeb approach now, which will perpetuate for at least the life of the patent. Once an approach to solving the point-in-time problem is put in place and the supporting software programs and data structures are committed to, re-engineering is less likely. Thus, the opportunity for TimeBase exists in a window, and that window can close at any time. Delay may well destroy TimeBase's economic opportunity to realise a return for its investors.

6. We have negotiated, so far unsuccessfully, with a number of large companies operating in the United States. These negotiations began in 2004, and are in most cases continuing. Complinet is among those organizations we are in negotiation with. Negotiations began in 2006-07. Complinet referred to the reexamination of the $^f$592 patent. Complinet did not take a license, and our attorneys ended negotiations with Complinet by a letter of 20 August

2007 reserving TimeBase's rights. Representatives of TimeBase negotiated with Thomson in 2001, as described in my first declaration dated 26 February 2007.

7. I participated in and directed all of these negotiations except for those with Thomson. In my professional opinion, the inability to achieve a license with Thomson is a major impediment to persuading other companies to license TimeBase's technology. It is very important to TimeBase that it bring this litigation to a conclusion, by settlement or by a judgment, as soon as is feasible, and before the economic opportunity is lost.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 17 JANUARY 2008.



Leonie Muldoon