# Exhibit 4
# Part B

Not Reported in F.Supp.2d, 2003 WL 21640372 (D.Del.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
ALLOC, INC., a Delaware corporation, et al., Plaintiffs,
v.
UNILIN DECOR N.V., a Belgian company, et al., Defendants.
No. Civ.A. 03-253-GMS.
July 11, 2003.

MEMORANDUM AND ORDER

SLEET, J.

I. INTRODUCTION

*1 On March 5, 2003, Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry"), and Valinge Aluminum AB, ("Valinge") (collectively "the plaintiffs") filed a complaint against Unilin Decor, N.V. ("Unilin") and Quick-Step Flooring, Inc. ("Quick-Step") (collectively "the defendants") alleging infringement of U.S. Patent No. 6,516,579 ("the '579 patent"). The '579 patent is the latest in a series of continuation patents that include U.S. Patent Nos. 5,706,621 ("the '621 patent"), 5,860,267 ("the '267 patent"), 6,023,907 ("the '907 patent"), and 6,182,410 ("the '410 patent").

The '621 patent is currently undergoing reexamination in the United States Patent and Trademark Office ("PTO"). Additionally, the Federal Circuit is considering infringement issues with regard to the '267, '907, and '410 patents after the International Trade Commission ("ITC") rendered a non-infringement decision in favor of Unilin and against the plaintiffs.

Presently before the court is the defendant's motion to stay litigation of the '579 patent pending the completion of both the '621 reexamination proceedings and the Federal Circuit's decision on the '267, '907, and '410 patents. After consideration of each of the factors involved, and for the reasons detailed below, the court will grant the motion to stay.

II. BACKGROUND
The parties involved in the present action have attempted to resolve their patent infringement issues in many different forums, both in the United States and in Europe. Specifically, in July 2000, Pergo Inc. ("Pergo"), Unilin's licensee, brought a declaratory action in the District of Columbia with regard to the '267, '907, and '621 patents in response to the plaintiffs' threats of infringement litigation. Pergo additionally filed a request for reexamination of the '621 patent in the PTO. This reexamination is currently ongoing. The plaintiffs subsequently filed a complaint in the Eastern District of Wisconsin asserting that Pergo and Unilin infringed the '267 and '907

the court will gain the benefit of the PTO's particular expertise in evaluating the prior art. *See Pegasus Development Corp. v. DirecTV, Inc.,* 2003 WL 21105073, *2 (D.Del. May 14, 2003) (citations omitted). Likewise, the court will also benefit from the reexamination process in that (1) many discovery issues relating to prior art may be alleviated; (2) the record of the reexamination likely would be entered at trial; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a reexamination; and (4) the outcome of the reexamination process may encourage a settlement without further involvement of the court. *Id.* (citations omitted). Such a refinement of the issues will benefit both parties by reducing litigation costs. *See id.* This approach will also best conserve the court's scarce resources. *See id.* Similar benefits will likewise flow from the Federal Circuit's analysis of the '267, '907, and '410 patents.

*\*3* The plaintiffs alternatively contend that the motion is premature because the two proceedings that have a potential impact on this case may be decided well before this case reaches the claim interpretation stage. *See* D.I. 21 at 5. However, if the decisions of the PTO and Federal Circuit are imminent, as the plaintiffs suggest, a stay at this time would not unduly burden their case as the stay would then be of short duration.

Finally, the court notes that discovery in this case has not yet begun, nor has a discovery schedule been entered at this time. Likewise, the court has not yet set a trial date. Therefore, the stay will be entered before any party incurs substantial litigation-related expenses.

IV. CONCLUSION
In light of the above considerations, the court concludes that a stay at this point in the case would not unduly prejudice the plaintiffs or create for them a clear tactical disadvantage. Indeed, a stay will allow the issues before the court to be further simplified and defined to the benefit of the parties, as well as the court.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Defendants' Motion to Stay Pending the Reexamination by the U.S. Patent and Trademark Office and Ruling by the United States Court of Appeals for the Federal Circuit (D.I.15) is GRANTED.

2. The parties shall advise the court of any decision that results from the PTO's reexamination of the '621 patent and any decision that results from the Federal Circuit's consideration of the '267, '907, and '410 patents within thirty (30) days of the date of each decision.

3. The Plaintiffs' Motion to Strike Portions of the Answer and Complaint (D.I.11) is DISMISSED, without prejudice, and with leave to re-file should it become necessary following the stay.

D.Del.,2003.
Alloc, Inc. v. Unilin Decor N.V.
Not Reported in F.Supp.2d, 2003 WL 21640372 (D.Del.)

Motions, Pleadings and Filings (Back to top)

• 2006 WL 1814031 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum of Law in Further Support of their Motion to Transfer Venue to the Eastern District of Wisconsin, Pursuant to 28 U.S.C. 1404(a) (May 23, 2006) Original Image of this Document (PDF)
• 2005 WL 4114532 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Brief in Support of their Motion to Lift the Stay and Order A Scheduling Conference (Dec. 12, 2005) Original

Image of this Document (PDF)
- 2005 WL 4114531 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opening Brief in Support of their Motion to Lift the Stay and Order A Scheduling Conference (Nov. 23, 2005)
- 2003 WL 24839954 (Trial Motion, Memorandum and Affidavit) Brief in Opposition to Plaintiffs' Motion to Lift the Stay and Order a Scheduling Conference (Dec. 8, 2003) Original Image of this Document (PDF)
- 1:03CV00253 (Docket) (Mar. 05, 2003)
END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1432224 (D.Minn.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

C

RP, Inc. v. Liefschultz
D.Minn.,2005.
Only the Westlaw citation is currently available.
United States District Court,D. Minnesota.
RP, INC. and Winston Schimming, Plaintiffs,
v.
Harold LIEFSCHULTZ and Sylvia Liefschultz, Defendants.
No. 05-86 (JRT/FLN).

