# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4635

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

LEE F. GROSSMAN
PAUL C. GIBBONS
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN
NICHOLAS M. DUDZIAK
KAREN L. BLOUIN
LAURA A. KENNEALLY
TAHITI ARSULOWICZ

OF COUNSEL:
THOMAS G. SCAVONE

April 17, 2008

### *Via Facsimile: (612-664-5897)*

The Honorable Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

    Re:    <u>Timebase v. Thomson; Case Nos. 07CV1687 and 07CV4551</u>

Dear Judge Ericksen:

    This addresses Mr. Gross's letter of April 1 to the Court about the reexamination of the '592 patent. The office action should not alter the analysis leading to Magistrate Judge Graham's decision to deny a stay in the 4551 case (about the '228 patent) and lift the stay in the 1687 case (about the '592 patent, now in reexamination).

    Magistrate Judge Graham's orders concerning the stay of this litigation contemplated that the Patent Office would issue an office action in the '592 reexamination. Thus, the orders were not predicated on the absence of action by the PTO. Instead, she assumed the Patent Office would issue some action, but decided that there was insufficient reason to continue the stay because it was "too slim a reed" to assume that TimeBase would make a statement affecting the claims of the '228 patent. The orders were not predicated upon the content of any office action, either. Rather, Judge Graham leaned toward Thomson's point of view; the only way TimeBase would be responding, and saying anything at all, was if the Patent Office had first rejected the claims.

    The reexamination was initiated with three references, and arguments made in the European Patent Office. But the office action provided with Mr. Gross's letter rejects claims even based upon only one reference, an article. Thus, the scope of the '592 reexamination is narrower than was the case when Judge Graham made her decision.

The office action has no bearing on the '228 patent. The references cited in the reexamination request have been considered by the examiner of the '228 patent. Nor does the office action alter the analysis of prejudice or efficiency in conducting these cases.

Sincerely,

Joseph N. Hosteny

JNH:sb
cc: David J.F. Gross (*via facsimile:* 612-766-1600)