# Exhibit 1
# To Third Declaration of Joseph N. Hosteny



European Patent Office
10958 BERLIN
GERMANY
Tel. +49 (0)30 25901 - 0
Fax +49 (0)30 25901 - 840

Ryan, Anne Mary
c/o Anne Ryan & Co.
60 Northumberland Road
Ballsbridge
Dublin 4
IRLANDE

**For any questions about this communication:**
Tel.:+31 (0)70 340 45 00

| Date |
|---|
| 27-02-2008 |

| Reference | Application No./Patent No. |
|---|---|
| P99-45-EP | 98901249.7 - 1527 |
| Applicant/Proprietor | |
| Time Base Pty. Limited | |

## Summons to attend oral proceedings pursuant to Rule 115(1) EPC

You are hereby summoned to attend oral proceedings arranged in connection with the above-mentioned European patent application.

The matters to be discussed are set out in the communication accompanying this summons (EPO Form 2906).

The oral proceedings, which will not be public, will take place before the Examining Division.

> on 20.05.08 at 09.30 hrs, EPO Dienststelle
> Berlin, Gitschiner Str. 103, D-10969 Berlin

No changes to the date of the oral proceedings can be made, except on serious grounds (see OJ EPO 10/2000, 456).
If you do not appear as summoned, the oral proceedings may continue without you (R. 115(2) EPC).
Your attention is drawn to Rule 4 EPC, regarding the language of the oral proceedings, and to the OJ EPO 9/1991, 489, concerning the filing of authorisations for company employees and lawyers acting as representatives before the EPO.

**The final date for making written submissions and/or amendments (R. 116 EPC), is 18.04.08.**

The actual room number will be given to you by the porter in the foyer at the above EPO address. Room __1115__ is available as waiting room.

| 1st Examiner: | 2nd Member: | Chairman: |
|---|---|---|
| Polzer A | Lechenne L | Barieux M |

**For the Examining Division**

Annexes:
Confirmation of receipt (Form 2936)
Communication (EPO Form 2906)

The examination is being carried out on the **following application documents**:

**Description, Pages**
| | | | | |
|---|---|---|---|---|
| 1-3, 6-18, 20-89 | as originally filed | | | |
| 5, 19 | received on | 23.09.2005 | with letter of | 19.09.2005 |
| 4 | received on | 10.04.2007 | with letter of | 05.04.2007 |

**Claims, Numbers**
| | | | | |
|---|---|---|---|---|
| 1-58 | received on | 10.04.2007 | with letter of | 05.04.2007 |

**Drawings, Sheets**
| | |
|---|---|
| 1/15-15/15 | as originally filed |

The documents cited during the procedure and correspondence are denoted as follows:

D1: KIM H ET AL: "OOHS: AN OBJECT-ORIENTED HYPERMEDIA SYSTEM" 20TH ANNUAL INTERNATIONAL COMPUTER SOFTWARE AND APPLICATIONS CONFERENCE (COMPSAC), SEOUL, KR, 21 August 1996 (1996-08-21), - 23 August 1996 (1996-08-23) pages 496-501, XP000684382 IEEE COMP. SOC., LOS ALAMITOS, CA, US ISBN: 0-8186-7579-9

D2: ARNOLD-MOORE T ET AL: "The ELF data model and SGQL query language for structured document databases" SIXTH AUSTRALASIAN DATABASE CONFERENCE, ADC'95, ADELAIDE, AU, [Online] vol. 17, no. 2, 30 January 1995 (1995-01-30), - 31 January 1995 (1995-01-31) pages 17-26, XP002204886 Australian Computer Science Communications ISSN: 0157-3055 Retrieved from the Internet: URL:http://www.mds.rmit.edu.au/~tja/papers /index.html> [retrieved on 2002-07-05]

D3: PROMENSCHENKEL G: "STEPS: toward a new aera in electronic publishing" OCLC NEWSLETTER, 1995,

