# Exhibit 2
# To Third Declaration of
# Joseph N. Hosteny

increased. Items provided in easily reproducible form have thus become "printed publications" as the phrase is used in 35 U.S.C. 102. *In re Wyer*, 655 F.2d 221, 226, 210 USPQ 790, 794 (CCPA 1981) (Laid open Australian patent application held to be a "printed publication" even though only the abstract was published because it was laid open for public inspection, microfilmed, "diazo copies" were distributed to five suboffices having suitable reproduction equipment and the diazo copies were available for sale.). The contents of a foreign patent application should not be relied upon as prior art until the date of publication (i.e., the insertion into the laid open application) can be confirmed by an examiner's review of a copy of the document. See MPEP § 901.05.

### IV. PENDING U.S. APPLICATIONS

As specified in 37 CFR 1.14(a), all pending U.S. applications are preserved in confidence except for published applications, reissue applications, and applications in which a request to open the complete application to inspection by the public has been granted by the Office (37 CFR 1.11(b)). However, if an application that has not been published has an assignee or inventor in common with the application being examined, a rejection will be proper in some circumstances. For instance, when the claims between the two applications are not independent or distinct, a provisional double patenting rejection is made. See MPEP § 804. If the copending applications differ by at least one inventor and at least one of the applications would have been obvious in view of the other, a provisional rejection over 35 U.S.C. 102(e) or 103 is made when appropriate. See MPEP § 706.02(f)(2), § 706.02(k), § 706.02(l)(1), and § 706.02(l)(3).

See MPEP § 706.02(a), § 804 and § 2136 *et seq.* for information pertaining to rejections relying on U.S. application publications.

## 2128 "Printed Publications" as Prior Art [R-5]

### A REFERENCE IS A "PRINTED PUBLICATION" IF IT IS ACCESSIBLE TO THE PUBLIC

A reference is proven to be a "printed publication" "upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it." *In re Wyer*, 655 F.2d 221, 210 USPQ 790 (CCPA 1981) (quoting *I.C.E. Corp. v. Armco Steel Corp.*, 250 F. Supp. 738, 743, 148 USPQ 537, 540 (SDNY 1966)) ("We agree that 'printed publication' should be approached as a unitary concept. The traditional dichotomy between 'printed' and 'publication' is no longer valid. Given the state of technology in document duplication, data storage, and data retrieval systems, the 'probability of dissemination' of an item very often has little to do with whether or not it is 'printed' in the sense of that word when it was introduced into the patent statutes in 1836. In any event, interpretation of the words 'printed' and 'publication' to mean 'probability of dissemination' and 'public accessibility' respectively, now seems to render their use in the phrase 'printed publication' somewhat redundant.") *In re Wyer*, 655 F.2d at 226, 210 USPQ at 794.

See also *Carella v. Starlight Archery,* 804 F.2d 135, 231 USPQ 644 (Fed. Cir. 1986) (Starlight Archery argued that Carella's patent claims to an archery sight were anticipated under 35 U.S.C. 102(a) by an advertisement in a Wisconsin Bow Hunter Association (WBHA) magazine and a WBHA mailer prepared prior to Carella's filing date. However, there was no evidence as to when the mailer was received by any of the addressees. Plus, the magazine had not been mailed until 10 days after Carella's filing date. The court held that since there was no proof that either the advertisement or mailer was accessible to any member of the public before the filing date there could be no rejection under 35 U.S.C. 102(a).).

