# Exhibit 5
# Part 26
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

is received from a signature pad. Havlovick teaches, wherein the electronic signature is received from a signature pad (column 4, lines 50-55 and figure 10B (25)). It would have been obvious to one having ordinary skill in the art at the time of the Patent owner's invention to modify the teachings of Lockwood and Nishimura and include the electronic signature being received from a signature pad because it allows for a pen based input of a signature that is read by an x-y mapping and stored for printing on a document.

Regarding claim 53, 67, 81, and 95, Lockwood teaches, The automatic account processing system of claim 45 wherein said data processing system is further adapted to electronically deliver the documentation required by regulation to the applicant at the remote interface (column .15, lines 17-20).

Regarding claims 54, 68, 82, and 96, Lockwood and Nishimura failed to teach, The automatic account processing system of claim 45 wherein the remote interface is adapted to print the documentation required by regulation using an internal printer or through a printer port coupled to the remote interface. Havlovick teaches, wherein the remote interface is adapted to print the documentation required by regulation using an internal printer or through a printer port coupled to the remote interface (column 3, line 56 –column 4, line 2). It would have been obvious to one having ordinary skill in the art at the time the invention was made to have a remote interface is adapted to print the documentation required by regulation using an internal printer or through a printer port coupled to the remote interface and incorporate in Lockwood's terminal and Nishimura's

terminal with Havlovick's printing device because such an incorporation would allow Lockwood and Nishimura to have a means for the electronic printing of documents.

Regarding claims 55, 69, 83, and 97, Lockwood teaches, The automatic account processing system of claim 45 wherein said data processing system will not approve the account if acknowledgement of the documentation required by regulation by the applicant at the remote interface is not received (column 15, lines15-20).

Regarding claims 56, 70, 84, and 98, Lockwood teaches, The automatic account processing system of claim 45 wherein said data processing system is further adapted to open the account at the financial institution upon approval and if acknowledgement of the documentation required by regulation by the applicant at the remote interface is received (column 13, lines 33-54).

Regarding claims 57, 71, 85, 99, 101, 106, and 109, Lockwood teaches, The automatic account processing system of claim 45 wherein said data processing system is further adapted to effect a funds transfer to an account at a financial institution from the approved account (column 21, lines 43-47 and column 22, lines 13-65).

Regarding claims 58, 72, 86, 100, 102, 104, 107, and 110, Lockwood teaches, The automatic account processing system of claim 45 wherein said remote interface comprises a personal computer monitor (column 8, lines 65-66, column 12, lines 56-61, and fig. 7).

Regarding claim 103, 105, 108, and 111, Lockwood, Nishimura, and Havlovick failed to teach, The automatic account processing system of claim 1 wherein said data processing system is further adapted to send a copy of a negative determination letter

to the remote interface if establishment of the requested account was not approved.

Lockwood does teach asking the applicant if the applicant wants a hard copy of the loan

quotation and if the answer is negative final greetings are expressed (column 15,

lines28-36). Official notice is taken that sending a copy of a negative determination

letter to the remote interface if establishment of the requested account was not

approved is well known in the art of online loan applications. Therefore it would have

been obvious to one of ordinary skill in the art at the time of the Patent owner's

invention to modify the teachings of Lockwood, Nishimura, and Havlovick and include

sending a copy of a negative determination letter to the remote interface if

establishment of the requested account was not approved because this is a more

economical and efficient means to let the applicant to know the requested account was

not approved and why the credit was denied.

### *Conclusion*

11.    The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

"Part III: Examination Procedures Approved Loans" disclosed the equal credit

opportunity act and the truth in lending act.

"Truth in Lending Act" disclosed regulations Z and M.

"What Every Advertiser Needs to Know About Advertising Law! Statutes Relating

to FTC's Consumer Protection Mission" discloses the Truth in Lending Act (15 U.S.C.

1601-1667f, as amended) and the Equal Credit Opportunity Act (15 U.S.C. 1691-1691f,

as amended).

"Office of Thrift Supervision: Thrift Bulletin: Handbook: Compliance Activities:

Subject: Equal Credit Opportunity Act: Federal Reserve Board Amends Regulation B"

discloses Regulation B and the Equal Credit Opportunity Act for Business Credit.

In order to ensure full consideration of any amendments, affidavits or

declarations, or other documents as evidence of patentability, such documents must be

submitted in response to this Office action. Submissions after the next Office action,

which is intended to be a final action, will be governed by the requirements of 37

CFR 1.116, which will be strictly enforced.

