# Exhibit 5
# Part 31
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

**Ground #153.** The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732 and further in view of Bauman.

**Ground #154.** The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732 and further in view of Mentzelopoulous.

*Re. Claim 39*

**Ground #155.** The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Bauman and further in view of Levin.

**Ground #156.** The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Mentzelopoulous and further in view of Levin.

**Ground #157.** The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732, further in view of Bauman and further in view of Levin.

**Ground #158.** The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

**Ground #159.** The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732, further in view of Bauman and further in view of Levin.

**Ground #160.** The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

*Re. Claim 40*

**Ground #161.** The requester submits that claim 40 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

**Ground #162.** The requester submits that claim 40 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732.

**Ground #163.** The requester submits that claim 40 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732.

*Re. Claim 41*

**Ground #164.** The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Wood.

**Ground #165.** The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Berall.

**Ground #166.** The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732.

**Ground #167.** The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732.

### Re. Claim 42

**Ground #168.** The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Kantor.

**Ground #169.** The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Wood.

**Ground #170.** The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Berall.

**Ground #171.** The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732.

**Ground #172.** The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732.

### Re. Claim 43

**Ground #173.** The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Bauman.

**Ground #174.** The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Mentzelopoulous.

**Ground #175.** The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732 and further in view of Bauman.

**Ground #176.** The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732 and further in view of Mentzelopoulous.

**Ground #177.** The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732 and further in view of Bauman.

**Ground #178.** The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732 and further in view of Mentzelopoulous.


*Re. Claim 44*

**Ground #179.** The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Bauman and further in view of Levin.

**Ground #180.** The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Mentzelopoulous and further in view of Levin.

**Ground #181.** The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732, further in view of Bauman and further in view of Levin.

**Ground #182.** The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

**Ground #183.** The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732, further in view of Bauman and further in view of Levin.

**Ground #184.** The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

## PROPOSED THIRD PARTY REQUESTER'S REJECTIONS

### Proposed Third Party Requester Rejection: Ground #1

The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 1 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8).

This rejection of claim 1 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #2**

The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 1 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood. Wood teaches a laryngoscope that is used in intubation procedures comprised of a body and a handle 20 attached to the body (see Figs. 1 and 4). An elongate arm has a base portion (a region between the proximal end 16 and a point located distally of the proximal end 16) and a lifter portion (a region between the distal end 14 and a point located proximally of the distal end 14) (see Fig. 1). As broadly as claimed, the base portion and the lifter portion meet at a defined angle at elbow 34 (see Fig. 2). Furthermore, according to col. 3, lines 1-8 of Wood, the elbow 34 may be rather pronounced and definite, as in Fig. 2. The base portion is also operatively secured to the body at one end (see Fig. 2). Fig. 2 shows that the base portion has a first length that is long enough to extend through the patient's mouth and into the oropharynx (see also col. 1, lines 10-53). Fig. 2 also shows that the lifter portion has a distal end for insertion through the mouth and a second defined length that is long enough to extend into the laryngopharynx and operably engage the epiglottis (see also col. 2, lines 47-51). Col. 1, lines 49-51 teaches that the lifter portion has a distal end 14 that includes a smooth tip 18 for contacting the sensitive tissue in the patient's airway.

This rejection of claim 1 based on Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #3**

The requester submits that claim 1 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Berall.

The examiner disagrees with the third party requester's position. Requester submits that Berall teaches an elongate arm 17 having a base portion (proximal end 24) and a lifter portion (the region located proximally of tip 28 of distal end 25) where the base portion and the lifter portion meet at a defined angle (refer to page 4 of the request showing a schematic of Fig. 4 of Berall with a defined angle added). However, nowhere in the specification or Figures of Berall is an angle between portions of the arm 17 discussed or implied. The examiner also interprets Fig. 4 of Berall as not showing an angle between the base portion and the lifter portion, contrary to requester's schematic. It appears hat the tip 28 is provided with an angle or bevel, most likely to aid in the insertion of the blade. However, this angle or bevel does not constitute the angle recited in claim 1 of U.S. Patent No. 6,543,447, which is an angle between two portions of the laryngoscope blade. The angle or bevel of tip 28 is instead an angle upon itself. Accordingly, the device of Berall does not meet the claimed limitation.

