# Exhibit 5
# Part 32
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, which is within the claimed range.

This rejection of claim 10 based on GB '732 was proposed by the third party requester in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #39**

The requester submits that claim 10 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 10 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood in view of GB '732. GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, which is within the claimed range. GB '732 thus demonstrates that providing such an angle between the base portion and the lifter portion of a laryngoscope blade is well known and desirable in the art, for facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to make the blade of Wood such that an angle of between 5 degrees and 85 degrees between the base portion and the lifter portion is achieved. Furthermore, it is well settled that a change in the shape of

a prior art device is a design consideration within the skill of the art.  <u>In re Dailey</u>, 357

F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 10 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and <u>is being adopted</u>

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #40**

The requester submits that claim 10 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #3.

This rejection of claim 10 based on Berall in view of GB '732 was proposed by

the third party requester in the request for reexamination and <u>is **not** being adopted</u>

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #41**

The requester submits that claim 11 is unpatentable under 35 U.S.C. § 102(b) as

being anticipated by GB '732.

Claim 11 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732.

GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of

between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to

an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range.

This rejection of claim 11 based on GB '732 was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.

## Proposed Third Party Requester Rejection: Ground #42

The requester submits that claim 11 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732.

Claim 11 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood

in view of GB '732. GB '732 teaches that base portion 27 and lifter portion 28 meet at

an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33)

which corresponds to an exterior angle (i.e., a supplementary angle, which is the angle

referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62

and Figs. 7 and 8) of between 30 degrees and 60 degrees, which is within the claimed

range. GB '732 thus demonstrates that providing such an angle between the base

portion and the lifter portion of a laryngoscope blade is well known and desirable in the

art, for facilitating intubation. Accordingly, it would have been obvious for one of

ordinary skill in the art at the time the invention was made to make the blade of Wood

such that an angle of between 5 degrees and 85 degrees between the base portion and

the lifter portion is achieved. Furthermore, it is well settled that a change in the shape of

a prior art device is a design consideration within the skill of the art. <u>In re Dailey</u>, 357

F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 11 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and <u>is being adopted</u>

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #43**

The requester submits that claim 11 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #3.

This rejection of claim 11 based on Berall in view of GB '732 was proposed by

the third party requester in the request for reexamination and <u>is **not** being adopted</u>

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #44**

The requester submits that claim 12 is unpatentable under 35 U.S.C. § 102(b) as

being anticipated by GB '732.

Claim 12 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732.

GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of

between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to

an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, or at approximately 45 degrees, which is within the claimed range.

This rejection of claim 12 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #45**

The requester submits that claim 12 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 12 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood in view of GB '732. GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, or at approximately 45 degrees, which is within the claimed range. GB '732 thus demonstrates that providing such an angle between the base portion and the lifter portion of a laryngoscope blade is well known and desirable in the art, for facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to make the blade of Wood such that an angle of between 5 degrees and 85 degrees

between the base portion and the lifter portion is achieved. Furthermore, it is well

settled that a change in the shape of a prior art device is a design consideration within

the skill of the art. <u>In re Dailey</u>, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 12 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and <u>is being adopted</u>

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #46**

The requester submits that claim 12 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #3.

This rejection of claim 12 based on Berall in view of GB '732 was proposed by

the third party requester in the request for reexamination and <u>is **not** being adopted</u>

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #47**

The requester submits that claim 13 is unpatentable under 35 U.S.C. § 102(b) as

being anticipated by GB '732.

Claim 13 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732.

GB '732 teaches that lifter portion 28 is comprised of a forming component 24B, which

has a length of between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size

and age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed range encompasses these values.

This rejection of claim 13 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #48**

The requester submits that claim 13 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 13 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood in view of GB '732. GB '732 teaches that lifter portion 28 is comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed range encompasses these values. GB '732 thus demonstrates that providing such a length on a laryngoscope blade is well known and desirable in the art, for facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to make the blade of Wood with a length between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and age of the patient, in the manner disclosed by GB '732. Furthermore, it is well settled that a change in the shape of a prior art device is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 13 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #49

The requester submits that claim 13 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 13 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #50

The requester submits that claim 14 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 14 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches that lifter portion 28 is comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed range encompasses these values.

