# Exhibit 5
# Part 33
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 21 based on GB '732 in view of Berall and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #79

The requester submits that claim 21 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by Wood.

Claim 21 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Levin. Wood teaches that viewer (image sensor 42) may be a Complementary Metal Oxide Semiconductor (CMOS) device (see col. 3, lines 53-57). Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 21 based on Wood in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #80**

The requester submits that claim 21 is unpatentable 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #73.

This rejection of claim 21 based on Berall in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #81**

The requester submits that claim 22 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Claim 22 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base

portion 27 toward an opposite end of the base portion 27 thereby defining an angle

between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base

portion 27 has a first defined length that is long enough to extend through the patient's

mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a

distal end for insertion through a patient's mouth and a second defined length that is

long enough to extend into the laryngpharynx and operably engage the epiglottis when

the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter

portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB

'732 teaches that lifter portion 28 is comprised of a forming component 24B, which has

a length of between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and

age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed range

encompasses these values. Bauman teaches a laryngoscope having a lifter portion

(flexible tip 35) pivotally secured to the base portion 12 of the laryngoscope blade at a

pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57).

Bauman thus demonstrates that providing a laryngoscope blade with two portions that

are pivotally connected is well known in the art to increase the flexibility of the

laryngoscope and facilitate the intubation process. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to provide

the base portion 27 and lifter portion 28 of GB '732 with a pivotal connection, in the

manner disclosed by Bauman, to facilitate the intubation process.

This rejection of claim 22 based on GB '732 in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #82**

The requester submits that claim 22 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous.

Claim 22 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that lifter portion 28 is comprised of a forming component 24B, which has

a length of between 22 mm (2.2.cm) and 90 mm (9 cm), depending upon the size and

age of the patient (see page 3, lines 10-16 and page 4, lines 3-6). The claimed range

encompasses these values. Mentzelopoulous teaches a laryngoscope having a lifter

portion (distal two thirds) pivotally secured to the base portion (length L/3) at a pivot

point ( see Figs. I-III, page 13, lines 16-17, page 16, lines 16-19, page 18, line 26 to

page 19, line 1 and page 21, lines 19-23). Mentzelopoulous thus demonstrates that

providing a laryngoscope blade with two portions that are pivotally connected is well

known in the art to increase the flexibility of the laryngoscope and facilitate the

intubation process. Accordingly, it would have been obvious for one of ordinary skill in

the art at the time the invention was made to provide the base portion 27 and lifter

portion 28 of GB '732 with a pivotal connection, in the manner disclosed by

Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 22 based on GB '732 in view of Mentzelopoulous was

proposed by the third party requester in the request for reexamination and is being

adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #83**

The requester submits that claim 22 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732 and further in view of Bauman.

Claim 22 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732 and further in view of Bauman. Wood teaches a laryngoscope that is

used in intubation procedures comprised of a body and a handle 20 attached to the

body (see Figs. 1 and 4). An elongate arm has a base portion (a region between the

proximal end 16 and a point located distally of the proximal end 16) and a lifter portion

(a region between the distal end 14 and a point located proximally of the distal end 14)

(see Fig. 1). As broadly as claimed, the base portion and the lifter portion meet at a

defined angle at elbow 34 (see Fig. 2). Furthermore, according to col. 3, lines 1-8 of

Wood, the elbow 34 may be rather pronounced and definite, as in Fig. 2. The base

portion is also operatively secured to the body at one end (see Fig. 2). Fig. 2 shows

that the base portion has a first length that is long enough to extend through the

patient's mouth and into the oropharynx (see also col. 1, lines 10-53). Fig. 2 also shows

that the lifter portion has a distal end for insertion through the mouth and a second

defined length that is long enough to extend into the laryngopharynx and operably

engage the epiglottis (see also col. 2, lines 47-51). Col. 1, lines 49-51 teaches that the

lifter portion has a distal end 14 that includes a smooth tip 18 for contacting the

sensitive tissue in the patient's airway. GB '732 teaches that lifter portion 28 is

comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm)

and 90 mm (9 cm), depending upon the size and age of the patient (see page 3, lines

