# Exhibit 5
# Part 34
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

This rejection of claim 28 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #114

The requester submits that claim 28 is unpatentable 35 U.S.C. § 103(a) as being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #107.

This rejection of claim 28 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and <u>is **not** being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #115

The requester submits that claim 29 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 29 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Wood teaches that the viewer 24 in the laryngoscope may be a CCD device (see col. 3, lines 53-57 of Wood). Wood thus demonstrates that providing a CCD in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10)

for viewing tissues during intubation.  Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CCD as the viewer in lieu of prism 10.

This rejection of claim 29 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #116

The requester submits that claim 29 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 29 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a CCD as the viewer (see col. 5, lines 46-48). Berall thus demonstrates that providing a CCD in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art.  GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CCD as the viewer in lieu of prism 10.

This rejection of claim 29 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #117**

The requester submits that claim 29 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 29 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732. Wood teaches that viewer (image sensor 42) may be a Charged Coupled Device (CCD) (see col. 3, lines 53-57).

This rejection of claim 29 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #118**

The requester submits that claim 29 is unpatentable 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #107.

This rejection of claim 29 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #119**

The requester submits that claim 30 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 30 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732.

GB '732 teaches a light (lamp 26) operably secured to the lifter portion 28 (see page 3,

lines 10-16 and Figs. 7 and 8).

This rejection of claim 30 based on GB '732 was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.


**Proposed Third Party Requester Rejection: Ground #120**

The requester submits that claim 30 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732.

Claim 30 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732. Wood teaches a light (fiber optic bundles 46 or conventional light

source) operably secured to the lifter portion (see col. 3, lines 51-53 and Fig 3).

This rejection of claim 30 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #121**

The requester submits that claim 30 is unpatentable 35 U.S.C. § 103(a) as being

unpatentable over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #107.

This rejection of claim 30 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #122**

The requester submits that claim 31 is unpatentable under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Wood.

Claim 31 is rejected under 35 U.S.C. § 103(a) as being obvious over GB '732 in view of Wood. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between

120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an

exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range.  Wood teaches

that the viewer 24 in the laryngoscope may be a CMOS device (see col. 3, lines 53-57

of Wood.  Wood thus demonstrates that providing a CMOS camera in a laryngoscope to

view the patient's airway during an intubation procedure is well known in the art.  GB

'732 also recognizes the need for an applicability of a viewer (prism 10) for viewing

tissues during intubation.  Accordingly, it would have been obvious for one of ordinary

skill in the art at the time the invention was made to provide the laryngoscope of GB

'732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 31 based on GB '732 in view of Wood was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #123**

The requester submits that claim 31 is unpatentable under 35 U.S.C. § 103(a) as

being obvious over GB '732 in view of Berall.

Claim 31 is rejected under 35 U.S.C. § 103(a) as being obvious over GB '732 in

view of Berall.  GB '732 teaches a laryngoscope that is used in intubation procedures

where is it inserted through the patient's mouth (see Fig. 9).  The laryngoscope is

comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10).

An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees and 60 degrees, which is within the claimed range. Berall teaches a laryngoscope with a CMOS camera as the viewer (see col. 5, lines 46-48). Berall thus demonstrates that providing a CMOS camera in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 31 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #124**

The requester submits that claim 31 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 31 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732. Wood teaches a laryngoscope that is used in intubation procedures comprised of a body and a handle 20 attached to the body (see Figs. 1 and 4). An elongate arm has a base portion (a region between the proximal end 16 and a point located distally of the proximal end 16) and a lifter portion (a region between the distal end 14 and a point located proximally of the distal end 14) (see Fig. 1). As broadly as claimed, the base portion and the lifter portion meet at a defined angle at elbow 34 (see Fig. 2). Furthermore, according to col. 3, lines 1-8 of Wood, the elbow 34 may be rather pronounced and definite, as in Fig. 2. The base portion is also operatively secured to the body at one end (see Fig. 2). Fig. 2 shows that the base portion has a first length that is long enough to extend through the patient's mouth and into the oropharynx (see also col. 1, lines 10-53). Fig. 2 also shows that the lifter portion has a distal end for insertion through the mouth and a second defined length that is long enough to extend into the laryngopharynx and operably engage the epiglottis (see also col. 2, lines 47-51). Col. 1, lines 49-51 teaches that the lifter portion has a distal end 14 that includes a

smooth tip 18 for contacting the sensitive tissue in the patient's airway. GB '732

teaches that base portion 27 and lifter portion 28 meet at an included angle of between

