# Exhibit 5
# Part 35
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

This rejection of claim 38 based on Wood in view of GB '732 and further in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #153

The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Bauman.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #136.

This rejection of claim 38 based on Berall in view of GB '732 and further in view of Bauman was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #154

The requester submits that claim 38 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Mentzelopoulous.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #136.

This rejection of claim 38 based on Berall in view of GB '732 and further in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request

## Proposed Third Party Requester Rejection: Ground #155

The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Levin.

Claim 39 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 39 based on GB '732 in view of Bauman and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #156

The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Levin.

Claim 39 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal

end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an

endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see

col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as

light sources in a laryngoscope are well known in the art. Accordingly, it would have

been obvious for one of ordinary skill in the art at the time the invention was made to

provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 39 based on GB '732 in view of Mentzelopoulous and

further in view of Levin was proposed by the third party requester in the request for

reexamination and is being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #157**

The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732, further in view of Bauman and further

in view of Levin.

Claim 39 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732, further in view of Bauman and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal

end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an

endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see

col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as

light sources in a laryngoscope are well known in the art. Accordingly, it would have

been obvious for one of ordinary skill in the art at the time the invention was made to

provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 39 based on Wood in view of GB '732, further in view of

Bauman and further in view of Levin was proposed by the third party requester in the

request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #158**

The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732, further in view of Mentzelopoulous

and further in view of Levin.

Claim 39 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal

end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an

endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see

col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as

light sources in a laryngoscope are well known in the art. Accordingly, it would have

been obvious for one of ordinary skill in the art at the time the invention was made to

provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 39 based on Wood in view of GB '732, further in view of

Mentzelopoulous and further in view of Levin was proposed by the third party requester

in the request for reexamination and <u>is being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #159

The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732, further in view of Bauman and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #136.

This rejection of claim 39 based on Berall in view of GB '732, further in view of Bauman and further in view of Levin was proposed by the third party requester in the request for reexamination and <u>is **not** being adopted</u> essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #160

The requester submits that claim 39 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #136.

This rejection of claim 39 based on Berall in view of GB '732, further in view of Mentzelopoulous and further in view of Levin was proposed by the third party requester

in the request for reexamination and is **not** being adopted essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #161**

The requester submits that claim 40 is unpatentable under 35 U.S.C. § 102(b) as being anticipated by GB '732.

Claim 40 is rejected under 35 U.S.C. § 102(b) as being anticipated by GB '732. GB '732 teaches a laryngoscope that is used in intubation procedures where is it inserted through the patient's mouth (see Fig. 9). The laryngoscope is comprised of a laryngoscope body having a handle 43 attached thereto (see Fig. 10). An elongate arm 21 is comprised of a base portion 27 operably secured to the body at one end and an elongated lifter portion 28 extending from the base portion 27 toward an opposite end of the base portion 27 thereby defining an angle between the base portion 27 and the lifter portion 28 (see Figs. 7, 8 and 17). The base portion 27 has a first defined length that is long enough to extend through the patient's mouth and into the patient's orophaynx (see Figs. 9 and 17). The lifter portion 28 has a distal end for insertion through a patient's mouth and a second defined length that is long enough to extend into the laryngpharynx and operably engage the epiglottis when the base portion 27 is extended into the oropharynx (see Figs. 8, 9 and 17). The lifter portion 28 inherently has a smooth surface for engaging the epiglottis (see Fig. 8). GB '732 teaches that base portion 27 and lifter portion 28 meet at an included angle of between 120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an exterior angle (i.e., a

supplementary angle, which is the angle referred to in the claim and described in U.S.

Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of between 30 degrees

and 60 degrees, which is within the claimed range.  GB '732 teaches that base portion

28 is comprised of a forming component 24A, which has a length of between 40 mm

and 120 mm, preferably between 60 mm and 85 mm, depending upon the size and age

of the patient (see page 3, lines 10-16 and page 3, line 129 to page 4, line 1).  The lifter

portion 28 is comprised of a forming component 24B, which has a length of between 50

mm and 90 mm, preferably between 60 mm and 75 mm (see page 3, lines 10-16 and

page 4, lines 3-6).  At 60 mm, for example, the lifter portion 28 and the base portion 27

are substantially the same length.  GB '732 teaches, for example, when both the lifter

portion 28 and the base portion 27 are each 60 mm long and joined together to create a

120 mm long arm (blade 21), these portions meet at the longitudinal center (i.e., the

center along a longitudinal axis) of the blade 21 at the 60 mm point (see Fig. 15).