April 4, 2005.

Winston Schimming, Blaine, MN, plaintiff pro se.
Anh T. Le and Linda L. Holstein, Parsinen Kaplan Rosberg & Gotlieb, Minneapolis, MN, for defendants.

ORDER REVERSING IN PART THE MARCH 3, 2005, ORDER OF THE MAGISTRATE JUDGE

TUNHEIM, J.

*1 In an order dated March 3, 2005, United States Magistrate Judge Franklin L. Noel denied plaintiff Winston Schimming's Motion for Self Representation in so far as Schimming sought to represent RP, Inc. ("RP") as a corporation.[FN1] Schimming appeals the Order pursuant to Federal Rule of Civil Procedure 72(a) and Minnesota Local Rule 72.1(b)(2).

> FN1. The Magistrate Judge also granted Schimming's Motion to Withdraw for Attorney for Plaintiffs by Mark Ohnstad, granted Schimming's *pro se* Motion for Self Representation in so far as he sought to represent himself, and granted Schimming's Motion for Jury Demand. Schimming does not appeal rulings.

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Reko v. Creative Promotions, Inc.,* 70 F.Supp.2d 1005, 1007 (D.Minn.1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Minn. LR 72.1(b)(2). For the reasons stated below, the Court grants Schimming's appeal and reverses the Magistrate Judge's order.

RP brought a breach of contract claim against defendants in 2004. Subsequently, RP's counsel withdrew and the corporation was dissolved. Schimming maintains that, as the sole shareholder of RP, he is the successor-in-interest to RP's assets, including the breach of contract claim, and argues that he can represent RP's claims *pro se.* *See*Minn.Stat. § 302A.725, subd. 3 (providing that after a corporation is dissolved, "[a]ll tangible and intangible property ... of the corporation shall be distributed to the shareholders").

Defendants disagree that Schimming can represent RP's former interests *pro se.*For support, defendants rely on a case from the Federal Circuit Court of Appeals, which held that a sole successor-in-interest to a dissolved corporation's assets may not represent those interests *pro se* because, under Texas law, dissolved corporations *continue to exist* for three years past the date of dissolution for the purpose of prosecuting, in the corporation's name, any action or proceeding by the dissolved corporation. *Talasila, Inc. v. United States,* 240 F.3d 1064 (Fed.Cir.2001) (per curiam). Minnesota law, in contrast, does not indicate that a corporation continues to exist beyond the date of filing its articles of dissolution. *See*Minn.Stat. §§ 302A.734, 302A.783 (explaining that a corporation is dissolved on the date the articles of dissolution are filed, but that any of a dissolved corporation's former shareholders may assert or defend any claim by or against the corporation in the corporation's name). Therefore, the *Talasila* court's analysis under Texas law cannot be extended to the present case.

Instead, the Court finds the instant case to be more analogous to *National Independent Theater Exhibitors v. Buena Vista Distribution Co.,* 784

F.2d 602 (11th Cir.1984). In that case, after the plaintiff-corporation was dissolved and the sole shareholder inherited the assets, the sole shareholder moved to substitute himself, doing business as a sole proprietorship, as plaintiff. *Id.* at 609-610. The applicable Georgia statute would have allowed the corporation to continue to prosecute the case with the assistance of an attorney. The court noted, however, that the individual, as a sole proprietor, could proceed *pro se* under 28 U.S.C. § 1654.[FN2] Therefore, the court determined that it was in the court's discretion to allow the substitution. *See* Fed.R.Civ.P. 25(c) (providing that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party").

> FN2. Section 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

*2 Strictly construed, Schimming's motion argues that he should be able to represent RP's interests. This is an argument the Magistrate Judge properly rejected. *See Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F.Supp.2d 986, 990 (D.Minn.1999) (stating that "sole shareholders of *corporations* are prohibited from representing such corporations *pro se*") (emphasis added). It is incumbent upon the Court, however, to construe *pro se* motions liberally. *See Stone v. Harry*, 364 F.3d 912 (8th Cir.2004). Similar to the sole proprietor in *Buena Vista*, it is evident that because Schimming assumed RP's assets via dissolution, he intends to substitute himself for RP in the action. The Magistrate Judge did not address the propriety of such a substitution under the discretionary standard of Rule 25(c). As Schimming is individually asserting several claims against the defendants, which will continue with or without the breach of contract claim, the Court, in its discretion, finds substitution in this case appropriate and reverses the Magistrate Judge's order in so far as he held that Schimming could bring the breach of contract claim.

ORDER

Based on the foregoing, all the records, files, and proceedings herein, IT IS HEREBY ORDERED that plaintiff's appeal [Docket No. 41] is GRANTED and the portion of the Magistrate Judge's March 3, 2005 Order denying Schimming's *pro se* Motion for Self Representation seeking to represent RP, Inc. as a corporation [Docket No. 39] is REVERSED.

D.Minn.,2005.
RP, Inc. v. Liefschultz
Not Reported in F.Supp.2d, 2005 WL 1432224 (D.Minn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.