D4: MAIOLI C ET AL: "Versioning Issues in a Collaborative Distributed Hypertext System" TECHNICAL REPORT UNIVERSITA DI BOLOGNA UBLCS-93-6, [Online] April 1993 (1993-04), BOLOGNA, IT Retrieved from the Internet: URL:http://www.cs.unibo.it/pub/TR/UBLCS/AB STRACTS/93.bib?ncstrl.cabernet//BOLOGNA-UB LCS-93-6> [retrieved on 2007-01-17]

D5: "Xsoft, A Division of Xerox" INTERNET CITATION, [Online] 1996, Retrieved from the Internet: URL:http://xml.coverpages.org/duCharme-sgm ldbms.html#ID18>

D6: "XSOFT PREMIERS ASTORIA; A SIMPLER WAY TO MANAGE 'MEGA-

DOCUMENTS'" INTERNET CITATION, [Online] 1996, Retrieved from the Internet: URL:http://www.highbeam.com/doc/1G1-180792 34.html>

D7: "Xsoft Astoria" INTERNET CITATION, [Online] 1996, Retrieved from the Internet: URL:http://www.architag.com/tag/Article.as p?v=10&i=4&p=8&s=1>

L1: letter of the applicant dated 25.09.2002
C1: communication of the EPO dated 28.01.2005, citing D1 and D2
R1: reply of the applicant dated 19.09.2005
T1: third party observation under Article 115 EPC received on 25.11.2006, citing D3
C2: communication of the EPO dated 25.01.2007, citing D4
R2: reply of the applicant dated 26.01.2007
R3: reply of the applicant dated 05.04.2007
T2: third party observation under Article 115 EPC received on 18.04.2007, citing D5, D6 and D7
R4: reply of the applicant dated 25.06.2007

In accordance with the applicant's request in R1 and because the examining division considers it expedient, the applicant is hereby invited to attend oral proceeding on the time and date set forth in the attached summons.

1. The application does not meet the requirements of Article 52(1) EPC, because the subject-matter of the claims is not new in the sense of Article 54(1) and (2) EPC and/or does not involve an inventive step in the sense of Article 56 EPC.

1.1. The division is satisfied that documents D3, D5, D6 and D7 have been published before the date of priority of the application and therefore belong to the state of the art pursuant to Article 54(2) EPC. This has not been disputed by the applicant.

1.2. The document D5 discloses:

A computer-implemented system for publishing an electronic publication using text-based data (page 1 first paragraph), said computer-implemented system characterised by:
  a. a plurality of predefined portions of text-based data (page 1 line 3 "components") with each predefined portion being stored,
  b. a plurality of linking means of a markup language (page 2 last paragraph);

    c.   means for modifying and storing at least one predefined portion (page 2 second paragraph),

    d.   means for encoding each predefined portion of said text-based data and said at least one modified predefined portion of text-based data with at least one linking means (page 2 second paragraph: "Astoria maintains revision information on individual elements, and past versions are always available", i.e. elements and their revised versions are connected by a "linking means" in the general sense of the word. The wide scope of "linking means" as employed in the claims has also been stressed by the applicant in R3 section 1.2 third paragraph); and

    e.   means for organising said plurality of predefined portions and said at least one modified predefined portion of said text-based data using a plurality of attributes, each attribute being a point on an axis of a multidimensional space (implicit in D5: "organising" data items by attributes in the general sense of the word, with the attribute values spanning up an abstract multidimensional space, is a standard feature of basically any database which cannot be seen as a technical feature. Attribute-based indexing and retrieval of elements and their revised versions is stressed in D5 page 2 fourth paragraph).

The subject-matter of **claim 1** is therefore not new.

In a stricter interpretation of the claimed features the skilled person might have to combine D5 with D7 as common disclosures of the Astoria system to arrive at all the features of the claim, see also section 1.3. This would render the claim novel, see the Guidelines, C-IV 9.1, however even in this case claim 1 would not involve an inventive step.