### ELECTRONIC PUBLICATIONS AS PRIOR ART

#### *Status as a "Printed Publication"*

An electronic publication, including an on-line database or Internet publication, is considered to be a "printed publication" within the meaning of 35 U.S.C. 102(a) and (b) provided the publication was accessible to persons concerned with the art to which the document relates. See *In re Wyer*, 655 F.2d 221, 227, 210 USPQ 790, 795 (CCPA 1981) ("Accordingly, whether information is printed, handwritten, or on microfilm or a magnetic disc or tape, etc., the one who wishes to characterize the information, in whatever form it may be, as a 'printed publication' * * * should

produce sufficient proof of its dissemination or that it has otherwise been available and accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents.'" (citations omitted).). See also *Amazon.com v. Barnesandnoble.com*, 73 F. Supp. 2d 1228, 53 USPQ2d 1115, 1119 (W.D. Wash. 1999) (Pages from a website were relied on by defendants as an anticipatory reference (to no avail), however status of the reference as prior art was not challenged.); *In re Epstein*, 32 F.3d 1559, 31 USPQ2d 1817 (Fed. Cir. 1994) (Database printouts of abstracts which were not themselves prior art publications were properly relied as providing evidence that the software products referenced therein were "first installed" or "released" more than one year prior to applicant's filing date.).

The Office policy requiring recordation of the field of search and search results (see MPEP § 719.05) weighs in favor of finding that Internet and on-line database references cited by the examiner are "accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents." *Wyer*, 655 F.2d at 221, 210 USPQ at 790. Office copies of an electronic document must be retained if the same document may not be available for retrieval in the future. This is especially important for sources such as the Internet and online databases.

*Date of Availability*

Prior art disclosures on the Internet or on an on-line database are considered to be publicly available as of the date the item was publicly posted. *>Absent evidence of the date that the disclosure was publicly posted, if< the publication >itself< does not include a publication date (or retrieval date), it cannot be relied upon as prior art under 35 U.S.C. 102(a) or (b)*>. However<, it may be relied upon to provide evidence regarding the state of the art. Examiners may ask the Scientific and Technical Information Center to find the earliest date of publication >or posting<. See MPEP § 901.06(a), paragraph IV. G.

*Extent of Teachings Relied Upon*

An electronic publication, like any publication, may be relied upon for all that it would have reasonably suggested to one having ordinary skill in the art. See MPEP § 2121.01 and § 2123. Note, however, that if an electronic document which is the abstract of a patent or printed publication is relied upon in a rejection under 35 U.S.C. 102 or 103, only the text of the abstract (and not the underlying document) may be relied upon to support the rejection. In situations where the electronic version and the published paper version of the same or a corresponding patent or printed publication differ appreciably, each may need to be cited and relied upon as independent references based on what they disclose.

*Internet Usage Policy*

See MPEP § 904.02(c) for the portions of the Internet Usage Policy pertaining to Internet searching and documenting search strategies. See MPEP § 707.05 for the proper citation of electronic documents.

**EXAMINER NEED NOT PROVE ANYONE ACTUALLY LOOKED AT THE DOCUMENT**

One need not prove someone actually looked at a publication when that publication is accessible to the public through a library or patent office. See *In re Wyer*, 655 F.2d 221, 210 USPQ 790 (CCPA 1981); *In re Hall*, 781 F.2d 897, 228 USPQ 453 (Fed. Cir. 1986).

## 2128.01 Level of Public Accessibility Required [R-3]

### I. A THESIS PLACED IN A UNIVERSITY LIBRARY MAY BE PRIOR ART IF SUFFICIENTLY ACCESSIBLE TO THE PUBLIC

A doctoral thesis indexed and shelved in a library is sufficiently accessible to the public to constitute prior art as a "printed publication." *In re Hall*, 781 F.2d 897, 228 USPQ 453 (Fed. Cir. 1986). Even if access to the library is restricted, a reference will constitute a "printed publication" as long as a presumption is raised that the portion of the public concerned with the art would know of the invention. *In re Bayer*, 568 F.2d 1357, 196 USPQ 670 (CCPA 1978).