The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. US 6,105,007 throughout the course of this

reexamination proceeding. The third party requester is also reminded of the ability to

similarly apprise the Office of any such activity or proceeding throughout the course of

this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).

Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR

1.550(c).

As to the Requester's proposed rejections, regarding independent claim 1 of the

'007 Patent being Obvious under 35 U.S.C. 103 Over Lockwood and/or the

Combination of Nishimura and Lockwood. It was determined that Claim 1 read on

Lockwood alone. Lockwood has an automatic account processing system, a remote

interface, allows an applicant to remotely request an account, receive data, a data

processing system with a memory with establishment criteria bearing on the ability and

willingness of an applicant to comply with account requirements for establishing and

holding an account at a financial institution based on data obtained from an applicant

about the applicant obtained from a database, a communication network, without

human assistance, the data processing system is capable of receiving data from the

applicant at a remote interface, access at least one database for information, verify the

applicant's identity, compare certain information received from the applicant and certain

information received from a database concerning the applicant's ability and willingness

to comply with the account requirements, and to send the result to a remote applicant

interface informing the applicant whether the requested account was approved. It was

further determined that Lockwood alone read on claims 2-4, 19-23, 35, 37, 39, and 42.

The Nishimura Translation could have been used to reject claims 1-4, 19-23, 35, 37, 39

and 42. However, the Lockwood reference was considered to be a better reference for

the reasons discussed above.

As per the proposed rejection of independent claims 19, 35, 37, 39 and 42 being

obvious under 35 U.S.C. 103 over Lockwood and/or the Combination of Nishimura and

Lockwood, Lockwood was considered to be a better reference alone than the

combination of Nishimura and Lockwood because Lockwood teaches the limitations of these claims alone.

As per the proposed rejection of dependent claims 2-10, 16, and 18 being obvious in view of Lockwood alone or in combination with Nishimura, Lockwood was selected as the better reference for claims 2-4 alone and claims 5-10 were rejected under Lockwood in view of Nishimura or the Nishimura translation which was considered a better selection for teaching the claim limitations of claims 5-10. As for claims 16 and 18, Lockwood and Nishimura or the Nishimura Translation in view of Havlovick was considered a better combination for teaching the claim limitations of claims 16 and 18.

As per the proposed rejection of dependent claims 11-15, 17, 26-29, and 31 as being obvious over Lockwood and/or Nishimura in combination with Havlovick do teach the claim limitations of claims 11-15, 17, 26-29, and 31.

As per the proposed rejection of independent claims 1, 19, 35, 39, and 42 being obvious under 35 U.S.C. 103 over the combination of Lockwood, Nishimura, and Keen, the Lockwood reference alone was interpreted to teach all of the claim limitations of claims 1, 19, 35, 39, and 42.

As per the proposed rejection of independent claims 1, 19, 35, 37, 39, and 42 being obvious under 35 U.S.C. 103 over the combination of Lockwood, Nishimura, and Jones I, the Lockwood reference alone as discussed above was selected to reject these independent claims.

As per the proposed rejection of independent claims 1, 19, 35, 37, 39, and 42 being obvious under 35 U.S.C. 103 over Klesse along or in combination with Lockwood and/or Nishimura, the Lockwood reference alone as discussed above was selected to reject these independent claims.

As per the proposed rejection of independent claims 1, 19, 35, 37, 39, and 42 being obvious under 35 U.S.C. 103 over the combination of Lockwood, Nishimura, and Jones II, the Lockwood reference alone as discussed above was selected to reject these independent claims. However, the Keen, the Jones I, the Jones II, and the Klesse references could have been applied in a 35 U.S.C. 103 rejection against claims 1, 19, 35, 37, 39, and 42 in combination with the Lockwood and Nishimura references. However, Lockwood alone was still considered a better reference according to the features taught.

As per the proposed rejection of dependent claims 3 and 23 being obvious under 35 USC 103 over the combination of Lockwood and/or Nishimura and Kight, Lockwood alone was applied because it was interpreted that Lockwood alone teaches the limitations of claims 3 and 23. Therefore, Lockwood was considered to be a better reference than the combination of Lockwood and/or Nishimura and Kight.