This rejection of claim 1 based on Berall was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #4**

The requester submits that claim 1 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Wood.

Claim 1 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732

in view of Wood.

Col. 1, lines 49-51 of Wood teaches that the lifter portion has a distal end 14 that

includes a smooth tip 18 for contacting the sensitive tissue in the patient's airway.

Wood, thus demonstrates that providing a smooth surface in a laryngoscope so as not

to injure the patient is well known in the art. Accordingly, it would have been obvious for

one of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with a smooth surface on the lifter portion 28 so as not to

injure the patient during intubation.

This rejection of claim 1 based on GB '732 in view of Wood was proposed by the

third party requester in the request for reexamination and is being adopted essentially

as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #5**

The requester submits that claim 1 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Berall in view of Wood.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #3.

This rejection of claim 1 based on Berall in view of Wood was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #6**

The requester submits that claim 2 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 2 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a viewer (prism 10) positioned substantially near the area where the elongate base portion 27 meets the lifter portion 28 and the prism 10 is directed toward the distal end of lifter portion 28 to provide a view of the patient's anatomy (see page 3, lines 35-53 and Fig. 9 of GB '732).

This rejection of claim 2 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #7**

The requester submits that claim 2 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 2 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood. Wood teaches a viewer (image sensor 42) positioned substantially near the area where the base portion meets the lifter portion and the image sensor 42 is directed toward the

distal end 14 to provide a view of the patient's anatomy (see col. 1, lines 60-62, col. 3, lines 22-37 and Fig. 3 of Wood).

This rejection of claim 2 based on Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #8

The requester submits that claim 2 is unpatentable 35 U.S.C. § 102(b) as being anticipated by Berall.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 2 based on Berall was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #9

The requester submits that claim 2 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 2 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 2 is obvious under 35 U.S.C. § 103(a) for the same reasons as those described above in proposed Ground #4.

This rejection of claim 2 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #10

The requester submits that claim 2 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Wood.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 2 based on Berall in view of Wood was proposed by the third party requester in the request for reexamination and <u>is **not** being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #11

The requester submits that claim 3 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Ough.

Claim 3 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Ough.

Ough teaches a laryngoscope where the viewer is a telescope (see col. 6, lines 10-11 of Ough). Ough thus demonstrates that providing a telescope in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing

tissues during intubation. Accordingly, it would have been obvious for one of ordinary

skill in the art at the time the invention was made to provide the laryngoscope of GB

'732 with a telescope as the viewer in lieu of prism 10.

This rejection of claim 3 based on GB '732 in view of Ough was proposed by the

third party requester in the request for reexamination and is being adopted essentially

as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #12**

The requester submits that claim 4 is unpatentable under 35 U.S.C. § 102(b) as

being anticipated by Wood.

Claim 4 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood.

Wood teaches a that viewer (image sensor 42) may be a Complementary Metal Oxide

Semiconductor (CMOS) device (see col. 3, lines 53-57).

This rejection of claim 4 based on Wood was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.


**Proposed Third Party Requester Rejection: Ground #13**

The requester submits that claim 4 is unpatentable 35 U.S.C. § 102(b) as being

anticipated by Berall.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #3.

This rejection of claim 4 based on Berall was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #14**

The requester submits that claim 4 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Wood teaches that the viewer 24 in the laryngoscope may be a CMOS device (see col. 3, lines 53-57 of Wood. Wood thus demonstrates that providing a CMOS camera in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 4 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #15**

The requester submits that claim 4 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a CMOS camera as the viewer (see col. 5, lines 46-48).   Berall thus demonstrates that providing a CMOS camera in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art.  GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation.  Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 4 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #16**

The requester submits that claim 5 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 5 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood. Wood teaches that viewer (image sensor 42) may be a Charged Coupled Device (CCD) (see col. 3, lines 53-57).

This rejection of claim 5 based on Wood was proposed by the third party

requester in the request for reexamination and <u>is being adopted</u> essentially as proposed

in the request.


## Proposed Third Party Requester Rejection: Ground #17

The requester submits that claim 5 is unpatentable 35 U.S.C. § 102(b) as being

anticipated by Berall.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #3.