This rejection of claim 14 based on GB '732 was proposed by the third party requester in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #51**

The requester submits that claim 14 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 14 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood in view of GB '732. GB '732 teaches that lifter portion 28 is comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed range encompasses these values. GB '732 thus demonstrates that providing such a length on a laryngoscope blade is well known and desirable in the art, for facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to make the blade of Wood with a length between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and age of the patient, in the manner disclosed by GB '732. Furthermore, it is well settled that a change in the shape of a prior art device is a design consideration within the skill of the art. <u>In re Dailey</u>, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 14 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #52**

The requester submits that claim 14 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 14 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #53**

The requester submits that claim 15 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 15 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches that lifter portion 28 is comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm) and 90 mm (9 cm), and preferably 60 mm (6 cm) or 27 mm (2.7 cm), depending upon the size and age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed value is disclosed.

This rejection of claim 15 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #54**

The requester submits that claim 15 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 15 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood in view of GB '732. GB '732 teaches that base portion 28 is comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm) and 90 mm (9 cm), and preferably 60 mm (6 cm) or 27 mm (2.7 mm), depending upon the size and age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed value is disclosed. GB '732 thus demonstrates that providing such a length on a laryngoscope blade is well known and desirable in the art, for facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to make the blade of Wood with a length between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and age of the patient, in the manner disclosed by GB '732. Furthermore, it is well settled that a change in the shape of a prior art device is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 15 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #55**

The requester submits that claim 15 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 15 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #56**

The requester submits that claim 16 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 16 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches that base portion 28 is comprised of a forming component 24A, which has a length of between 40 mm and 120 mm, preferably between 60 mm and 85 mm, depending upon the size and age of the patient (see page 3, lines 10-16 and page 3, line 129 to page 4, line 1). The lifter portion 28 is comprised of a forming component 24B, which has a length of between 50 mm and 90 mm, preferably between 60 mm and 75 mm (see page 3, lines 10-16 and page 4, lines 3-6). At 60 mm, for example, the lifter portion 28 and the base portion 27 are substantially the same length.

This rejection of claim 16 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #57**

The requester submits that claim 16 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 16 is rejected as being unpatentable under 35 U.S.C. § 103(a) over Wood in view of GB '732. GB '732 teaches that base portion 28 is comprised of a forming component 24A, which has a length of between 40 mm and 120 mm, preferably between 60 mm and 85 mm, depending upon the size and age of the patient (see page 3, lines 10-16 and page 3, line 129 to page 4, line 1). The lifter portion 28 is comprised of a forming component 24B, which has a length of between 50 mm and 90 mm, preferably between 60 mm and 75 mm (see page 3, lines 10-16 and page 4, lines 3-6). At 60 mm, for example, the lifter portion 28 and the base portion 27 are substantially the same length (see page 3, lines 10-16 and page 4, lines 3-6). GB '732 thus demonstrates that providing a laryngoscope blade with a base portion and a lifter portion having substantially the same length is well known and desirable in the art, for facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to make the blade of Wood with the base portion and the lifter portion having substantially the same length. Furthermore, it is well settled that a change in the shape of a prior art device is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 16 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #58**

The requester submits that claim 16 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 16 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #59**

The requester submits that claim 17 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Claim 17 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally secured to the base portion 12 of the laryngoscope blade at a pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally

connected is well known in the art to increase the flexibility of the laryngoscope and

facilitate the intubation process. Accordingly, it would have been obvious for one of

ordinary skill in the art at the time the invention was made to provide the base portion 27

and lifter portion 28 of GB '732 with a pivotal connection, in the manner disclosed by

Bauman, to facilitate the intubation process.

This rejection of claim 17 based on GB '732 in view of Bauman was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #60**

The requester submits that claim 17 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Mentzelopoulous.