10-16 and page 4, lines 3-6). The claimed range encompasses these values. GB '732

thus demonstrates that providing such a length on a laryngoscope blade is well known

and desirable in the art, for facilitating intubation. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to make

the blade of Wood with a length between 22 mm (2.2.cm) and 90 mm (9 cm), depending

upon the size and age of the patient, in the manner disclosed by GB '732. Furthermore,

it is well settled that a change in the shape of a prior art device is a design consideration

within the skill of the art.  In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally secured

to the base portion 12 of the laryngoscope blade at a pivot point (near blade section 42)

(see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57).  Bauman thus demonstrates that

providing a laryngoscope blade with two portions that are pivotally connected is well

known in the art to increase the flexibility of the laryngoscope and facilitate the

intubation process.  Accordingly, it would have been obvious for one of ordinary skill in

the art at the time the invention was made to provide the base portion  and lifter portion

of Wood with a pivotal connection

     This rejection of claim 22 based on Wood in view of GB '732 and further in view

of Bauman was proposed by the third party requester in the request for reexamination

and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #84**

     The requester submits that claim 22 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732 and further in view of

Mentzelopoulous.

     Claim 22 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732 and further in view of Mentzelopoulous.  Wood teaches a

laryngoscope that is used in intubation procedures comprised of a body and a handle

20 attached to the body (see Figs. 1 and 4).  An elongate arm has a base portion (a

region between the proximal end 16 and a point located distally of the proximal end 16)

and a lifter portion (a region between the distal end 14 and a point located proximally of

the distal end 14) (see Fig. 1). As broadly as claimed, the base portion and the lifter

portion meet at a defined angle at elbow 34 (see Fig. 2). Furthermore, according to col.

3, lines 1-8 of Wood, the elbow 34 may be rather pronounced and definite, as in Fig. 2.

The base portion is also operatively secured to the body at one end (see Fig. 2). Fig. 2

shows that the base portion has a first length that is long enough to extend through the

patient's mouth and into the oropharynx (see also col. 1, lines 10-53). Fig. 2 also shows

that the lifter portion has a distal end for insertion through the mouth and a second

defined length that is long enough to extend into the laryngopharynx and operably

engage the epiglottis (see also col. 2, lines 47-51). Col. 1, lines 49-51 teaches that the

lifter portion has a distal end 14 that includes a smooth tip 18 for contacting the

sensitive tissue in the patient's airway.    GB '732 teaches that lifter portion 28 is

comprised of a forming component 24B, which has a length of between 22 mm (2.2.cm)

and 90 mm (9 cm), depending upon the size and age of the patient (see page 3, lines

10-16 and page 4, lines 3-6). The claimed range encompasses these values. GB '732

thus demonstrates that providing such a length on a laryngoscope blade is well known

and desirable in the art, for facilitating intubation. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to make

the blade of Wood with a length between 22 mm (2.2.cm) and 90 mm (9 cm), depending

upon the size and age of the patient, in the manner disclosed by GB '732. Furthermore,

it is well settled that a change in the shape of a prior art device is a design consideration

within the skill of the art.  In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).
Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds)
pivotally secured to the base portion (length L/3) at a pivot point (see Figs. I-III, page 13,
lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21, lines
19-23).  Mentzelopoulous thus demonstrates that providing a laryngoscope blade with
two portions that are pivotally connected is well known in the art to increase the
flexibility of the laryngoscope and facilitate the intubation process.  Accordingly, it would
have been obvious for one of ordinary skill in the art at the time the invention was made
to provide the base portion and lifter portion of Wood with a pivotal connection, in the
manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 22 based on Wood in view of GB '732 and further in view
of Mentzelopoulous was proposed by the third party requester in the request for
reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #85**

The requester submits that claim 22 is unpatentable under 35 U.S.C. § 103(a) as
being unpatentable over Berall in view of GB '732 and further in view of Bauman.

The examiner disagrees with the third party requester's position for the reasons
set forth above in proposed Ground #73.