120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an

exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range. GB '732 thus

demonstrates that providing such an angle between the base portion and the lifter

portion of a laryngoscope blade is well known and desirable in the art, for facilitating

intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at

the time the invention was made to make the blade of Wood such that an angle of

between 5 degrees and 85 degrees between the base portion and the lifter portion is

achieved. Furthermore, it is well settled that a change in the shape of a prior art device

is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149

USPQ 47 (CCPA 1966).

    This rejection of claim 31 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #125

    The requester submits that claim 31 is unpatentable under 35 U.S.C. § 103(a) as

being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position. Requester submits that Berall teaches an elongate arm 17 having a base portion (proximal end 24) and a lifter portion (the region located proximally of tip 28 of distal end 25) where the base portion and the lifter portion meet at a defined angle (refer to page 4 of the request showing a schematic of Fig. 4 of Berall with a defined angle added). However, nowhere in the specification or Figures of Berall is an angle between portions of the arm 17 discussed or implied. The examiner also interprets Fig. 4 of Berall as not showing an angle between the base portion and the lifter portion, contrary to requester's schematic. It appears hat the tip 28 is provided with an angle or bevel, most likely to aid in the insertion of the blade. However, this angle or bevel does not constitute the angle recited in claim 1 of U.S. Patent No. 6,543,447, which is an angle between two portions of the laryngoscope blade. The angle or bevel of tip 28 is instead an angle upon itself. Accordingly, the device of Berall does not meet the claimed limitation.

This rejection of claim 31 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #126

The requester submits that claim 32 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood and further in view of Levin.

Claim 32 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12).  Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art.  Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 32 based on GB '732 in view of Wood and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #127**

The requester submits that claim 32 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall and further in view of Levin.

Claim 32 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12).  Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art.  Accordingly, it would have

been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 32 based on GB '732 in view of Berall and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #128

The requester submits that claim 32 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Levin.

Claim 32 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 32 based on Wood in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #129**

The requester submits that claim 32 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #125.

This rejection of claim 32 based on Berall in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #130**

The requester submits that claim 33 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood and further in view of Levin.

Claim 33 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 33 based on GB '732 in view of Wood and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #131**

The requester submits that claim 33 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall and further in view of Levin.

Claim 33 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 33 based on GB '732 in view of Berall and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #132

The requester submits that claim 33 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Levin.

Claim 33 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 33 based on Wood in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #133

The requester submits that claim 33 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #125.

This rejection of claim 33 based on Berall in view of GB '732 and further in view of Levin was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #134**

The requester submits that claim 34 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 34 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150

degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a

supplementary angle, which is the angle referred to in the claim and described in U.S.

Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees

and 60 degrees, which is within the claimed range. GB '732 teaches that base portion

28 is comprised of a forming component 24A, which has a length of between 40 mm

and 120 mm, preferably between 60 mm and 85 mm, depending upon the size and age

of the patient (see page 3, lines 10-16 and page 3, line 129 to page 4, line 1). The lifter

portion 28 is comprised of a forming component 24B, which has a length of between 50

mm and 90 mm, preferably between 60 mm and 75 mm (see page 3, lines 10-16 and

page 4, lines 3-6). At 60 mm, for example, the lifter portion 28 and the base portion 27

are substantially the same length.

This rejection of claim 34 based on GB '732 was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.


**Proposed Third Party Requester Rejection: Ground #135**

The requester submits that claim 34 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732.

Claim 34 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732. Wood teaches a laryngoscope that is used in intubation procedures

comprised of a body and a handle 20 attached to the body (see Figs. 1 and 4). An

elongate arm has a base portion (a region between the proximal end 16 and a point

located distally of the proximal end 16) and a lifter portion (a region between the distal

end 14 and a point located proximally of the distal end 14) (see Fig. 1). As broadly as

claimed, the base portion and the lifter portion meet at a defined angle at elbow 34 (see