   This rejection of claim 40 based on GB '732 was proposed by the third party

requester in the request for reexamination and is being adopted essentially as proposed

in the request.


## Proposed Third Party Requester Rejection: Ground #162

   The requester submits that claim 40 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over Wood in view of GB '732.

   Claim 40 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood

in view of GB '732.  Wood teaches a laryngoscope that is used in intubation procedures

comprised of a body and a handle 20 attached to the body (see Figs. 1 and 4). An

elongate arm has a base portion (a region between the proximal end 16 and a point

located distally of the proximal end 16) and a lifter portion (a region between the distal

end 14 and a point located proximally of the distal end 14) (see Fig. 1). As broadly as

claimed, the base portion and the lifter portion meet at a defined angle at elbow 34 (see

Fig. 2). Furthermore, according to col. 3, lines 1-8 of Wood, the elbow 34 may be rather

pronounced and definite, as in Fig. 2. The base portion is also operatively secured to

the body at one end (see Fig. 2). Fig. 2 shows that the base portion has a first length

that is long enough to extend through the patient's mouth and into the oropharynx (see

also col. 1, lines 10-53). Fig. 2 also shows that the lifter portion has a distal end for

insertion through the mouth and a second defined length that is long enough to extend

into the laryngopharynx and operably engage the epiglottis (see also col. 2, lines 47-

51). Col. 1, lines 49-51 teaches that the lifter portion has a distal end 14 that includes a

smooth tip 18 for contacting the sensitive tissue in the patient's airway. GB '732

teaches that base portion 27 and lifter portion 28 meet at an included angle of between

120 degrees and 150 degrees (see page 2, lines 27-33) which corresponds to an

exterior angle (i.e., a supplementary angle, which is the angle referred to in the claim

and described in U.S. Patent no. 6,543,447 at col. 7, lines 60-62 and Figs. 7 and 8) of

between 30 degrees and 60 degrees, which is within the claimed range. GB '732 thus

demonstrates that providing such an angle between the base portion and the lifter

portion of a laryngoscope blade is well known and desirable in the art, for facilitating

intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at

the time the invention was made to make the blade of Wood such that an angle of

between 5 degrees and 85 degrees between the base portion and the lifter portion is

achieved. Furthermore, it is well settled that a change in the shape of a prior art device

is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149

USPQ 47 (CCPA 1966). GB '732 teaches that base portion 28 is comprised of a

forming component 24A, which has a length of between 40 mm and 120 mm, preferably

between 60 mm and 85 mm, depending upon the size and age of the patient (see page

3, lines 10-16 and page 3, line 129 to page 4, line 1). The lifter portion 28 is comprised

of a forming component 24B, which has a length of between 50 mm and 90 mm,

preferably between 60 mm and 75 mm (see page 3, lines 10-16 and page 4, lines 3-6).

At 60 mm, for example, the lifter portion 28 and the base portion 27 are substantially the

same length (see page 3, lines 10-16 and page 4, lines 3-6). GB '732 thus

demonstrates that providing a laryngoscope blade with a base portion and a lifter

portion having substantially the same length is well known and desirable in the art, for

facilitating intubation. Accordingly, it would have been obvious for one of ordinary skill

in the art at the time the invention was made to make the blade of Wood with  the base

portion and the lifter portion having substantially the same length. Furthermore, it is well

settled that a change in the shape of a prior art device is a design consideration within

the skill of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966). GB '732

teaches, for example, when both the lifter portion 28 and the base portion 27 are each

60 mm long and joined together to create a 120 mm long arm (blade 21), these portions

meet at the longitudinal center (i.e., the center along a longitudinal axis) of the blade 21

at the 60 mm point (see Fig. 15). GB '732 thus demonstrates that providing an elongate lifter portion about as long as the base portion that meet substantially near the center of the arm would improve the shape of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide this configuration for the base and lifter portions of Wood. Furthermore, it is well settled that a change in the shape of a prior art device is a design consideration within the skill of the art. In re Dailey, 357 F.2d 669, 149 USPQ 47 (CCPA 1966).