1.3.   With regard to applicant's arguments submitted with R4 the following is noted:

Contrary to applicant's argument, the division considers that "components" of the Astoria system as disclosed in D5 and D7 can very well be matched with "predefined portions" of the claims. D7 page 1 lines 10-13 enumerates examples of text components at different levels of text granularity which correspond to "portions of text-based data" as specified in the claim. The claimed feature of "predefined" portions cannot distinguish the claim over the prior art, in particular D7 page 1 lines 10-15 in which user designation of portions is repeatedly discussed. Even in a very strict interpretation of the term "predefined" the claim would therefore at least not

involve an inventive step over the prior art.

In case of the database containing a specific type of text with apparent subdivisions into portions (e.g. legislation with acts/regulations etc. as specified in the description of the application) it would be obvious and straightforward for the skilled person to define these subdivisions as the "predefined portions" of the claim, see also D2 page 17 right-hand column last two paragraphs. In addition, this cannot be seen as a technical feature which could possibly contribute of inventive step.

With regard to applicant's arguments in D4 page 4 third paragraph (exclusion of nested portions) and last paragraph (granularity of document portions for which revision information is maintained) it is noted that for assessing the allowability of the application, it is to be determined if the skilled person starting from the prior art would require an inventive step for arriving at all the features of the independent *claims*. Applicant's arguments appear to refer to features only disclosed or hinted at in the description, and therefore cannot support novelty and inventive step of the independent claims, and overcome the above objections.

The same applies to applicant's argument in D4 page 5 last paragraph: "Organising" of data is extremely broad and vague and cannot properly delimit the scope of protection of the claim to render it inventive over the prior art. In any case storing hypertext documents in relational databases with markup language attributes being stored as relational attributes is a commonplace technique in the art and would certainly not involve an inventive step for the skilled person starting from D5 and D7.

1.4. Dependent **claims 2-19** do not appear to contain any features which, in combination with the features of any claim to which they refer, meet the requirements of the EPC with respect to inventive step. The additional features specified in these claims appear either to be implementation details that are disclosed explicitly or implicitly in the cited prior art, or to be within the general common knowledge of the person skilled in the art starting from D5 and D7, or not to solve a technical problem, see also the comments under 2.3.

1.5. Computer readable recording medium **claims 20-39** and method **claims 40-58** contain features which correspond to features of claims 1-19. Therefore, the objections under 1.2, 1.3 and 1.4 apply to these claims *mutatis mutandis*.

2.  Furthermore, the application does not meet the requirements of Article 84 EPC, because the claims are not clear.

2.1. System claim 1, computer readable recording medium claim 20 and their dependent claims are not clear as features like "portions of text-based data" and "linking means of a markup language" cannot be part of a technical system or of a recording medium, making it difficult to determine the scope of protection. The claims could be rendered clear in this respect by reformulating them comprising means corresponding to the method steps of corresponding method claim 40.

2.2. With regard to claim 8 and corresponding claims, the feature of a linking means comprising "any piece of information" additional to the body of data is not clear.

   In response to a clarity objection to claim 8 in C2 section 1.2 the applicant has argued in R3 section 1.2 that "linking means" according to the application and the claim goes beyond conventional hyperlinks. While this may be the case, the term "comprises any piece of information..." with respect to a "linking means" is still considered to be extremely vague and not readily understood by the skilled person. As far as possible, the wording of the claims should be understandable on its own without referring to the description, for the reasons given in the Guidelines, C-III 4.2.

3.  When preparing for oral proceedings the following should be noted:

3.1. The applicant's attention is drawn to the provisions of Rule 116 EPC concerning the time limit for making written submissions and amendments in preparation for the oral proceedings. Rule 137(3) EPC may be invoked by the examining division to reject any further amendments to the application which prima facie do not appear to overcome the deficiencies mentioned above.

3.2. When amending the application care should be taken **not to add subject-matter which extends beyond the content of the application as originally filed** (Article 123(2) EPC).

3.3. Should the applicant decide not to attend the oral proceedings, early notice is kindly requested.