In *In re Hall*, general library cataloging and shelving practices showed that a doctoral thesis deposited in university library would have been indexed, cataloged and shelved and thus available to the public before the critical date. Compare *In re Cronyn,* 890 F.2d 1158, 13 USPQ2d 1070 (Fed. Cir. 1989) wherein doctoral theses were shelved and indexed by

index cards filed alphabetically by student name and kept in a shoe box in the chemistry library. The index cards only listed the student name and title of the thesis. Two of three judges held that the students' theses were not accessible to the public. The court reasoned that the theses had not been either cataloged or indexed in a meaningful way since thesis could only be found if the researcher's name was known, but the name bears no relationship to the subject of the thesis. One judge, however, held that the fact that the theses were shelved in the library was enough to make them sufficiently accessible to the public. The nature of the index was not determinative. This judge relied on prior Board decisions (*Gulliksen v. Halberg,* 75 USPQ 252, 257 (Bd. App. 1937) and *Ex parte Hershberger*, 96 USPQ 54, 56 (Bd. App. 1952)), which held that shelving a single copy in a public library makes the work a "printed publication." It should be noted that these Board decisions have not been expressly overruled but have been criticized in other decisions. See *In re Tenney,* 254 F.2d 619, 117 USPQ 348 (CCPA 1958) (concurring opinion by *J.Rich*) (A document, of which there is but one copy, whether it be handwritten, typewritten or on microfilm, may be technically accessible to anyone who can find it. Such a document is not "printed" in the sense that a printing press has been used to reproduce the document. If only technical accessibility were required "logic would require the inclusion within the term [printed] of all unprinted public documents for they are all 'accessible.' While some tribunals have gone quite far in that direction, as in the 'college thesis cases' I feel they have done so unjustifiably and on the wrong theory. Knowledge is not in the possession *of the public* where there has been no dissemination, as distinguished from technical accessibility..." The real significance of the word "printed" is grounded in the "*probability* of wide circulation."). See also *Deep Welding, Inc. v. Sciaky Bros.*, 417 F.2d 1227, 163 USPQ 144 (7th Cir. 1969) (calling the holding of *Ex parte Hershberger* "extreme"). Compare *In re Bayer,* 568 F.2d 1357, 196 USPQ 670 (CCPA 1978) (A reference will constitute a "printed publication" as long as a presumption is raised that the portion of the public concerned with the art would know of the invention even if accessibility is restricted to only this part of the public. But accessibility to applicant's thesis was restricted to only three members of a graduate committee. There can be no presumption that those concerned with the art would have known of the invention in this case.).

## II. ORALLY PRESENTED PAPER CAN CONSTITUTE A "PRINTED PUBLICATION" IF WRITTEN COPIES ARE AVAILABLE WITHOUT RESTRICTION

A paper which is orally presented in a forum open to all interested persons constitutes a "printed publication" if written copies are disseminated without restriction. *Massachusetts Institute of Technology v. AB Fortia,* 774 F.2d 1104, 1109, 227 USPQ 428, 432 (Fed. Cir. 1985) (Paper orally presented to between 50 and 500 persons at a scientific meeting open to all persons interested in the subject matter, with written copies distributed without restriction to all who requested, is a printed publication. Six persons requested and obtained copies.).

## III. INTERNAL DOCUMENTS INTENDED TO BE CONFIDENTIAL ARE NOT "PRINTED PUBLICATIONS"

Documents and items only distributed internally within an organization which are intended to remain confidential are not "printed publications" no matter how many copies are distributed. There must be an existing policy of confidentiality or agreement to remain confidential within the organization. Mere intent to remain confidential is insufficient. *In re George*, 2 USPQ2d 1880 (Bd. Pat. App. & Inter. 1987) (Research reports disseminated in-house to only those persons who understood the policy of confidentiality regarding such reports are not printed publications even though the policy was not specifically stated in writing.); *Garret Corp. v. United States,* 422 F.2d 874, 878, 164 USPQ 521, 524 (Ct. Cl.1970) ("While distribution to government agencies and personnel alone may not constitute publication ... distribution to commercial companies without restriction on use clearly does."); *Northern Telecom Inc. v. Datapoint Corp.*, 908 F.2d 931, 15 USPQ2d 1321 (Fed. Cir. 1990) (Four reports on the AESOP-B military computer system which were not under security classification were distributed to about fifty organizations involved in the AESOP-B project. One document contained the legend "Reproduction or further dissemination is not authorized." The other docu-

ments were of the class that would contain this legend. The documents were housed in Mitre Corporation's library. Access to this library was restricted to those involved in the AESOP-B project. The court held that public access was insufficient to make the documents "printed publications.").