### Inquiries

12.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ella Colbert whose telephone number is 703-308-7064. The examiner can normally be reached on Monday-Thursday, 6:30AM-5:00PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Vincent Millin can be reached on 703-308-1038. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

E. Colbert
June 11 , 2005

**VINCENT MILLIN**
**SUPERVISORY PATENT EXAMINER**
**TECHNOLOGY CENTER 3600**



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P O Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO | CONFIRMATION NO |
|---|---|---|---|---|
| 90/006,983 | 03/26/2004 | 6105007 | 1835.023REX0 | 6695 |

27820      7590      06/18/2004

WITHROW & TERRANOVA, P.L.L.C.
P.O. BOX 1287
CARY, NC 27512

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 06/18/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Order Granting / Denying Request For Ex Parte Reexamination** | 90/006,983 | 6105007 |
| | Examiner | Art Unit | |
| | Ella Colbert | 3624 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>26 March 2004</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO-1449,    c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

         RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

     a) ☐   by Treasury check or,

     b) ☐   by credit to Deposit Account No. _____, or

     c) ☐   by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U S Patent and Trademark Office
PTOL-471 (Rev. 04-01)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 5

## DETAILED ACTION

### *Reexamination Decision*

1.      A substantial new question of patentability affecting claims 1-44 of the

MercExchange United States Patent Number 6,105,007 is raised by the request for

reexamination.


2.      A) The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art Japanese Laid-Open Patent

Application No. H04-195256 to Hiroshi Nishimura (the Nishimura  or Nishimura

Translation).


     B) The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art reference U.S. Patent No.

5,576,951 to Lockwood (the Lockwood patent).


     C) The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art reference U.S. Patent No.

5,475,403 to Havlovick et al. (the Havlovick patent).


     D) The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art reference U.S. Patent No.

5,774,882 to Keen et al. (the Keen patent).

E)  The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art reference U.S. Patent No.

5,383,113 to Kight et al. (the Kight patent).


F)  The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art  reference U.S. Patent No.

5,239,462 to Jones et al. (the Jones I patent).


G)  The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art reference U.S. Patent No.

5,583,760 to Klesse (the Klesse patent).


H)  The request indicates that Requester considers claims 1- 44 of the

MercExchange patent unpatentable over the prior art reference U.S. Patent No.

5,797,133 to Jones et al. (the Jones II patent.


I)      The request indicates that Requester considers claims 1-44 of the

MercExchange patent unpatentable over the prior art Abstract of Japanese Laid-Open

Patent Application No. H04-195256 (Nishimura Abstract).

**3.**     It is agreed that the consideration of the Japanese Laid-Open Patent (Nishimura

or Nishimura Translation), Lockwood patent, Havlovick patent, the Keen patent, the

Kight patent, the Jones I patent, the Klesse patent, the Jones II patent, and the Abstract

of Japanese Laid-Open Patent Nishimura references raises a substantial new question

of patentability as to claims 1-44 of the MercExchange Patent Number 6,105,007.

As pointed out on pages 6-32 of the request, the Lockwood patent and the

Nishimura Translation teaches an automatic account processing system for establishing

a financial account without human intervention for applicants located at a remote

interface, a host computer and a remote terminal for interfacing with an applicant, and

receiving data from an applicant. The Lockwood patent teaches an automatic financial

service accounts processing terminal system that can be used to establish a financial

account without intervention from any financial institution personnel, a communication

network, a data processing system, a verification of the applicant's identity, a terminal

that computes multiple scores such as debt ratio, debt to equity ratio, fixed assets to

debt, and other criteria devised by the financial institution to access the credit

worthiness of an applicant. The Havlovick patent teaches a device for printing checks

with relevant information and an electronic checkbook device capable of performing

several functions such as check number, to, amount, memo, balance, deposit,

withdrawal, register, menu, calculator, clear and enter.  The Keen patent teaches a data

processing system having criteria for the ability and willingness to comply with account

requirements and to repay a credit obligation based on the data obtained from an

applicant and the information obtained from a database.  Keen uses a system that

provides information on an application that has been scanned into the system and the

information accessed from on-line credit bureaus to make a determination whether to

approve or to deny a credit account and performs a comparison of certain information

received from an applicant and certain information. The Kight patent, teaches various

methods for providing funds to effectuate the payment of bills and electronic funds

transfer between accounts. The Jones I patent teaches an automated loan processing

system which includes a remote interface that receives data from an applicant. Jones I

also teaches a data processing system having establishment criteria based on

prescribed data obtained from an applicant and from a database containing information

about the applicant's identity, ability and willingness to comply with account

requirements. The Klesse patent teaches a data processing system for establishing

charge accounts without human intervention and adapted to receive data from an

applicant at a remote interface and access to a database of information relevant to the

applicant's identity, ability and willingness to comply with the account requirements.