This rejection of claim 5 based on Berall was proposed by the third party

requester in the request for reexamination and <u>is **not** being adopted</u> essentially as

proposed in the request.


## Proposed Third Party Requester Rejection: Ground #18

The requester submits that claim 5 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Wood.

Claim 5 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732

in view of Wood.

Wood teaches that the viewer 24 in the laryngoscope may be a CCD device (see

col. 3, lines 53-57 of Wood). Wood thus demonstrates that providing a CCD in a

laryngoscope to view the patient's airway during an intubation procedure is well known

in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10)

for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CCD as the viewer in lieu of prism 10.

This rejection of claim 5 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #19**

The requester submits that claim 5 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 5 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a CCD as the viewer (see col. 5, lines 46-48). Berall thus demonstrates that providing a CCD in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CCD as the viewer in lieu of prism 10.

This rejection of claim 5 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #20**

The requester submits that claim 6 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 6 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a light (lamp 26) operably secured to the lifter portion 28 (see page 3, lines 10-16 and Figs. 7 and 8).

This rejection of claim 6 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #21**

The requester submits that claim 6 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 6 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood. Wood teaches a light (fiber optic bundles 46 or conventional light source) operably secured to the lifter portion (see col. 3, lines 51-53 and Fig 3).

This rejection of claim 6 based on Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #22

The requester submits that claim 6 is unpatentable 35 U.S.C. § 102(b) as being anticipated by Berall.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 6 based on Berall was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #23

The requester submits that claim 6 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 6 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 6 is obvious under 35 U.S.C. § 103(a) for the same reasons as those described above in proposed Ground #4.

This rejection of claim 6 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #24**

The requester submits that claim 6 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Wood.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 6 based on Berall in view of Wood was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #25**

The requester submits that claim 7 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Levin.

Claim 7 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 7 based on GB '732 in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #26**

The requester submits that claim 7 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Levin.

Claim 7 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 7 based on Wood in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #27**

The requester submits that claim 7 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 7 based on Berall in view of Levin was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #28**

The requester submits that claim 8 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 8 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood. Wood teaches a display (video processing unit) for viewing video output from the image sensor 42 (see col. 3, lines 57-61 of Wood).

This rejection of claim 8 based on Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #29**

The requester submits that claim 8 is unpatentable 35 U.S.C. § 102(b) as being anticipated by Berall.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 8 based on Berall was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #30**

The requester submits that claim 8 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Claim 8 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Kantor teaches that providing a display to view an image of the patient's airway on a video monitor 66 would facilitate the intubation process by giving the medical professional an improved observation of the airway (see Fig. 4, page 7, lines 6-15 and page 10, lines 21-23). Kantor thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Kantor.

This rejection of claim 8 based on GB '732 in view of Kantor was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #31**

The requester submits that claim 8 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 8 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Wood teaches that providing a display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Wood.

This rejection of claim 8 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #32**

The requester submits that claim 8 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 8 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Berall.

This rejection of claim 8 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #33**

The requester submits that claim 9 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 9 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood. Wood teaches a display (video processing unit) for viewing video output from the image sensor 42 that is remotely connected to the viewer (see col. 3, lines 57-61 of Wood).

This rejection of claim 9 based on Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #34**

The requester submits that claim 9 is unpatentable 35 U.S.C. § 102(b) as being anticipated by Berall.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 9 based on Berall was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #35**

The requester submits that claim 9 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Claim 9 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Kantor teaches that providing a display to view an image of the patient's airway on a remote video monitor 66 would facilitate the intubation process by giving the medical professional an improved observation of the airway (see Fig. 4, page 7, lines 6-15 and page 10, lines 21-23). Kantor thus demonstrates that providing a remote display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Kantor.

This rejection of claim 9 based on GB '732 in view of Kantor was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #36

The requester submits that claim 9 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 9 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Wood teaches that providing a remote display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a remote display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Wood.

This rejection of claim 9 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #37**

The requester submits that claim 9 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 9 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a remote display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a remote display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Berall.

This rejection of claim 9 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #38**

The requester submits that claim 10 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 10 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to