Claim 17 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds)

pivotally secured to the base portion (length L/3) at a pivot point ( see Figs. I-III, page

13, lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21,

lines 19-23).  Mentzelopoulous thus demonstrates that providing a laryngoscope blade

with two portions that are pivotally connected is well known in the art to increase the

flexibility of the laryngoscope and facilitate the intubation process.  Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made

to provide the base portion 27 and lifter portion 28 of GB '732 with a pivotal connection, in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 17 based on GB '732 in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #61

The requester submits that claim 17 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Bauman.

Claim 17 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Bauman.

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally secured to the base portion 12 of the laryngoscope blade at a pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the base portion and lifter portion of Wood with a pivotal connection, in the manner disclosed by Bauman, to facilitate the intubation process.

This rejection of claim 17 based on Wood in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #62**

The requester submits that claim 17 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Mentzelopoulous.

Claim 17 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds) pivotally secured to the base portion (length L/3) at a pivot point (see Figs. I-III, page 13, lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21, lines 19-23). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the base portion and lifter portion of Wood with a pivotal connection, in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 17 based on Wood in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #63**

The requester submits that claim 17 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Bauman.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 17 based on Berall in view of Bauman was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #64**

The requester submits that claim 17 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Mentzelopoulous.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 17 based on Berall in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #65**

The requester submits that claim 18 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Claim 18 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Bauman teaches a laryngoscope having a locking mechanism (push rod 33; serrated surfaces 37, 40) for actuating and holding the lifter portion (flexible tip 35) in a predetermined position about the pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 24-54). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected as well as means for locking the lifter portion in position is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the lifter portion 28 of GB '732 with a locking mechanism, in the manner disclosed by Bauman, to facilitate the intubation process.

This rejection of claim 18 based on GB '732 in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #66**

The requester submits that claim 18 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous.

Claim 18 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a locking mechanism (control lever 13 or 2) in cooperation with a system of four springs (12, 13, 5c' and 5d') for actuating and holding the lifter portion (distal two thirds) in a predetermined position about the pivot point (joint 1, 6 or 12) (see Figs. I-III). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected as well as means for locking the lifter portion in position is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the lifter portion 28 of GB '732 with a locking mechanism, in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 18 based on GB '732 in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #67**

The requester submits that claim 18 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Bauman.

Claim 18 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Bauman.

Bauman teaches a laryngoscope having a locking mechanism (push rod 33; serrated surfaces 37, 40) for actuating and holding the lifter portion (flexible tip 35) in a

predetermined position about the pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 24-54). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected as well as means for locking the lifter portion in position is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the lifter portion of Wood with a locking mechanism, in the manner disclosed by Bauman, to facilitate the intubation process.

This rejection of claim 18 based on Wood in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #68**

The requester submits that claim 18 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Mentzelopoulous.

Claim 18 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a locking mechanism (control lever 13 or 2) in cooperation with a system of four springs (12, 13, 5c' and 5d') for actuating and holding the lifter portion (distal two thirds) in a predetermined position about the pivot point (joint 1, 6 or 12) (see Figs. I-III). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with two portions that are pivotally

connected as well as means for locking the lifter portion in position is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the lifter portion of Wood with a locking mechanism, in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 18 based on Wood in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #69

The requester submits that claim 18 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Bauman.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 18 based on Berall in view of Bauman was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #70

The requester submits that claim 18 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of Mentzelopoulous.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #3.

This rejection of claim 18 based on Berall in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #71**

The requester submits that claim 19 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 19 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth

surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, which is within the claimed range.