This rejection of claim 22 based on Berall in view of GB '732 and further in view
of Bauman was proposed by the third party requester in the request for reexamination
and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #86**

The requester submits that claim 22 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Berall in view of GB '732 and further in view of

Mentzelopoulous.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #73.

This rejection of claim 22 based on Berall in view of GB '732 and further in view

of Mentzelopoulous was proposed by the third party requester in the request for

reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #87**

The requester submits that claim 23 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Bauman.

Claim 23 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Bauman.

Bauman teaches a laryngoscope having a locking mechanism (push rod 33;

serrated surfaces 37, 40) for actuating and holding the lifter portion (flexible tip 35) in a

predetermined position about the pivot point (near blade section 42) (see Figs. 5 and 6

and col. 3, lines 24-54). Bauman thus demonstrates that providing a laryngoscope

blade with two portions that are pivotally connected as well as means for locking the

lifter portion in position is well known in the art to increase the flexibility of the

laryngoscope and facilitate the intubation process. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to provide

the lifter portion 28 of GB '732 with a locking mechanism, in the manner disclosed by

Bauman, to facilitate the intubation process.

This rejection of claim 23 based on GB '732 in view of Bauman was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #88

The requester submits that claim 23 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Mentzelopoulous.

Claim 23 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a locking mechanism (control

lever 13 or 2) in cooperation with a system of four springs (12, 13, 5c' and 5d') for

actuating and holding the lifter portion (distal two thirds) in a predetermined position

about the pivot point (joint 1, 6 or 12) (see Figs. I-III).  Mentzelopoulous thus

demonstrates that providing a laryngoscope blade with two portions that are pivotally

connected as well as means for locking the lifter portion in position is well known in the

art to increase the flexibility of the laryngoscope and facilitate the intubation process.

Accordingly, it would have been obvious for one of ordinary skill in the art at the time the

invention was made to provide the lifter portion 28 of GB '732 with a locking

mechanism, in the manner disclosed by Mentzelopoulous, to facilitate the intubation

process.

This rejection of claim 23 based on GB '732 in view of Mentzelopoulous was

proposed by the third party requester in the request for reexamination and is being

adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #89**

The requester submits that claim 23 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732 and further in view of Bauman.

Claim 23 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732 and further in view of Bauman.

Bauman teaches a laryngoscope having a locking mechanism (push rod 33;

serrated surfaces 37, 40) for actuating and holding the lifter portion (flexible tip 35) in a

predetermined position about the pivot point (near blade section 42) (see Figs. 5 and 6

and col. 3, lines 24-54). Bauman thus demonstrates that providing a laryngoscope

blade with two portions that are pivotally connected as well as means for locking the

lifter portion in position is well known in the art to increase the flexibility of the

laryngoscope and facilitate the intubation process. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to provide

the lifter portion of Wood with a locking mechanism, in the manner disclosed by

Bauman, to facilitate the intubation process.

This rejection of claim 23 based on Wood in view of GB '732 and further in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #90**

The requester submits that claim 23 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Mentzelopoulous.

Claim 23 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a locking mechanism (control lever 13 or 2) in cooperation with a system of four springs (12, 13, 5c' and 5d') for actuating and holding the lifter portion (distal two thirds) in a predetermined position about the pivot point (joint 1, 6 or 12) (see Figs. I-III). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected as well as means for locking the lifter portion in position is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the lifter portion of Wood with a locking mechanism, in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 23 based on Wood in view of GB '732 and further in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #91

The requester submits that claim 23 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Bauman.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #73.

This rejection of claim 23 based on Berall in view of GB '732 and further in view of Bauman was proposed by the third party requester in the request for reexamination and <u>is **not** being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #92

The requester submits that claim 23 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Mentzelopoulous.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #73.

This rejection of claim 23 based on Berall in view of GB '732 and further in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and <u>is **not** being adopted</u> essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #93**

The requester submits that claim 24 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Bauman and further in view of Wood.

Claim 24 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Bauman and further in view of Wood. GB '732 teaches a viewer (prism

10) positioned substantially near the area where the elongate base portion 27 meets the

lifter portion 28 and the prism 10 is directed toward the distal end of lifter portion 28 to

provide a view of the patient's anatomy (see page 3, lines 35-53 and Fig. 9 of GB '732).