Fig. 2). Furthermore, according to col. 3, lines 1-8 of Wood, the elbow 34 may be rather

pronounced and definite, as in Fig. 2. The base portion is also operatively secured to

the body at one end (see Fig. 2). Fig. 2 shows that the base portion has a first length

that is long enough to extend through the patient's mouth and into the oropharynx (see

also col. 1, lines 10-53). Fig. 2 also shows that the lifter portion has a distal end for

insertion through the mouth and a second defined length that is long enough to extend

into the laryngopharynx and operably engage the epiglottis (see also col. 2, lines 47-

51). Col. 1, lines 49-51 teaches that the lifter portion has a distal end 14 that includes a

smooth tip 18 for contacting the sensitive tissue in the patient's airway. GB '732

teaches that base portion 27 and lifter portion 28 meet at an included angle of between

120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an

exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range. GB '732 thus

demonstrates that providing such an angle between the base portion and the lifter

portion of a laryngoscope blade is well known and desirable in the art, for facilitating

intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at

the time the invention was made to make the blade of Wood such that an angle of

between 5 degrees and 85 degrees between the base portion and the lifter portion is

achieved. Furthermore, it is well settled that a change in the shape of a prior art device

is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149

USPQ 47 (CCPA 1966). GB '732 teaches that base portion 28 is comprised of a

forming component 24A, which has a length of between 40 mm and 120 mm, preferably

between 60 mm and 85 mm, depending upon the size and age of the patient (see page

3, lines 10-16 and page 3, line 129 to page 4, line 1). The lifter portion 28 is comprised

of a forming component 24B, which has a length of between 50 mm and 90 mm,

preferably between 60 mm and 75 mm (see page 3, lines 10-16 and page 4, lines 3-6).

At 60 mm, for example, the lifter portion 28 and the base portion 27 are substantially the

same length (see page 3, lines 10-16 and page 4, lines 3-6). GB '732 thus

demonstrates that providing a laryngoscope blade with a base portion and a lifter

portion having substantially the same length is well known and desirable in the art, for

facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill

in the art at the time the invention was made to make the blade of Wood with the base

portion and the lifter portion having substantially the same length. Furthermore, it is well

settled that a change in the shape of a prior art device is a design consideration within

the skill of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 34 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #136**

The requester submits that claim 34 is unpatentable under 35 U.S.C. § 103(a) as being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position. Requester submits that Berall teaches an elongate arm 17 having a base portion (proximal end 24) and a lifter portion (the region located proximally of tip 28 of distal end 25) where the base portion and the lifter portion meet at a defined angle (refer to page 4 of the request showing a schematic of Fig. 4 of Berall with a defined angle added). However, nowhere in the specification or Figures of Berall is an angle between portions of the arm 17 discussed or implied. The examiner also interprets Fig. 4 of Berall as not showing an angle between the base portion and the lifter portion, contrary to requester's schematic. It appears hat the tip 28 is provided with an angle or bevel, most likely to aid in the insertion of the blade. However, this angle or bevel does not constitute the angle recited in claim 1 of U.S. Patent No. 6,543,447, which is an angle between two portions of the laryngoscope blade. The angle or bevel of tip 28 is instead an angle upon itself. Accordingly, the device of Berall does not meet the claimed limitation.

This rejection of claim 34 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #137**

The requester submits that claim 35 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 35 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches, for example, when both the lifter portion 28 and the base portion 27 are each 60 mm long and joined together to create a 120 mm long arm (blade 21), these portions meet at the longitudinal center (i.e., the center along a longitudinal axis) of the blade 21 at the 60 mm point (see Fig. 15).

This rejection of claim 35 based on GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #138**

The requester submits that claim 35 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 35 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

GB '732 teaches, for example, when both the lifter portion 28 and the base portion 27 are each 60 mm long and joined together to create a 120 mm long arm (blade 21), these portions meet at the longitudinal center (i.e., the center along a longitudinal axis) of the blade 21 at the 60 mm point (see Fig. 15). GB '732 thus demonstrates that providing an elongate lifter portion about as long as the base portion

that meet substantially near the center of the arm would improve the shape of the

laryngoscope and facilitate the intubation process. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to provide

this configuration for the base and lifter portions of Wood. Furthermore, it is well settled

that a change in the shape of a prior art device is a design consideration within the skill

of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 35 based on Wood in view of GB '732 was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #139

The requester submits that claim 35 is unpatentable under 35 U.S.C. § 103(a) as

being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons

set forth above in proposed Ground #136.