This rejection of claim 40 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #163**

The requester submits that claim 40 is unpatentable under 35 U.S.C. § 103(a) as being anticipated by Berall in view of GB '732.

The examiner disagrees with the third party requester's position. Requester submits that Berall teaches an elongate arm 17 having a base portion (proximal end 24) and a lifter portion (the region located proximally of tip 28 of distal end 25) where the base portion and the lifter portion meet at a defined angle (refer to page 4 of the request showing a schematic of Fig. 4 of Berall with a defined angle added). However, nowhere in the specification or Figures of Berall is an angle between portions of the arm 17 discussed or implied. The examiner also interprets Fig. 4 of Berall as not showing an

angle between the base portion and the lifter portion, contrary to requester's schematic.

It appears hat the tip 28 is provided with an angle or bevel, most likely to aid in the

insertion of the blade. However, this angle or bevel does not constitute the angle

recited in claim 1 of U.S. Patent No. 6,543,447, which is an angle between two portions

of the laryngoscope blade. The angle or bevel of tip 28 is instead an angle upon itself.

Accordingly, the device of Berall does not meet the claimed limitation.

This rejection of claim 40 based on Berall in view of GB '732 was proposed by

the third party requester in the request for reexamination and is **not** being adopted

essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #164**

The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Wood.

Claim 41 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Wood.

Wood teaches that the viewer 24 in the laryngoscope may be a CMOS device

(see col. 3, lines 53-57 of Wood. Wood thus demonstrates that providing a CMOS

camera in a laryngoscope to view the patient's airway during an intubation procedure is

well known in the art. GB '732 also recognizes the need for an applicability of a viewer

(prism 10) for viewing tissues during intubation. Accordingly, it would have been

obvious for one of ordinary skill in the art at the time the invention was made to provide

the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 41 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #165

The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 41 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a CMOS camera as the viewer (see col. 5, lines 46-48). Berall thus demonstrates that providing a CMOS camera in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. GB '732 also recognizes the need for an applicability of a viewer (prism 10) for viewing tissues during intubation. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a CMOS as the viewer in lieu of prism 10.

This rejection of claim 41 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #166

The requester submits that claim 41 is unpatentable under 35 U.S.C. § 103(a) as being obvious over Wood in view of GB '732.

Claim 41 is rejected under 35 U.S.C. § 103(a) as being anticipated by Wood. Wood teaches a that viewer (image sensor 42) may be a Complementary Metal Oxide Semiconductor (CMOS) device (see col. 3, lines 53-57).

This rejection of claim 41 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #167

The requester submits that claim 41 is unpatentable 35 U.S.C. § 103(a) as being obvious over Berall in view of GB '732.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #163.

This rejection of claim 41 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #168

The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Kantor.

Claim 42 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Kantor.

Kantor teaches that providing a display to view an image of the patient's airway

on a video monitor 66 would facilitate the intubation process by giving the medical

professional an improved observation of the airway (see Fig. 4, page 7, lines 6-15 and

page 10, lines 21-23). Kantor thus demonstrates that providing a display for a

laryngoscope is well known in the art. Accordingly, it would have been obvious for one

of ordinary skill in the art at the time the invention was made to provide the

laryngoscope of GB '732 with a display, such as the one disclosed by Kantor.

This rejection of claim 42 based on GB '732 in view of Kantor was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #169**

The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Wood.

Claim 42 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Wood.

Wood teaches that providing a display to view an image of the patient's airway

would facilitate the intubation process by giving the medical professional an improved

observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that

providing a display for a laryngoscope is well known in the art. Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Wood.

This rejection of claim 42 based on GB '732 in view of Wood was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #170

The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Claim 42 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Berall.

Berall teaches a laryngoscope with a display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Berall.

This rejection of claim 42 based on GB '732 in view of Berall was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #171

The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Claim 42 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732.