>

IV. PUBLICLY DISPLAYED DOCUMENTS CAN CONSTITUTE A "PRINTED PUB-LI-CATION" EVEN IF THE DURATION OF DISPLAY IS FOR ONLY A FEW DAYS AND THE DOCUMENTS ARE NOT DIS-SEMINATED BY COPIES OR INDEXED IN A LIBRARY OR DATABASE

A publicly displayed document where persons of ordinary skill in the art could see it and are not precluded from copying it can constitute a "printed publication," even if it is not disseminated by the distribution of reproductions or copies and/or indexed in a library or database. As stated in *In re Klopfenstein*, 380 F.3d 1345, 1348, 72 USPQ2d 1117, 1119 (Fed. Cir. 2004), "the key inquiry is whether or not a reference has been made 'publicly accessible.'" Prior to the critical date, a fourteen-slide presentation disclosing the invention was printed and pasted onto poster boards. The printed slide presentation was displayed with no confidentiality restrictions for approximately three cumulative days at two different industry events. 380 F.3d at 1347, 72 USPQ2d at 1118. The court noted that "an entirely oral presentation that includes neither slides nor copies of the presentation is without question not a 'printed publication' for the purposes of 35 U.S.C. § 102(b). Furthermore, a presentation that includes a transient display of slides is likewise not necessarily a 'printed publication.'" 380 F.3d at 1349 n.4, 72 USPQ2d at 1122 n.4. In resolving whether or not a temporarily displayed reference that was neither distributed nor indexed was nonetheless made sufficiently publicly accessible to count as a "printed publication" under 35 U.S.C. 102(b), the court considered the following factors: "the length of time the display was exhibited, the expertise of the target audience, the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied, and the simplicity or ease with which the material displayed could have been copied." 380 F.3d at 1350, 72 USPQ2d at 1120.

Upon reviewing the above factors, the court concluded that the display "was sufficiently publicly accessible to count as a 'printed publication.'" 380 F.3d at 1352, 72 USPQ2d at 1121.<

## 2128.02 Date Publication Is Available as a Reference

### DATE OF ACCESSIBILITY CAN BE SHOWN THROUGH EVIDENCE OF ROUTINE BUSINESS PRACTICES

Evidence showing routine business practices can be used to establish the date on which a publication became accessible to the public. Specific evidence showing when the specific document actually became available is not always necessary. *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 7 USPQ2d 1057 (Fed. Cir.), *cert. denied*, 988 U.S. 892 (1988) (Court held that evidence submitted by Intel regarding undated specification sheets showing how the company usually treated such specification sheets was enough to show that the sheets were accessible by the public before the critical date.); *In re Hall,* 781 F.2d 897, 228 USPQ 453 (Fed. Cir. 1986) (Librarian's affidavit establishing normal time frame and practice for indexing, cataloging and shelving doctoral theses established that the thesis in question would have been accessible by the public before the critical date.).

### A JOURNAL ARTICLE OR OTHER PUBLICATION BECOMES AVAILABLE AS PRIOR ART ON DATE OF IT IS RECEIVED BY A MEMBER OF THE PUBLIC

A publication disseminated by mail is not prior art until it is received by at least one member of the public. Thus, a magazine or technical journal is effective as of its date of publication (date when first person receives it) not the date it was mailed or sent to the publisher. *In re Schlittler*, 234 F.2d 882, 110 USPQ 304 (CCPA 1956).

## 2129 Admissions as Prior Art [R-6]

### I. ADMISSIONS BY APPLICANT CONSTITUTE PRIOR ART

A statement by an applicant >in the specification or made< during prosecution identifying the <u>work of</u>