The Jones II patent teaches a data processing system with criteria based on prescribed

data obtained from an applicant and from a database containing information about the

applicant relevant to the ability and willingness of the applicant to comply with the

account requirements. The Nishimura (Abstract) teaches opening an account by a

customer without the presence of a clerk, a verification of identity (password number)

and an interface.

Therefore, there is substantial likelihood that a reasonable examiner would consider the teachings of these references important in deciding whether or not the claims under re-examination are patentable.

4.    Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in reexamination proceedings are provided for in 37 CFR 1.550(c).

5.    The paten owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,105,007 throughout the course of this reexamination's proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity of proceeding throughout the course of this reexamination proceeding. See MPEP 2207, 2282 and 2286.

## Conclusion

6.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ella Colbert whose telephone number is 703-308-7064. The examiner can normally be reached on Monday-Thursday from 6:30 am -5:00 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Vincent Millin can be reached on 703-308-1038.

E. Colbert

Art Unit 3624

June 15, 2004



**Sterne Kessler
Goldstein Fox**

ATTORNEYS AT LAW

Robert Greene Sterne
Edward J. Kessler
Jorge A. Goldstein
David K.S. Cornwell
Robert W. Esmond
Tracy-Gene G. Durkin
Michele A. Cimbala
Michael B. Ray
Robert E. Sokohl
Eric K. Steffe
Michael Q. Lee
Steven R. Ludwig
John M. Covert
Linda E. Alcorn
Robert C. Millonig
Lawrence B. Bugaisky
Donald J. Featherstone
Michael V. Messinger

Judith U. Kim
Timothy J. Shea, Jr
Patrick E. Garrett
Heidi L. Kraus
Edward W. Yee
Albert L. Ferro*
Donald R. Banowit
Peter A. Jackman
Molly A. McCall
Teresa U. Medler
Jeffrey S. Weaver
Kendrick P. Patterson
Vincent L. Capuano
Eldora Ellison Floyd
Thomas C. Fiala
Brian J. Del Buono
Virgil Lee Beaston
Kimberly N. Reddick

Theodore A. Wood
Elizabeth J. Haanes
Joseph S. Ostroff
Frank R. Cottingham
Christine M. Lhulier
Rae Lynn Prengaman
Jane Shershenovich*
Lawrence J. Carroll*
George S. Bardmesser
Daniel A. Klein*
Jason D. Eisenberg
Michael D. Specht
Andrea J. Kamage
Tracy L. Muller*
LuAnne M. Yuricek*
John J. Figueroa
Ann E. Summerfield
Tiera S. Coston*

Aric W. Ledford*
Eric D. Hayes

Registered Patent Agents*
Karen R. Markowicz
Nancy J. Leith
Helene C. Carlson
Gaby L. Longsworth
Matthew J. Dowd
Aaron L. Schwartz
Mary B. Tung
Katrina Y. Pei Quach
Bryan L. Skelton
Robert A. Schwartzman
Timothy A. Doyle
Jennifer R. Mahalingappa
Teresa A. Colella
Jeffrey S. Lundgren

Victoria S. Rutherford
Eric D. Hayes

Of Counsel
Kenneth C. Bass III
Evan R. Smith

*Admitted only in Maryland
* Admitted only in Virginia
•Practice Limited to
  Federal Agencies





6548   U.S. PTO
**90006983**

03/26/04

March 26, 2004



i6548   U.S. PTO

03/26/04

*WRITER'S DIRECT NUMBER:*
(202) 772-8677
*INTERNET ADDRESS:*
RSOKOHL@SKGF.COM

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

*Mail Stop Reexam*

Re:     U.S. Patent No. 6,105,007
Issued: August 15, 2000
For:    **Automatic Financial Account Processing System**
Inventor:     Jeffrey A. Norris
Our Ref:     1835.023REX0

Sir:

Transmitted herewith for appropriate action are the following documents:

1.     Form PTO-2038 Credit Card Payment Form for:  $2,520.00 to cover:
       $2,520.00 Request for *Ex Parte* Reexamination Fee (37 C.F.R. §1.20(c)(1));

2.     Fee Transmittal Form (PTO/SB/17);

3.     Request for *Ex Parte* Reexamination Transmittal Form (PTO/SB/57);

4.     Request for Reexamination under 37 C.F.R. § 1.510;

5.     Copy of patent to be examined (U.S. Patent No. 6,105,007);

6.     Form PTO-1449 (1 sheet with 9 accompanying documents);

7.     Copy of letter to patentee's attorney evidencing service via Federal
       Express pursuant to 37 C.F.R. § 1.33(c); and

8.     Two (2) return postcards.

Commissioner for Patents
March 26, 2004
Page 2

It is respectfully requested that the attached postcard be stamped with the date of filing of these documents, and that it be returned to our courier. In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Robert Sokohl
Attorney for Applicant
Registration No. 36,013

RES/LAG/lam
Enclosures

239167.1

PTO/SB/XX (XX-XX)
Approved for use through 01/31/2004  OMB 0651-XXXX
U S Patent and Trademark Office, U S DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

6548   U.S. PTO

03/26/04

**Attorney Docket No.:**  1835.023REX0

**Date:**  March 26, 2004

1. [X]  This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number  6,105,007
issued  August 15, 2000 . The request is made by:

     [ ]  patent owner.      [X]  third party requester.

2. [X]  The name and address of the person requesting reexamination is:

     Ameritrade, Inc.

     4211 South 102nd Street

     Omaha, Nebraska  68127

3. [ ]      a.  A check in the amount of $_____ is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);

    [ ]      b.  The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1)
          to Deposit Account No. _____; or

    [X]      c.  Payment by credit card. Form PTO-2038 is attached.

4. [X]  Any refund should be made by [ ] check or [X] credit to Deposit Account No.  19-0036 .
     37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. [X]  A copy of the patent to be reexamined having a *double column format* on one side of a separate
paper is enclosed. 37 CFR 1.510(b)(4)

6. [ ]  CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table

7. [ ]  Nucleotide and/or Amino Acid Sequence Submission
*If applicable, all of the following are necessary.*

     a. [ ] Computer Readable Form (CRF)
     b. Specification Sequence Listing on:

         i. [ ]  CD-ROM (2 copies) or CD-R (2 copies); **or**
         ii. [ ]  paper

     c. [ ]  Statements verifying identity of above copies

8. [ ]  A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. [X]  Reexamination of claim(s)  1-44  is requested.

10. [X]  A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on
Form PTO-1449 or equivalent.

11. [X]  An English language translation of all necessary and pertinent non-English language patents and/or printed
publications is included.

[Page 1 of 2]

This collection of information is required by 37 CFR 1.510  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO
to process) an application  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14  This collection is estimated to take 2 hours to complete, including
gathering, preparing, and submitting the completed application form to the USPTO  Time will vary depending upon the individual case  Any comments on the
amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and
Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS
ADDRESS  SEND TO: **Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (06-03)
Approved for use through 01/31/2004. OMB 0651-0033
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

12. [X] The attached detailed request includes at least the following items:

    a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)

    b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. [ ] A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. [X] a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).

    The name and address of the party served and the date of service are:

    Benjamin S. Withrow

    Withrow & Terranova, P.L.L.C.

    201 Shannon Oaks Circle, Suite 200, Cary, NC 27512

    Date of Service: __March 26, 2004__ ; or

    [ ] b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the reexamination to:

    [X] Customer Number: **26111**

**OR**

| [ ] Firm or Individual Name | Sterne, Kessler, Goldstein & Fox P.L.L.C. | | | |
|---|---|---|---|---|
| Address (line 1) | | | | |
| Address (line 2) | | | | |
| City | | State | | Zip |
| Country | | | | |
| Telephone | | Fax | | |

16. [X] The patent is currently the subject of the following concurrent proceeding(s):

    [ ] a. Copending reissue Application No. _____

    [ ] b. Copending reexamination Control No. _____

    [ ] c. Copending Interference No. _____

    [X] d. Copending litigation styled:

    decisioning com v. Federated Dept Stores, et al., No. 3-03-01924-22 (D.S.C.), decisioning com v. Ameritrade Holding Corp., et al.,

    No. 3 03-2837-22 (D.S.C.), and Household Int'l Inc. v. decisioning com, No. 1.02CV01601 (D. Del)