This rejection of claim 19 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #72**

The requester submits that claim 19 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 19 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732. Wood teaches a laryngoscope that is used in intubation procedures comprised of a body and a handle 20 attached to the body (see Figs. 1 and 4). An elongate arm has a base portion (a region between the proximal end 16 and a point located distally of the proximal end 16) and a lifter portion (a region between the distal end 14 and a point located proximally of the distal end 14) (see Fig. 1). As broadly as claimed, the base portion and the lifter portion meet at a defined angle at elbow 34 (see Fig. 2). Furthermore, according to col. 3, lines 1-8 of Wood, the elbow 34 may be rather pronounced and definite, as in Fig. 2. The base portion is also operatively secured to

the body at one end (see Fig. 2). Fig. 2 shows that the base portion has a first length

that is long enough to extend through the patient's mouth and into the oropharynx (see

also col. 1, lines 10-53). Fig. 2 also shows that the lifter portion has a distal end for

insertion through the mouth and a second defined length that is long enough to extend

into the laryngopharynx and operably engage the epiglottis (see also col. 2, lines 47-

51). Col. 1, lines 49-51 teaches that the lifter portion has a distal end 14 that includes a

smooth tip 18 for contacting the sensitive tissue in the patient's airway. GB '732

teaches that base portion 27 and lifter portion 28 meet at an included angle of between

120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an

exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range. GB '732 thus

demonstrates that providing such an angle between the base portion and the lifter

portion of a laryngoscope blade is well known and desirable in the art, for facilitating

intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at

the time the invention was made to make the blade of Wood such that an angle of

between 5 degrees and 85 degrees between the base portion and the lifter portion is

achieved. Furthermore, it is well settled that a change in the shape of a prior art device

is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149

USPQ 47 (CCPA 1966).

This rejection of claim 19 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #73**

The requester submits that claim 19 is unpatentable under 35 U.S.C. § 103(a) as being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position. Requester submits that Berall teaches an elongate arm 17 having a base portion (proximal end 24) and a lifter portion (the region located proximally of tip 28 of distal end 25) where the base portion and the lifter portion meet at a defined angle (refer to page 4 of the request showing a schematic of Fig. 4 of Berall with a defined angle added). However, nowhere in the specification or Figures of Berall is an angle between portions of the arm 17 discussed or implied. The examiner also interprets Fig. 4 of Berall as not showing an angle between the base portion and the lifter portion, contrary to requester's schematic. It appears hat the tip 28 is provided with an angle or bevel, most likely to aid in the insertion of the blade. However, this angle or bevel does not constitute the angle recited in claim 1 of U.S. Patent No. 6,543,447, which is an angle between two portions of the laryngoscope blade. The angle or bevel of tip 28 is instead an angle upon itself. Accordingly, the device of Berall does not meet the claimed limitation.

This rejection of claim 19 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #74**

The requester submits that claim 20 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Levin.

Claim 20 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 20 based on GB '732 in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #75**

The requester submits that claim 20 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Levin.

Claim 20 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 20 based on Wood in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #76**

The requester submits that claim 76 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #73.

This rejection of claim 20 based on Berall in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #77**

The requester submits that claim 21 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood and further in view of Levin.

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood and further in view of Levin.

Wood teaches that the viewer 24 in the laryngoscope may be a CMOS device (see col. 3, lines 53-57 of Wood. Wood thus demonstrates that providing a CMOS camera in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10. Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for

one of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with an LED in lieu of the lamp 26.

    This rejection of claim 21 based on GB '732 in view of Wood and further in view

of Levin was proposed by the third party requester in the request for reexamination and

is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #78**

    The requester submits that claim 21 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Berall and further in view of Levin.

    Claim 21 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Berall and further in view of Levin.

    Berall teaches a laryngoscope with a CMOS camera as the viewer (see col. 5,

lines 46-48).   Berall thus demonstrates that providing a CMOS camera in a

laryngoscope to view the patient's airway during an intubation procedure is well known

in the art.  GB '732 also recognizes the need for an applicability of a viewer (prism 10)

for viewing tissues during intubation.  Accordingly, it would have been obvious for one of

ordinary skill in the art at the time the invention was made to provide the laryngoscope

of GB '732 with a CMOS as the viewer in lieu of prism 10.  Levin teaches a system for

intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which

engages the epiglottis to allow insertion of an endotracheal tube) includes a Light

Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines

6-12).  Levin thus demonstrates that LEDs used as light sources in a laryngoscope are