Wood teaches that providing a display to view an image of the patient's airway  would

facilitate the intubation process by giving the medical professional an improved

observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that

providing a display for a laryngoscope is well known in the art. Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made

to provide the laryngoscope of GB '732 with a display, such as the one disclosed by

Wood.

This rejection of claim 24 based on GB '732 in view of Bauman and further in

view of Wood was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #94**

The requester submits that claim 24 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Wood.

Claim 24 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Wood. GB '732 teaches a viewer (prism 10) positioned substantially near the area where the elongate base portion 27 meets the lifter portion 28 and the prism 10 is directed toward the distal end of lifter portion 28 to provide a view of the patient's anatomy (see page 3, lines 35-53 and Fig. 9 of GB '732). Wood teaches that providing a display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Wood.

This rejection of claim 24 based on GB '732 in view of Mentzelopoulous and further in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #95**

The requester submits that claim 24 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Berall.

Claim 24 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Berall. GB '732 teaches a viewer (prism 10) positioned substantially near the area where the elongate base portion 27 meets the lifter portion 28 and the prism 10 is directed toward the distal end of lifter portion 28 to provide a view of the patient's anatomy (see page 3, lines 35-53 and Fig. 9 of GB '732). Berall teaches a laryngoscope with a display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Berall.

This rejection of claim 24 based on GB '732 in view of Bauman and further in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #96**

The requester submits that claim 24 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Berall.

Claim 24 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Mentzelopoulous and further in view of Berall. GB '732 teaches a viewer

(prism 10) positioned substantially near the area where the elongate base portion 27

meets the lifter portion 28 and the prism 10 is directed toward the distal end of lifter

portion 28 to provide a view of the patient's anatomy (see page 3, lines 35-53 and Fig. 9

of GB '732). Berall teaches a laryngoscope with a display to view an image of the

patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall

thus demonstrates that providing a display in a laryngoscope to view the patient's

airway during an intubation procedure is well known in the art. Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made

to provide the laryngoscope of GB '732 with a display, such as the one disclosed by

Berall.

This rejection of claim 24 based on GB '732 in view of Mentzelopoulous and

further in view of Berall was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #97**

The requester submits that claim 24 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Bauman and further in view of Kantor.

Claim 24 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Bauman and further in view of Kantor. GB '732 teaches a viewer (prism

10) positioned substantially near the area where the elongate base portion 27 meets the

lifter portion 28 and the prism 10 is directed toward the distal end of lifter portion 28 to

provide a view of the patient's anatomy (see page 3, lines 35-53 and Fig. 9 of GB '732).

Kantor teaches that providing a display to view an image of the patient's airway on a

video monitor 66 would facilitate the intubation process by giving the medical

professional an improved observation of the airway (see Fig. 4, page 7, lines 6-15 and

page 10, lines 21-23). Kantor thus demonstrates that providing a display for a

laryngoscope is well known in the art. Accordingly, it would have been obvious for one

of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with a display, such as the one disclosed by Kantor.

This rejection of claim 24 based on GB '732 in view of Bauman and further in

view of Kantor was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #98**

The requester submits that claim 24 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Mentzelopoulous and further in view of

Kantor.

Claim 24 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Mentzelopoulous and further in view of Kantor. GB '732 teaches a

viewer (prism 10) positioned substantially near the area where the elongate base

portion 27 meets the lifter portion 28 and the prism 10 is directed toward the distal end

of lifter portion 28 to provide a view of the patient's anatomy (see page 3, lines 35-53

and Fig. 9 of GB '732). Kantor teaches that providing a display to view an image of the

patient's airway on a video monitor 66 would facilitate the intubation process by giving

the medical professional an improved observation of the airway (see Fig. 4, page 7,

lines 6-15 and page 10, lines 21-23). Kantor thus demonstrates that providing a display

for a laryngoscope is well known in the art. Accordingly, it would have been obvious for

one of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with a display, such as the one disclosed by Kantor.