This rejection of claim 35 based on Berall in view of GB '732 was proposed by

the third party requester in the request for reexamination and is not being adopted

essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #140

The requester submits that claim 36 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Wood.

Claim 36 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Wood.

Wood teaches that the viewer 24 in the laryngoscope may be a CMOS device

(see col. 3, lines 53-57 of Wood. Wood thus demonstrates that providing a CMOS

camera in a laryngoscope to view the patient's airway during an intubation procedure is

well known in the art. GB '732 also recognizes the need for an applicability of a viewer

(prism 10) for viewing tissues during intubation. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to provide

the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 36 based on GB '732 in view of Wood was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #141**

The requester submits that claim 36 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Berall.

Claim 36 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Berall.

Berall teaches a laryngoscope with a CMOS camera as the viewer (see col. 5,

lines 46-48). Berall thus demonstrates that providing a CMOS camera in a

laryngoscope to view the patient's airway during an intubation procedure is well known

in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10)

for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 36 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #142**

The requester submits that claim 36 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732.

Claim 36 is rejected under 35 U.S.C. § 103(a) as being anticipated by Wood. Wood teaches a that viewer (image sensor 42) may be a Complementary Metal Oxide Semiconductor (CMOS) device (see col. 3, lines 53-57).

This rejection of claim 36 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #143**

The requester submits that claim 36 is unpatentable 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #136.

This rejection of claim 36 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #144**

The requester submits that claim 37 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Claim 37 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Kantor teaches that providing a display to view an image of the patient's airway on a video monitor 66 would facilitate the intubation process by giving the medical professional an improved observation of the airway (see Fig. 4, page 7, lines 6-15 and page 10, lines 21-23). Kantor thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Kantor.

This rejection of claim 37 based on GB '732 in view of Kantor was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #145

The requester submits that claim 37 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Claim 37 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Wood.

Wood teaches that providing a display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Wood.

This rejection of claim 37 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #146

The requester submits that claim 37 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 37 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Berall.

This rejection of claim 37 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #147

The requester submits that claim 37 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 37 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Wood teaches that providing a display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Wood.

This rejection of claim 37 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #148

The requester submits that claim 37 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

Claim 37 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

Berall teaches a laryngoscope with a display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Berall.

This rejection of claim 37 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #149

The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Claim 38 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally secured to the base portion 12 of the laryngoscope blade at a pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the base portion 27 and lifter portion 28 of GB '732 with a pivotal connection, in the manner disclosed by Bauman, to facilitate the intubation process.

This rejection of claim 38 based on GB '732 in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #150**

The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous.

Claim 38 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds) pivotally secured to the base portion (length L/3) at a pivot point ( see Figs. I-III, page

13, lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21,

lines 19-23). Mentzelopoulous thus demonstrates that providing a laryngoscope blade

with two portions that are pivotally connected is well known in the art to increase the

flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made

to provide the base portion 27 and lifter portion 28 of GB '732 with a pivotal connection,

in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 38 based on GB '732 in view of Mentzelopoulous was

proposed by the third party requester in the request for reexamination and is being

adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #151**

The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732 and further in view of Bauman.

Claim 38 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732 and further in view of Bauman.

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally

secured to the base portion 12 of the laryngoscope blade at a pivot point (near blade

section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57). Bauman thus

demonstrates that providing a laryngoscope blade with two portions that are pivotally

connected is well known in the art to increase the flexibility of the laryngoscope and

facilitate the intubation process. Accordingly, it would have been obvious for one of

ordinary skill in the art at the time the invention was made to provide the base portion

and lifter portion of Wood with a pivotal connection, in the manner disclosed by

Bauman, to facilitate the intubation process.

This rejection of claim 38 based on Wood in view of GB '732 and further in view

of Bauman was proposed by the third party requester in the request for reexamination

and is being adopted essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #152

The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732 and further in view of

Mentzelopoulous.

Claim 38 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732 and further in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds)

pivotally secured to the base portion (length L/3) at a pivot point (see Figs. I-III, page 13,

lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21, lines

19-23). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with

two portions that are pivotally connected is well known in the art to increase the

flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made

to provide the base portion and lifter portion of Wood with a pivotal connection, in the

manner disclosed by Mentzelopoulous, to facilitate the intubation process.