Wood teaches that providing a display to view an image of the patient's airway would facilitate the intubation process by giving the medical professional an improved observation of the airway (see col. 3, lines 57-61). Wood thus demonstrates that providing a display for a laryngoscope is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Wood.

This rejection of claim 42 based on Wood in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #172

The requester submits that claim 42 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

Claim 42 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732.

Berall teaches a laryngoscope with a display to view an image of the patient's airway during the intubation process (see Fig. 4 and col. 5, lines 34-36). Berall thus demonstrates that providing a display in a laryngoscope to view the patient's airway during an intubation procedure is well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with a display, such as the one disclosed by Berall.

This rejection of claim 42 based on Berall in view of GB '732 was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #173**

The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Claim 43 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman.

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally secured to the base portion 12 of the laryngoscope blade at a pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the base portion 27

and lifter portion 28 of GB '732 with a pivotal connection, in the manner disclosed by

Bauman, to facilitate the intubation process.

This rejection of claim 43 based on GB '732 in view of Bauman was proposed by

the third party requester in the request for reexamination and is being adopted

essentially as proposed in the request.


**Proposed Third Party Requester Rejection: Ground #174**

The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as

being unpatentable over GB '732 in view of Mentzelopoulous.

Claim 43 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB

'732 in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds)

pivotally secured to the base portion (length L/3) at a pivot point (see Figs. I-III, page 13,

lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21, lines

19-23). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with

two portions that are pivotally connected is well known in the art to increase the

flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would

have been obvious for one of ordinary skill in the art at the time the invention was made

to provide the base portion 27 and lifter portion 28 of GB '732 with a pivotal connection,

in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 43 based on GB '732 in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #175

The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Bauman.

Claim 43 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Bauman.

Bauman teaches a laryngoscope having a lifter portion (flexible tip 35) pivotally secured to the base portion 12 of the laryngoscope blade at a pivot point (near blade section 42) (see Figs. 5 and 6 and col. 3, lines 13-24 and 54-57). Bauman thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the base portion and lifter portion of Wood with a pivotal connection, in the manner disclosed by Bauman, to facilitate the intubation process.

This rejection of claim 43 based on Wood in view of GB '732 and further in view of Bauman was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #176

The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Mentzelopoulous.

Claim 43 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732 and further in view of Mentzelopoulous.

Mentzelopoulous teaches a laryngoscope having a lifter portion (distal two thirds) pivotally secured to the base portion (length L/3) at a pivot point (see Figs. I-III, page 13, lines 16-17, page 16, lines 16-19, page 18, line 26 to page 19, line 1 and page 21, lines 19-23). Mentzelopoulous thus demonstrates that providing a laryngoscope blade with two portions that are pivotally connected is well known in the art to increase the flexibility of the laryngoscope and facilitate the intubation process. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the base portion and lifter portion of Wood with a pivotal connection, in the manner disclosed by Mentzelopoulous, to facilitate the intubation process.

This rejection of claim 43 based on Wood in view of GB '732 and further in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #177

The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Bauman.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #163.

This rejection of claim 43 based on Berall in view of GB '732 and further in view of Bauman was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #178

The requester submits that claim 43 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732 and further in view of Mentzelopoulous.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #163.

This rejection of claim 43 based on Berall in view of GB '732 and further in view of Mentzelopoulous was proposed by the third party requester in the request for reexamination and is **not** being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #179

The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Levin.

Claim 44 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Bauman and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 44 based on GB '732 in view of Bauman and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.


## Proposed Third Party Requester Rejection: Ground #180

The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Levin.

Claim 44 is rejected under 35 U.S.C. § 103(a) as being unpatentable over GB '732 in view of Mentzelopoulous and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have

been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of GB '732 with an LED in lieu of the lamp 26.

This rejection of claim 44 based on GB '732 in view of Mentzelopoulous and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

## Proposed Third Party Requester Rejection: Ground #181

The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732, further in view of Bauman and further in view of Levin.