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| _Authorized Signature_ | __March 26, 2004__ _Date_ | |
|---|---|---|
| __Robert Sokohl__ _Typed/Printed Name_ | __36,013__ _Registration No., if applicable_ | [ ] For Patent Owner Requester [X] For Third Party Requester |

THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re patent of: | Confirmation No.: TBD |
| Jeffrey A. Norris | Art Unit:   TBD |
| U.S. Patent No. 6,105,007 (*issued from Appl. No. 09/305,622*) | Examiner:   TBD |
| Issued: Aug. 15, 2000 (filed May 5, 1999) | Atty. Docket: 1835.023REX0 |
| For:   **Automatic Financial Account Processing System** | |

## Request for Reexamination under 37. C.F.R. §1.510

Sir:

Reexamination under 35 U.S.C. §§302-307 and 37 C.F.R. §1.510 is requested of United States patent number 6,105,007 which issued on August 15, 2000, to Jeffery A. Norris ("the '007 patent"). This patent is still enforceable.

I. <u>Claims for which reexamination is requested</u>

Reexamination is requested of claims 1-44 of the '007 patent in view of the following documents, which are also listed on the attached 1449:

(1)     Japanese Laid-Open Patent Application No. H04-195256 (Nishimura or Nishimura Translation)[1]

(2)     U.S. Patent No. 5,576,951 (Lockwood)

(3)     U.S. Patent No. 5,475,403 (Havlovick)

(4)     U.S. Patent No. 5,774,882 (Keen)

(5)     U.S. Patent No. 5,383,113 (Kight)

(6)     U.S. Patent No. 5,239,462 (Jones I)

(7)     U.S. Patent No. 5,583,760 (Klesse)

(8)     U.S. Patent No. 5,797,133 (Jones II)

(9)     Abstract of Japanese Laid-Open Patent Application No. H04-195256 (Nishimura Abstract)

II.     <u>Statement pointing out substantial new question of patentability</u>

The '007 patent is the third of three closely related patents, all stemming from U.S. Patent Application

---

[1]     Third Party Requester has provided a Certification of Translation from Berkeley Scientific Translation Service authenticating the submitted Japanese to English translation.

No. 08/113,205, filed on August 27, 1993 application ("the '205 application"). The USPTO previously granted a reexamination on both the first patent, U.S. Patent No. 5,870,721 ("the '721 patent"), and the second patent, U.S. Patent No. 5,940,811 ("the '811 patent") to issue from the '205 application, based on a subset of the prior art cited above. Both reexamination proceedings resulted in substantial amendments to the independent claims in both patents. (*See* Exhibit A, Reexamination Certificate of U.S. Patent No. 5,870,721; *See also*, '811 Reexamination File History, Supplemental Amendment, Paper No. 7). In fact, despite an amendment by the Patentee, the Examiner in the pending '811 reexamination proceeding is maintaining a rejection of all claims based on the Lockwood, Jones I, Keen, and/or Kight references. (*See* Exhibit B, Final Rejection issued on February 18, 2004). Because the claims of the '007 patent should be considered to be substantially identical[2] to the claims of the '721 and '811 patents, the same reasons warranting the grant of the reexamination requests for the '721 and '811 patents apply with equal, if not greater, force for the '007 patent. (*See* MPEP 2242)("if the Office has used the same or substantially identical prior art to reject the same or substantially identical claims in another application or patent under reexamination, this would be considered as being controlling in making a determination"). In addition, the evidence presented in this request that claims 1-44 of the '007 patent are not patentable over the newly cited prior art references further compels the grant of the present reexamination request. Therefore, as discussed in detail below, it is incontrovertible that a substantial new question of patentability exists based upon the above cited prior art references.

**A.**      ***Actions by Examiners and the Patentee during prosecution of the Reexaminations of the '721 and '811 patents are compelling evidence that a substantial new question of patentability exists based on the Lockwood, Jones I, Keen, Kight, and the Nishimura Abstract references.***

The decision by the USPTO to reject substantially identical claims in the '721 and '811 reexamination proceedings using Lockwood, Jones I, Keen, Kight, and the Nishimura Abstract is controlling in the determination of whether a substantial new question of patentability is raised for reexamination of the '007 patent. (*See* MPEP 2242). All three of these patents stemming from the '205 application relate to a common claimed invention - the computerized automation of common transactions that had long been performed manually.[3] In fact, in the final rejection issued on February 18, 2004, the Examiner in the '811 reexamination

---

[2]      Examiner is referred to Exhibit C which shows a comparison of claims from the '007 patent to claims of the '721 and '811 patents (as originally issued) to demonstrate that the claims of the '007 patent should be considered to be substantially identical to the claims of the '721 and '811 patents. In fact, Third Party Requester submits that the claims of the '007 patent are actually broader than the claims of the '721 and '811 patents.