This rejection of claim 24 based on GB '732 in view of Mentzelopoulous and

further in view of Kantor was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #99**

The requester submits that claim 25 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Bauman and further in view of Wood.

Claim 25 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Bauman and further in view of Wood.

Wood teaches that providing a remote display to view an image of the patient's

airway would facilitate the intubation process by giving the medical professional an

improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates

that providing a remote display for a laryngoscope is well known in the art. Accordingly,

it would have been obvious for one of ordinary skill in the art at the time the invention

was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Wood.

This rejection of claim 25 based on GB '732 in view of Bauman and further in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #100**

The requester submits that claim 25 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Wood.

Claim 25 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Wood.

Wood teaches that providing a remote display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a remote display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Wood.

This rejection of claim 25 based on GB '732 in view of Mentzelopoulous and further in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #101**

The requester submits that claim 25 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Berall.

Claim 25 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Berall.

Berall teaches a laryngoscope with a remote display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a remote display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Berall.

This rejection of claim 25 based on GB '732 in view of Bauman and further in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #102**

The requester submits that claim 25 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Berall.

Claim 25 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Berall.

Berall teaches a laryngoscope with a remote display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a remote display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a remote display, such as the one disclosed by Berall.

This rejection of claim 25 based on GB '732 in view of Mentzelopoulous and further in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #103**

The requester submits that claim 25 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Kantor.

Claim 25 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Kantor.

Kantor teaches that providing a display to view an image of the patient's airway on a remote video monitor 66 would facilitate the intubation process by giving the medical professional an improved observation of the airway (see Fig. 4, page 7, lines 6-15 and page 10, lines 21-23). Kantor thus demonstrates that providing a remote display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for

one of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with a remote display, such as the one disclosed by Kantor.

This rejection of claim 25 based on GB '732 in view of Bauman and further in

view of Kantor was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #104**

The requester submits that claim 25 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Mentzelopoulous and further in view of

Kantor.

Claim 25 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Mentzelopoulous and further in view of Kantor.

Kantor teaches that providing a display to view an image of the patient's airway

on a remote video monitor 66 would facilitate the intubation process by giving the

medical professional an improved observation of the airway (see Fig. 4, page 7, lines 6-

15 and page 10, lines 21-23). Kantor thus demonstrates that providing a remote display

for a laryngoscope is well known in the art. Accordingly, it would have been obvious for

one of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with a remote display, such as the one disclosed by Kantor.

This rejection of claim 25 based on GB '732 in view of Mentzelopoulous and

further in view of Kantor was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #105**

The requester submits that claim 26 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 26 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, which is within the claimed range.

This rejection of claim 26 based on GB '732 was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.


**Proposed Third Party Requester Rejection: Ground #106**

The requester submits that claim 19 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732.

Claim 19 is rejected under 35 U.S.C. § 102(b) as being anticipated by Wood.

Wood teaches a laryngoscope that is used in intubation procedures comprised of a

body and a handle 20 attached to the body (see Figs. 1 and 4). An elongate arm has a

base portion (a region between the proximal end 16 and a point located distally of the

proximal end 16) and a lifter portion (a region between the distal end 14 and a point

located proximally of the distal end 14) (see Fig. 1). As broadly as claimed, the base

portion and the lifter portion meet at a defined angle at elbow 34 (see Fig. 2).

Furthermore, according to col. 3, lines 1-8 of Wood, the elbow 34 may be rather

pronounced and definite, as in Fig. 2. The base portion is also operatively secured to

the body at one end (see Fig. 2). Fig. 2 shows that the base portion has a first length

that is long enough to extend through the patient's mouth and into the oropharynx (see

also col. 1, lines 10-53). Fig. 2 also shows that the lifter portion has a distal end for

insertion through the mouth and a second defined length that is long enough to extend

into the laryngopharynx and operably engage the epiglottis (see also col. 2, lines 47-

51). Col. 1, lines 49-51 teaches that the lifter portion has a distal end 14 that includes a

smooth tip 18 for contacting the sensitive tissue in the patient's airway. GB '732

teaches that base portion 27 and lifter portion 28 meet at an included angle of between

120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an

exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range. GB '732 thus

demonstrates that providing such an angle between the base portion and the lifter

portion of a laryngoscope blade is well known and desirable in the art, for facilitating

intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at

the time the invention was made to make the blade of Wood such that an angle of

between 5 degrees and 85 degrees between the base portion and the lifter portion is

achieved. Furthermore, it is well settled that a change in the shape of a prior art device

is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149

USPQ 47 (CCPA 1966).