Claim 44 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732, further in view of Bauman and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 44 based on Wood in view of GB '732, further in view of Bauman and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #182**

The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

Claim 44 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Wood in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

Levin teaches a system for intubation of a patient where the lifter portion (distal end 24 of formable shaft 20 which engages the epiglottis to allow insertion of an endotracheal tube) includes a Light Emitting Diode (LED) operably secured thereto (see col. 3, lines 44-46 and col. 5, lines 6-12). Levin thus demonstrates that LEDs used as light sources in a laryngoscope are well known in the art. Accordingly, it would have been obvious for one of ordinary skill in the art at the time the invention was made to provide the laryngoscope of Wood with an LED in lieu of the fiber optic bundles 46.

This rejection of claim 44 based on Wood in view of GB '732, further in view of Mentzelopoulous and further in view of Levin was proposed by the third party requester in the request for reexamination and is being adopted essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #183**

The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732, further in view of Bauman and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #163.

This rejection of claim 44 based on Berall in view of GB '732, further in view of Bauman and further in view of Levin was proposed by the third party requester in the request for reexamination and **is not being adopted** essentially as proposed in the request.

**Proposed Third Party Requester Rejection: Ground #184**

The requester submits that claim 44 is unpatentable under 35 U.S.C. § 103(a) as being unpatentable over Berall in view of GB '732, further in view of Mentzelopoulous and further in view of Levin.

The examiner disagrees with the third party requester's position for the reasons set forth above in proposed Ground #163.

This rejection of claim 44 based on Berall in view of GB '732, further in view of Mentzelopoulous and further in view of Levin was proposed by the third party requester in the request for reexamination and **is not being adopted** essentially as proposed in the request.

### *Pertinent Prior Art*

The prior art made of record and not relied upon is considered pertinent to patent owner's disclosure.

Patent owner should note the following references disclosing laryngoscopes with angled or moveable lifer portions on the laryngoscope blade:

Haslinger, U.S. Patent No. 1,568,732;

Abramowitz, U.S. Patent No. 6,174,281;

Sakamoto, U.S. Patent No. 6,095,972; and

Franicevic, U.S. Patent No. 5,498,231.

### *Conclusion*

Please mail any communications to:

> Attn: Mail Stop "Inter Partes Reexam"
> Central Reexamination Unit
> Commissioner for Patents
> P.O. Box 1450
> Alexandria, VA  22313-1450

Please FAX any communications to:

> (571) 273-9900
> Central Reexamination Unit

Please hand-deliver any communications to:

> Customer Service Window
> Attn: Central Reexamination Unit
> Randolph Building, Lobby Level
> 401 Dulaney Street
> Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


Signed:

Beverly M. Flanagan
CRU Examiner
GAU 3993
(571) 272-4766

Conferees

  UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000,161 | 07/28/06 | 6,543,447 | |

IPSOLON LLP
111 SW COLUMBIA
SUITE 710
PORTLAND, OR 97201

| EXAMINER |
|---|
| Reip, D. |

| ART UNIT | PAPER |
|---|---|
| 3993 | |

DATE MAILED:

10/25/06

# *INTER PARTES* REEXAMINATION COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

PTOL-2071 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

EDWARD & ANGELL LLP
P.O. BOX 55874
BOSTON, MA 02205

# Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/000,161*.

PATENT NUMBER *6,543,447*.

TECHNOLOGY CENTER *3999*.

ART UNIT *3993*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070 (Rev.07-04)

<table>
<tr><td rowspan="2"><strong><em>ORDER GRANTING/DENYING REQUEST FOR</em> INTER PARTES <em>REEXAMINATION</em></strong></td><td colspan="2"><strong>Control No.</strong><br>95/000,161</td><td colspan="2"><strong>Patent Under Reexamination</strong><br>6543447</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>David O. Reip</td><td><strong>Art Unit</strong><br>3993</td><td></td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s): ☐ PTO-892   ☒ PTO/SB/08   ☐Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☐ An Office action is attached with this order.

    ☒ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

### DECISION ON REQUEST FOR INTER PARTES REEXAMINATION

A substantial new question of patentability affecting claims 1-44 of United States Patent Number 6,543,447 to Pacey ("Pacey '447") is raised by the request for *inter partes* reexamination.

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will **not** be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 USC 314(b)(3).

### Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985 to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,543,447 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP § 2686 and 2686.04.