[3]      Requester notes that since these patents claim mere automations of well-established and common transactions, there is a serious issue of patentability under *In re Venner et al.*, 120 U.S.P.Q. 192 (CCPA 1958)("[I]t is well settled that it is not 'invention' to broadly provide a mechanical or automatic means to replace manual activity which has accomplished the same result.") It is undisputed that all steps in the claims were performed manually before the

stated that "Lockwood, Jones [I] et al, Kight et al, or Keen et al, all disclose a closed loop financial transaction system substantially claimed and includes an automated closed loop loan processing methods *that facilitates a well known manual process* of a loan request." (Exhibit B, Final Rejection, pg. 8) (emphasis added).

The first patent, the '721 patent, was issued on February 9, 1999 after almost six years of prosecution with five rejections under 35 U.S.C. § 103 by at least four separate examiners. That patent was the subject of a separate June 16, 1999 reexamination (90/005,311). The second patent in this family, the '811 patent, was issued on August 17, 1999 after four rejections by at least two separate examiners on grounds of obviousness under 35 U.S.C. § 103. That patent is the subject of a pending reexamination (90/005,612) filed on April 27, 2000. The primary difference between the claims in the '721 and '811 patents and the '007 patent is that the claims in the '007 patent purport to cover "accounts" and not just loans which are the only type of transaction claimed in the '721 and '811 patents. However, the claims in the '007 patent are broader than the originally issued claims in the '007 and '811 patents since *approving a loan is a subset of establishing an account*. Exhibit C includes a comparison of representative independent claims from the '721 and '811 patents to representative independent claims of the '007 patent, illustrating the substantial similarity among the independent claims of all three patents.

### 1. A reexamination of the '007 patent can be properly based on the Lockwood, Keen, and Kight prior art documents.

Although the Lockwood, Keen, and Kight references were cited by the Patentee during prosecution of the '007 patent, the Examiner did not rely on these references to reject any claims nor does the written record include any discussion of these references. The fact that the Lockwood, Keen, and Kight references were disclosed in an Information Disclosure Statement filed on November 12, 1999 and later initialed by the Examiner is not determinative as to whether the references are available prior art for a reexamination proceeding. (*See* MPEP 2242) (stating that "the Office cannot presume that a prior art reference was previously relied upon or discussed in a prior Office proceeding if there is no basis in the written record to so conclude other than the examiner's initials or check mark on a PTO 1449 form, or equivalent, submitted with an information disclosure statement."). Thus, a reexamination can properly be based upon Lockwood, Keen, and Kight references alone or in combination with other references.

---

Patentee filed his patent application. The Patentee's so called contribution to the art was adding a computer for "closed loop" processing. This is not enough under *In re Venner*.

-4-

**2. The immediate amendment of substantially identical claims of the '721 patent by the Patentee in response to a reexamination request listing the Lockwood and Jones I references provides compelling evidence that a substantial question of patentability exists.**

The reexamination request for the '721 patent cited Lockwood, Jones I, Keen, and Kight, among other references (Reexamination Control No. 90/005,311). *Prior to* any action by the USPTO, the Patentee amended the claims of the '721 patent. During the reexamination proceedings, the Examiner rejected all the claims under 35 U.S.C. §103 as obvious, applying the Lockwood and Jones I references, and in a later office action, the abstract of the Nishimura reference. After numerous rejections, a telephone interview was held and the Supervisory Examiner agreed to issue a reexamination certificate including substantial amendments to every independent claim. (*See* Exhibit A, Reexamination Certificate of U.S. Patent No. 5,870,721, pp. 2-3). In the reasons for patentability, the Supervisory Examiner stated that "the critical feature in all these claims that is not specifically taught or rendered obvious by the prior art is that in the claimed closed loop, if the loan is approved, proceeds are issued without further instructions." The independent claims of the '007 patent do not contain the limitations that were deemed necessary by the USPTO to overcome the rejections issued in the '721 reexamination proceeding. Accordingly, the same arguments made by the Examiner in rejecting the claims of the '721 patent apply to the claims of the '007 patent. Consequently, at a minimum, the claims of the '007 patent must be amended to overcome the prior art as cited in the '721 reexamination proceedings.