This rejection of claim 26 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #107**

The requester submits that claim 26 is unpatentable under 35 U.S.C. § 103(a) as

being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position.  Requester

submits that Berall teaches an elongate arm 17 having a base portion (proximal end 24)

and a lifter portion (the region located proximally of tip 28 of distal end 25) where the

base portion and the lifter portion meet at a defined angle (refer to page 4 of the request

showing a schematic of Fig. 4 of Berall with a defined angle added).  However, nowhere

in the specification or Figures of Berall is an angle between portions of the arm 17

discussed or implied.  The examiner also interprets Fig. 4 of Berall as not showing an

angle between the base portion and the lifter portion, contrary to requester's schematic.

It appears hat the tip 28 is provided with an angle or bevel, most likely to aid in the

insertion of the blade.  However, this angle or bevel does not constitute the angle

recited in claim 1 of U.S. Patent No. 6,543,447, which is an angle between two portions

of the laryngoscope blade.  The angle or bevel of tip 28 is instead an angle upon itself.

Accordingly, the device of Berall does not meet the claimed limitation.

This rejection of claim 26 based on Berall in view of GB '732 was proposed by

the third party requester in the request for reexamination and is **not** being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #108**

The requester submits that claim 27 is unpatentable under 35 U.S.C. § 102(b) as

being anticipated by GB '732.

Claim 27 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732.

GB '732 teaches a viewer (prism 10) positioned substantially near the area where the

elongate base portion 27 meets the lifter portion 28 and the prism 10 is directed toward

the distal end of lifter portion 28 to provide a view of the patient's anatomy (see page 3,

lines 35-53 and Fig. 9 of GB '732).

This rejection of claim 27 based on GB '732 was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.


**Proposed Third Party Requester Rejection: Ground #109**

The requester submits that claim 27 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732.

Claim 27 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732. Wood teaches a viewer (image sensor 42) positioned substantially

near the area where the base portion meets the lifter portion and the image sensor 42 is

directed toward the distal end 14 to provide a view of the patient's anatomy (see col. 1,

lines 60-62, col. 3, lines 22-37 and Fig. 3 of Wood).

This rejection of claim 27 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #110**

The requester submits that claim 27 is unpatentable 35 U.S.C. § 103(a) as being

anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #107.

This rejection of claim 27 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #111**

The requester submits that claim 28 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 28 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Wood teaches that the viewer 24 in the laryngoscope may be a CMOS device (see col. 3, lines 53-57 of Wood. Wood thus demonstrates that providing a CMOS camera in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 28 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #112**

The requester submits that claim 28 is unpatentable under 35 U.S.C. § 103(a) as
being unpatentable over GB '732 in view of Berall.

Claim 28 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB
'732 in view of Berall.

Berall teaches a laryngoscope with a CMOS camera as the viewer (see col. 5,
lines 46-48).   Berall thus demonstrates that providing a CMOS camera in a
laryngoscope to view the patient's airway during an intubation procedure is well known
in the art.  GB '732 also recognizes the need for an applicability of a viewer (prism 10)
for viewing tissues during intubation.  Accordingly, it would have been obvious for one of
ordinary skill in the art at the time the invention was made to provide the laryngoscope
of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 28 based on GB '732 in view of Berall was proposed by
the third party requester in the request for reexamination and is being adopted
essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #113**

The requester submits that claim 28 is unpatentable under 35 U.S.C. § 103(a) as
being unpatentable over  Wood in view of GB '732.

Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood.
Wood teaches that viewer (image sensor 42) may be a Complementary Metal Oxide
Semiconductor (CMOS) device (see col. 3, lines 53-57).