Furthermore, during prosecution of the '007 patent, the Patentee failed to highlight to the Examiner the fact that a different Examiner relied upon the Lockwood, Keen, and Kight references during the co-pending reexamination of the '721 patent to reject substantially identical claims.[4] The Third Party Requester submits that had the Examiner of the '007 patent known that a different Examiner was rejecting substantially similar claims based on this art, and that an amendment was necessary to overcome this prior art, the '007 patent would not have issued. Accordingly, a reexamination proceeding is also supported by the substantial new question of patentability based on Lockwood alone and/or the combination of Lockwood, Keen, and Kight.

**3. The Final Rejection of substantially identical claims in the '811 by the USPTO in the '811 reexamination proceeding provides further compelling evidence that a substantial new question of patentability exists.**

The Patentee amended the independent claims of the '811 patent after the USPTO granted the reexamination request in an attempt to overcome the prior art. Notwithstanding this, the Examiner issued a *final rejection* of all the claims under 35 U.S.C. §103 as obvious, applying the Lockwood, Jones I, Keen, and Kight references. (*See* Exhibit B, Final Rejection, pp. 2-10).

---

[4]    The USPTO issued two office actions in the '721 reexamination proceeding and the Patentee filed two amendments to substantially identical claims prior to the issuance of the '007 patent.

Claims substantially identical to claims 1-20, 22-35, 37, 39, and 41-42 of the '007 patent were first filed in the '811 patent in an Amendment dated July 10, 1998. (*See* '811 File History, Paper No. 39). After two interviews with the Examiner of the '811 application, these claims were canceled from the '811 case based on the Examiner's belief that these claims were not patentable over the art of record. (*See* '811 File History, Interview Summary, Paper No. 43)("The Examiner called Mr. Withrow and discussed the degree to which the prior art rendered various claims obvious"). The '811 patent then issued without any further actions from the USPTO.

The canceled claims were subsequently filed in a continuation application (the '007 application) and reviewed by a *different* Examiner. In the first and only Office Action during prosecution of the '007 patent, the Examiner issued a rejection under the judicially created doctrine of obviousness-type double patenting over claims in the '811 patent stating that "although the conflicting claims are not identical, they are not patentably distinct from each other because all of the limitations of claims ... are taught in the issued patent with only obvious variations."[5] ('007 File History, Paper No. 3). Thus, the claims of the '007 patent are substantially identical to the claims of the '721 and '811 patent. Further, the amendment of the independent claims in the '811 patent during reexamination, coupled with the double patenting rejection, reinforces the argument that the claims of the '007 patent are unpatentable over the Lockwood, Jones I, Keen, and Kight references.

> **B.     *A substantial new question of patentability exists based upon the above cited references because the cited references, either alone or in combination, disclose each and every feature of the '007 patent and render claims 1-44 of the '007 patent unpatentable for obviousness under 35 U.S.C. §103.***

The above cited references, Nishimura Translation, Lockwood, Havlovick, Keen, Kight, Jones I, Klesse, and/or Jones II, are prior art documents for the '007 patent under 35 U.S.C. §102. A reexamination proceeding is supported by a substantial new question of patentability based on the combination of art that had been before the examiner during prosecution and art newly cited during the reexamination proceeding. (*In re Hiniker Co.*, 47 U.S.P.Q. 1523, 1527 (Fed. Cir. 1998); MPEP 2242). The Nishimura Translation[6], Havlovick, and Klesse references were not of record during the prosecution of the '007 patent. Although cited, as discussed above, the Lockwood, Keen, and Kight references were not relied upon to reject any claims, nor were they discussed in the written record. The above cited references are closer to the subject matter claimed

---

[5]     The '007 patent was issued after a terminal disclaimer was filed. The prosecution history of the '007 does not include any indication of consideration of the obviousness issues that have repeatedly resulted in rejections of the two related patents.

[6]     As noted, an abstract of Nishimura was before the Examiner in the '721 reexamination proceeding. This request relies on the full patent which includes additional highly relevant disclosures.