# Exhibit 5
# Part 36
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com

### *Service of Papers*

Any paper filed by either the patent owner or the third party requester ***must be***

***served*** on the other party in the reexamination proceeding in the manner provided by

37 CFR 1.248. See 37 CFR 1.903 and MPEP 2666.06.


The prior art documents listed below are relied upon by requester in support of

the request for inter partes reexamination.

(A) GB 2 086 732 ("GB '732")

(B) U.S. Patent No. 5,800,344 ("Wood")

(C) U.S. Patent No. 5,827,178 ("Berall")

(D) U.S. Patent No. 5,443,058 ("Ough")

(E) U.S. Patent No. 4,573,451 ("Bauman")

(F) U.S. Patent No. 5,676,635 ("Levin")

(G) WO 91/04703 ("Kantor")

(H) WO 98/19589 ("Mentzelopoulos")


The request indicates that the requester considers:

(1) Claims _1_, 2, 6, 10-16, _19_, _26_, 27, 30, _34_, 35 and _40_ are unpatentable under

35 USC 102(b) as being anticipated by GB '732.

(2) Claims _1_, 2, 4-6, 8 and 9 are unpatentable under 35 USC 102(e) as being

anticipated by Wood.

(3) Claim 1, 2, 4-6, 8 and 9 are unpatentable under 35 USC 102(e) as being anticipated by Berall.

(4) Claims 1, 2 and 6 are unpatentable under 35 USC 103(a) as being obvious over GB '732 or Berall in view of Wood.

(5) Claim 3 is unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Ough.

(6) Claims 4, 5, 28, 29, 31, 36 and 41 are unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Wood or Berall.

(7) Claim 7 is unpatentable under 35 USC 103(a) as being obvious over GB '732 or Wood or Berall in view of Levin.

(8) Claims 8, 9, 37 and 42 are unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Wood or Berall or Kantor.

(9) Claims 10-16, 19-21, 26-31, 34-37 and 40-42 are unpatentable under 35 USC 103(a) as being obvious over Wood or Berall in view of GB '732.

(10) Claims 17 and 18 are unpatentable under 35 USC 103(a) as being obvious over GB '723 or Wood or Berall in view of Bauman or Mentzelopoulos.

(11) Claim 20 is unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Levin.

(12) Claims 21, 32 and 33 are unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Wood or Berall, and further in view of Levin.

(13) Claims 22, 23, 38, 39, 43 and 44 are unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Bauman or Mentzelopoulos.

(14) Claims _22_-25, 38, 39, 43 and 44 are unpatentable under 35 USC 103(a) as being obvious over Wood or Berall in view of GB '732, and further in view of Bauman or Mentzelopoulos.

(15) Claims 24 and 25 are unpatentable under 35 USC 103(a) as being obvious over GB '732 in view of Bauman or Mentzelopoulos, and further in view of Wood or Berall or Kantor.

(16) Claims 32 and 33 are unpatentable under 35 USC 103(a) as being obvious over Wood or Berall in view of GB '732, and further in view of Levin.

(Note: Claim numbers above in underlined italics are independent)

A discussion of the requester's primary references GB '732, Wood, and Berall and their correlation to at least the independent claims follows. A complete analysis and response to all of the requester's proposed rejections will be included in the Office action to follow in due course.

### *GB 2 086 732*

The GB '732 reference is a new teaching, not previously considered nor addressed in the prior examination of the patent or a final holding of invalidity by the Federal Courts.

It is agreed that GB '732, taken alone and together with the references discussed below, raises an SNQ with respect to independent claims 1, 19, 22, 26, 34, and 40, and claims that depend therefrom.

Claim 1 requires, *inter alia*, an intubation instrument having "an elongate base portion...and an elongate lifter portion extending from said elongate base portion...defining an angle between the elongate base portion and the elongate lifter portion...said elongate lifter portion having...a second defined length, said second defined length being long enough to extend into the laryngopharynx and operably engage the epiglottis of the patient when the elongate base portion is extended into the patient's oropharynx." GB '732 teaches an intubation instrument having an elongate base portion 27 and an elongated lifter portion 28, the base and lifter portions defining an angle therebetween and having a length long enough to extend into the laryngopharynx and operably engage the epiglottis when the elongate base portion 27 is extended into the patient's oropharynx (see Figs. 8, 9 and 17). The references considered during the prior examination do not disclose the above-recited limitations. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claim 1 is patentable. Accordingly, GB '732 raises an SNQ as to claim 1 and corresponding dependent claims which has not been decided in a previous examination of the Pacey '447 patent.


Claim 19 requires, *inter alia*, an intubation instrument having "an elongate lifter portion having a smooth surface for engaging the patient's epiglottis" and "a viewer

positioned substantially near the area where said elongate base portion meets said

elongate lifter portion." GB '732 teaches an intubation instrument having an elongated

lifter portion 28 having a rounded tip 22 for engaging the epiglottis, and a viewer (prism

10) positioned near where the base portion 27 meets the lifter portion 28 (see Figs. 8, 9

and 17). The references considered during the prior examination do not disclose the

above-recited limitations. Thus, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not claim 19

is patentable. Accordingly, GB '732 raises an SNQ as to claim 19 and corresponding

dependent claims which has not been decided in a previous examination of the Pacey

'447 patent.


Claim 22 requires, *inter alia*, an intubation instrument having "an elongate base

portion...and an elongate lifter portion...said elongate lifter portion...pivotally secured to

said elongate base portion...said elongate lifter portion...extending from said elongate

base portion by at least a 5 degree angle." GB '732 teaches an intubation instrument

having an elongated base portion 27 and an elongate lifter portion 28, and Fig. 8 shows

the lifter portion 28 extending from the base portion by at least 5 degrees (see Figs. 8, 9

and 17). Bauman teaches an intubation instrument comprising an elongate base

portion with a pivotally attached elongate lifter portion 35 (see Figs. 5- 6). There is a

substantial likelihood that a reasonable examiner would consider these teachings

important in deciding whether or not claim 22 is patentable. Accordingly, GB '732 taken

with Bauman raises an SNQ as to claim 22 and corresponding dependent claims which has not been decided in a previous examination of the Pacey '447 patent.

Claim 26 requires, *inter alia*, an intubation instrument having "an elongate base portion...and an elongate lifter portion...said elongate lifter portion being at least as long as said elongate base portion and extending from said elongate base portion by at least a 5 degree angle." GB '732 teaches an intubation instrument having an elongated base portion 27 and an elongate lifter portion 28, and Fig. 8 appears to show that the lifter portion 28 is at least as long as the base portion 27 and extends from the base portion by at least 5 degrees (see Figs. 8, 9 and 17). The references considered during the prior examination do not disclose the above-recited limitations. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claim 26 is patentable. Accordingly, GB '732 raises an SNQ as to claim 26 and corresponding dependent claims which has not been decided in a previous examination of the Pacey '447 patent.

Claim 34 requires, *inter alia*, an intubation instrument having "an elongate base portion...and an elongate lifter portion...said elongate base portion having a first defined length, said elongate lifter portion having a second defined length...said second defined length being about as long as said first defined length" and "a viewer operably secured...substantially where said elongate base portion meets said elongate lifter portion." GB '732 teaches an intubation instrument having an elongated base portion

27 of a defined length and an elongate lifter portion 28 of a defined length, and Fig. 8

appears to show that the lifter portion 28 is about as long as the base portion 27. Fig. 8

also shows a viewer 10 secured substantially where the base portion meets the lifter

portion. The references considered during the prior examination do not disclose the

above-recited limitations. Thus, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not claim 34

is patentable. Accordingly, GB '732 raises an SNQ as to claim 34 and corresponding

dependent claims which has not been decided in a previous examination of the Pacey

'447 patent.


Claim 40 requires, *inter alia*, an intubation instrument having "an elongate arm

having an elongate base portion...and an elongate lifter portion...a viewer operably

secured to said...elongate arm substantially near where said elongate base portion

meets said elongate lifter portion...said elongate arm having a center, and said elongate

base portion meets said elongate lifter portion substantially near said center." GB '732

teaches an intubation instrument comprising an elongate arm 21 having an elongated

base portion 27 that meets an elongate lifter portion 28 substantially near the center of

the arm 21 (see Fig. 8). Fig. 8 also shows a viewer 10 secured substantially near where

the base portion meets the lifter portion. The references considered during the prior

examination do not disclose the above-recited limitations. Thus, there is a substantial

likelihood that a reasonable examiner would consider these teachings important in

deciding whether or not claim 40 is patentable. Accordingly, GB '732 raises an SNQ as

to claim 40 and corresponding dependent claims which has not been decided in a
previous examination of the Pacey '447 patent.


### U.S. Patent No. 5,800,344 to Wood

The Wood patent is "old art" (was cited and considered) but was not applied in
the earlier concluded examination of the Pacey '447 patent.

It is agreed that Wood raises an SNQ with respect to independent claims 1, 22,
and 40, and claims that depend therefrom.

Claim 1 requires, *inter alia*, an intubation instrument having "an elongate base
portion...and an elongate lifter portion extending from said elongate base
portion...defining an angle between the elongate base portion and the elongate lifter
portion." Wood teaches an intubation instrument having an elongate base portion 26
and an elongated lifter portion 12, the base and lifter portions defining an angle
therebetween (see Fig. 2). There is a substantial likelihood that a reasonable examiner
would consider these teachings important in deciding whether or not claim 1 is
patentable. Accordingly, Wood raises an SNQ as to claim 1 and corresponding
dependent claims which has not been decided in a previous examination of the Pacey
'447 patent.


Claim 22 requires, *inter alia*, an intubation instrument having "an elongate base
portion...and an elongate lifter portion...said elongate lifter portion...pivotally secured to
said elongate base portion...said elongate lifter portion...extending from said elongate

base portion by at least a 5 degree angle." Wood teaches an intubation instrument

having an elongated base portion 26 and an elongate lifter portion 12 (see Fig. 2). GB

'732 teaches a laryngoscope having a lifter portion 28 extending from the base portion

by at least 5 degrees (see Figs. 8, 9 and 17). Bauman teaches an intubation instrument

comprising an elongate base portion with a pivotally attached elongate lifter portion 35

(see Figs. 5- 6). There is a substantial likelihood that a reasonable examiner would

consider these teachings important in deciding whether or not claim 22 is patentable.

Accordingly, Wood taken with GB '732 and Bauman raises an SNQ as to claim 22 and

corresponding dependent claims which has not been decided in a previous examination

of the Pacey '447 patent.


Claim 40 requires, *inter alia*, an intubation instrument having "an elongate arm

having an elongate base portion...and an elongate lifter portion...a viewer operably

secured to said...elongate arm substantially near where said elongate base portion

meets said elongate lifter portion...said elongate arm having a center, and said elongate

base portion meets said elongate lifter portion substantially near said center." Wood

teaches an intubation instrument comprising an elongate arm having an elongated base

portion 26, an elongate lifter portion 12, and a viewer 44 (see Fig. 2). GB '732 teaches

an intubation instrument having an elongate lifter portion 28 substantially near the

center of the arm 21 (see Fig. 8). There is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not claim 40

is patentable. Accordingly, Wood taken with GB '732 raises an SNQ as to claim 40 and

corresponding dependent claims which has not been decided in a previous examination of the Pacey '447 patent.

### U.S. Patent No. 5,827,178 to Berall

The Berall patent is "old art" (was cited and considered) but was not applied in the earlier concluded examination of the Pacey '447 patent.

It is agreed that Berall raises an SNQ with respect to independent claims 1, 22, and 40, and claims that depend therefrom.

Claim 1 requires, *inter alia*, an intubation instrument having "a handle...an elongate base portion...and an elongate lifter portion extending from said elongate base portion." Berall teaches an intubation instrument having a handle 18, an elongate base portion 24 and an elongated lifter portion 25/28 (see Fig. 4). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not claim 1 is patentable. Accordingly, Berall raises an SNQ as to claim 1 and corresponding dependent claims which has not been decided in a previous examination of the Pacey '447 patent.

Claim 22 requires, *inter alia*, an intubation instrument having "an elongate base portion...and an elongate lifter portion...said elongate lifter portion...pivotally secured to said elongate base portion...said elongate lifter portion...extending from said elongate base portion by at least a 5 degree angle." Berall teaches an intubation instrument

having an elongated base portion 24 and an elongate lifter portion 25/28 (see Fig. 4).

GB '732 teaches an intubation instrument having a lifter portion 28 extending from the

base portion by at least 5 degrees (see Figs. 8, 9 and 17). Bauman teaches an

intubation instrument comprising an elongate base portion with a pivotally attached

elongate lifter portion 35 (see Figs. 5- 6).   There is a substantial likelihood that a

reasonable examiner would consider these teachings important in deciding whether or

not claim 22 is patentable. Accordingly, Berall taken with GB '732 and Bauman raises

an SNQ as to claim 22 and corresponding dependent claims which has not been

decided in a previous examination of the Pacey '447 patent.


Claim 40 requires, *inter alia*, an intubation instrument having "an elongate arm

having an elongate base portion…and an elongate lifter portion…a viewer operably

secured to said…elongate arm substantially near where said elongate base portion

meets said elongate lifter portion…said elongate arm having a center, and said elongate

base portion meets said elongate lifter portion substantially near said center." Berall

teaches an intubation instrument comprising an elongate arm having an elongated base

portion 24, an elongate lifter portion 25/28, and a viewer 26. GB '732 teaches an

intubation instrument having an elongate lifter portion 28 substantially near the center of

the arm 21 (see Fig. 8). There is a substantial likelihood that a reasonable examiner

would consider these teachings important in deciding whether or not claim 40 is

patentable. Accordingly, Berall taken with GB '732 raises an SNQ as to claim 40 and

corresponding dependent claims which has not been decided in a previous examination

of the Pacey '447 patent.


As to the requester's additional secondary teaching references:

With respect to at least claim 7, Levin teaches the use of an LED in an

endotracheal tube insertion device;

With respect to at least claim 3, Ough teaches a laryngoscope with a telescope

viewer;

With respect to at least claim 17, Mentzelopoulos teaches a laryngoscope with a

pivotal end portion; and

With respect to at least claim 8, Kantor teaches an endoscope with a display.


Taken together with the teachings of the GB '732, Wood, or Berall, there is a

substantial likelihood that a reasonable examiner would consider these secondary

teachings important in deciding whether or not the claims are patentable. Accordingly,

Levin, Ough, Mentzelopoulos, and Kantor, taken with GB '732, Wood, or Berall, raise an

SNQ as to claims 1-44 which has not been decided in a previous examination of the

Pacey '447 patent.

### *Conclusion*

For the reasons given above, the references cited by the requester raise a

substantial new question of patentability with respect to the subject patent.  Accordingly,

all of claims 1-44 of the Pacey '447 patent will be reexamined.

An Office action will follow in due course.

**All** correspondence relating to this *inter partes* reexamination proceeding should be
directed as follows:

By **U.S. Postal Service Mail** to:

> Mail Stop *Inter Partes* Reexam
> ATTN:  Central Reexamination Unit
> Commissioner for Patents
> P.O. Box 1450
> Alexandria, VA  22313-1450

By FAX to:     (571) 273-9900
               Central Reexamination Unit

By hand to:    Customer Service Window
               Randolph Building
               401 Dulany St.
               Alexandria, VA  22314

Any inquiry concerning this communication or earlier communications from the
Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should
be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

David O. Reip
Primary Examiner
Central Reexamination Unit

(571) 272-4702

Conferee _____

Conferee _____

PTO/SB/58 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *INTER PARTES* REEXAMINATION TRANSMITTAL FORM

Address to:
MS Inter Partes Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**Attorney Docket No.**     54471/0002

**Date:**    July 28, 2006

1. [X] This is a request for *inter partes* reexamination pursuant to 37 CFR 1.913 of patent number
   6,543,447   issued   April 8, 2003   . The request is made by
   a third party requester, identified herein below.

2. [X] a. The name and address of the person requesting reexamination is:

   Aircraft Medical Limited
   10 Saint Andrew Square
   Edinburgh EH2 2AF
   Scotland

   b. The real party in interest (37 CFR 1.915(b)(8)) is:   Aircraft Medical Limited

3. [ ] a. A check in the amount of  $ _____  is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(2);
   [X] b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(2)
      to Deposit Account No.   04-1105   (submit duplicative copy of this form for fee processing); or
   [ ] c. Payment by credit card. Form PTO-2038 is attached.

4. [X] Any refund should be made by  [ ] check or  [X] credit to Deposit Account No.   04-1105   .
   37 CFR 1.26(c). If payment is made by credit card, refund must be made to credit card account.

5. [X] A copy of the patent to be reexamined having a double column format on one side of a separate
   paper is enclosed. 37 CFR 1.915(b)(5)

6. [ ] CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
   [ ] Landscape Table on CD

7. [ ] Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a.- c. are required.*
   a. [ ] Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i  [ ] CD-ROM (2 copies) or CD-R (2 copies); **or**
      ii [ ] paper
   c. [ ] Statements verifying identity of above copies

8. [X] A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is
   included.

9. [X] Reexamination of claim(s)   1-44   is requested.

10. [X] A copy of every patent or printed publication relied upon is submitted herewith including a listing
    thereof on Form PTO/SB/08, PTO-1449, or equivalent.

11. [ ] An English language translation of all necessary and pertinent non-English language patents and/or
    printed publications is included.

1

PTO/SB/58 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. [X] The attached detailed request includes at least the following items:

    a.    A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.915(b)(3)

    b.    An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.915(b)(1) and (3)

13. [X] It is certified that the estoppel provisions of 37 CFR 1.907 do not prohibit this reexamination. 37 CFR 1.915(b)(7)

14. [X] a.    It is certified that a copy of this request has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:

| | |
|---|---|
| John R. Dawson<br>Ipsolon, LLP<br>111 SW Columbia, Suite 710<br>Portland, OR 97201 | Lawrence D. Graham, Esq.<br>Black Lowe & Graham, PLLC<br>701 Fith Ave., Suite 4800<br>Seattle, WA 98104 |

    Date of Service:    July 28, 2006    ; or

    [ ] b.    A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the application to:

    [X] The address associated with Customer Number:      21874

**OR**

| Firm or Individual Name | EDWARDS ANGELL PALMER & DODGE LLP<br>Brian M. Gaff, Esq. | | |
|---|---|---|---|
| Address | P.O. Box 55874 | | |
| City | Boston | State | MA | Zip | 02205 |
| Country | US | Telephone | (617) 439-4444 | Email | |

16. [X] The patent is currently the subject of the following concurrent proceeding(s):

    [ ] a. Copending reissue Application No. _____ .

    [ ] b. Copending reexamination Control No. _____ .

    [ ] c. Copending Interference No. _____ .

    [X] d. Copending litigation styled:
    Saturn Biomedical Systems, Inc. v. Aircraft Medical LTD., Northern District of Georgia, case # 1:06-cv-01574-JEC; Saturn biomedical Systems Inc. v. King Systems Corp., Western District of Washington, case # 2:06-cv-00932-RSM

| | |
|---|---|
| _(signature)_ | July 28, 2006 |
| Authorized Signature For Third Party Requester | Date |
| Brian M. Gaff | 44,691 |
| Typed/Printed Name | Registration Number, if applicable |



PTO/SB/58 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *INTER PARTES* REEXAMINATION TRANSMITTAL FORM

Address to:
MS Inter Partes Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

**Attorney Docket No.**   5447 1/0002

**Date:**   July 28, 2006

1. [X] This is a request for *inter partes* reexamination pursuant to 37 CFR 1.913 of patent number ___6,543,447___ issued ___April 8, 2003___ . The request is made by a third party requester, identified herein below.

2. [X] a. The name and address of the person requesting reexamination is:

   > Aircraft Medical Limited
   > 10 Saint Andrew Square
   > Edinburgh EH2 2AF
   > Scotland

   b. The real party in interest (37 CFR 1.915(b)(8)) is:   Aircraft Medical Limited

3. [ ] a. A check in the amount of $ _____ is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(2);

   [X] b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(2)

   to Deposit Account No. __04-1105__ (submit duplicative copy of this form for fee processing); or

   [ ] c. Payment by credit card. Form PTO-2038 is attached.

4. [X] Any refund should be made by [ ] check or [X] credit to Deposit Account No. __04-1105__ . 37 CFR 1.26(c). If payment is made by credit card, refund must be made to credit card account.

5. [X] A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed. 37 CFR 1.915(b)(5)

6. [ ] CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table

   [ ] Landscape Table on CD

7. [ ] Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a.- c. are required.*

   a. [ ] Computer Readable Form (CRF)

   b. Specification Sequence Listing on:

      i [ ] CD-ROM (2 copies) or CD-R (2 copies); **or**

      ii [ ] paper

   c. [ ] Statements verifying identity of above copies

8. [X] A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. [X] Reexamination of claim(s) ___1-44___ is requested.

10. [X] A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on Form PTO/SB/08, PTO-1449, or equivalent.

11. [ ] An English language translation of all necessary and pertinent non-English language patents and/or printed publications is included.



PTO/SB/58 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. [X] The attached detailed request includes at least the following items:

    a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.915(b)(3)

    b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.915(b)(1) and (3)

13. [X] It is certified that the estoppel provisions of 37 CFR 1.907 do not prohibit this reexamination. 37 CFR 1.915(b)(7)

14. [X] a. It is certified that a copy of this request has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:

| | |
|---|---|
| John R. Dawson<br>Ipsolon, LLP<br>111 SW Columbia, Suite 710<br>Portland, OR 97201 | Lawrence D. Graham, Esq.<br>Black Lowe & Graham, PLLC<br>701 Fith Ave., Suite 4800<br>Seattle, WA 98104 |

    Date of Service: _July 28, 2006_ ; or

    [ ] b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the application to:

    [X] The address associated with Customer Number: | 21874 |

**OR**

| [ ] Firm or<br>Individual Name | EDWARDS ANGELL PALMER & DODGE LLP<br>Brian M. Gaff, Esq. | | | |
|---|---|---|---|---|
| Address | P.O. Box 55874 | | | |
| City | Boston | State | MA | Zip | 02205 |
| Country | US | Telephone | (617) 439-4444 | Email | |

16. [X] The patent is currently the subject of the following concurrent proceeding(s):

    [ ] a. Copending reissue Application No. _____ .

    [ ] b. Copending reexamination Control No. _____ .

    [ ] c. Copending Interference No. _____ .

    [X] d. Copending litigation styled:
        Saturn Biomedical Systems, Inc. v. Aircraft Medical LTD., Northern District of Georgia, case # 1:06-cv-01574-JEC; Saturn biomedical Systems Inc. v. King Systems Corp., Western District of Washington, case # 2:06-cv-00932-RSM

| _(signature)_ | July 28, 2006 |
|---|---|
| Authorized Signature For Third Party Requester | Date |
| Brian M. Gaff | 44,691 |
| Typed/Printed Name | Registration Number, if applicable |

United States Patent and Trademark Office
- Sales Receipt -

08/04/2006 JPREDDIE 00000003 041105    95000161

01 FC:1813        8800.00 DA

United States Patent and Trademark Office
           - Sales Receipt -

08/04/2006 JPREDDIE 00000003 041105    95000161
Sale Ref: 00000003 DA#: 041105    95000161
01 FC:1813        8800.00 DA

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| PATENTEE: | Pacey | | |
| SERIAL NO.: | 09/732,129 | PATENT NO.: | 6,543,447 |
| FILING DATE: | 06-Dec-00 | ISSUE DATE: | 08-Apr-03 |
| TITLE: | *Intubation Instrument* | | |

Mail Stop Inter Partes Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## ATTACHMENT TO REQUEST
## FOR
## <u>INTER PARTES REEXAMINATION TRANSMITTAL FORM</u>

Inter Partes reexamination pursuant to 35 U.S.C. §§ 311-318 and 37 C.F.R. 1.902 et seq. is requested of U.S. Patent Number 6,543,447 ("the '447 patent").

Requester submits this document with the Inter Partes reexamination request as required by 37 C.F.R. 1.915.

**A.** Claims of the '447 patent for which reexamination is requested:

Reexamination of claims 1-44 in view of the references listed on the attached PTO SB/08 form. A copy of each reference is enclosed. These references are prior art under 35 U.S.C. § 102 as follows:

(1) U.S. Pat. No. 4,573,451 ("Bauman") – 35 U.S.C. § 102(b).

(2) U.S. Pat. No. 5,443,058 ("Ough") – 35 U.S.C. § 102(b).

(3)  U.S. Pat. No. 5,676,635 ("Levin") – 35 U.S.C. §§ 102(a), 102(e); 35 U.S.C. § 102(b) in view of the defective priority claim described in connection with claim 17.

(4)  U.S. Pat. No. 5,800,344 ("Wood, Sr. et al.") – 35 U.S.C. § 102(e); 35 U.S.C. §§ 102(a), 102(b) in view of the defective priority claim described in connection with claim 17.

(5)  U.S. Pat. No. 5,827,178 ("Berall") – 35 U.S.C. § 102(e); 35 U.S.C. §§ 102(a), 102(b) in view of the defective priority claim described in connection with claim 17.

(6)  GB 2086732 – 35 U.S.C. § 102(b).

(7)  WO 91/04703 ("Kantor") – 35 U.S.C. § 102(b).

(8)  WO 98/19589 ("Mentzelopoulous") – 35 U.S.C. §§ 102(a), 102(b) in view of the defective priority claim described in connection with claim 17.

The International ("PCT") application corresponding to the '447 patent, application number PCT/CA98/01094, published on June 10, 1999, as WO 99/27840. In view of the defective priority claim described in connection with claim 17, this PCT publication constitutes prior art under at least 35 U.S.C. § 102(b) to any claim of the '447 patent that cannot demonstrate a priority date before June 10, 2000.

B.  An explanation of the pertinency and matter of applying cited prior art to every claim for which reexamination is requested is set forth in the following paragraphs. The analysis of each claim ("the instant claim") incorporates by reference the analysis(es) of any other claim(s) from which the instant claim depends.

1.  Claim 1

(a)  Claim 1 is fully anticipated under 35 U.S.C. § 102 by GB 2086732 or U.S. Pat. No. 5,800,344 ("Wood, Sr. et al.") or U.S. Pat. No. 5,827,178 ("Berall") as described in the following claim chart:

| Claim 1 | GB 2086732 | US 5,800,344 | US 5,827,178 |
|---|---|---|---|
| 1. An intubation instrument, a portion of which is for insertion into a patient through the patient's mouth, the patient having a respiratory system with an oropharynx, a laryngopharynx, and an epiglottis, said intubation instrument comprising: | GB 2086732, p. 1, ll. 5-27, discloses a laryngoscope that is used in intubation procedures. The oropharynx, laryngopharynx, and epiglottis are mere recitations of anatomical landmarks. | US 5,800,344, col. 1, ll. 1-21 discloses a laryngoscope that is used in intubation procedures. The oropharynx, laryngopharynx, and epiglottis are mere recitations of anatomical landmarks. | US 5,827,178, col. 1, ll. 5-10; col. 4, ll. 8-12 discloses a laryngoscope that is used in intubation procedures. The oropharynx, laryngopharynx, and epiglottis are mere recitations of anatomical landmarks. |
| a body having a handle attached thereto; | GB 2086732, Fig. 15 discloses a laryngoscope body. A handle 43 is attached to the body and is shown more clearly in Fig. 10. The handle 43 may be integral or releasably attached to the remainder of the laryngoscope body (p. 3, ll. 100-104). | US 5,800,344, col. 2, ll. 47-54; Figs. 1, 4 discloses a laryngoscope body and a handle 20 attached to the body. | US 5,827,178, col. 5, ll. 13-15; Figs. 2, 4 discloses a laryngoscope body and a handle 21 attached to the body. |
| an elongate arm having an elongate base portion operably secured to said body at one end and an elongate lifter portion extending from said elongate base portion toward an opposite end of said elongate base portion thereby defining an angle between said elongate base portion and said elongate lifter portion, | GB 2086732, Figs. 7, 8, and 17 discloses an elongate arm (the laryngoscope blade 21). The laryngoscope blade 21 has an elongate base portion (the straight portion 27) that is operably secured to the remainder of the laryngoscope body using, for example, the notch 46 and clip 50 at the lower depending portion 49 of the lower part 47 (p. 3, ll. 14-16; p. 3, ll. 94-106; Figs. 7, 8, and | US 5,800,344, col. 2, ll. 47-54; Figs. 1, 4 discloses an elongate arm (the body 12, known conventionally as a "blade"). The blade has an elongate base portion (the region between the proximal end 16 and a point located distally of the proximal end 16) that is operably secured to the remainder of the laryngoscope body (col. 1, ll. 52-53; col. 2, ll. 64-67; Fig. 2). The blade has an | US 5,827,178, col. 5, ll. 13-18, 43; Fig. 4 discloses an elongate arm (the laryngoscope blade 17). The laryngoscope blade 17 has an elongate base portion (the proximal end 24) that is operably secured to the remainder of the laryngoscope body. The laryngoscope blade 17 has an elongate lifter portion (the region located proximally of the tip 28 of the distal end 25) that extends from |

| Claim 1 | GB 2086732 | US 5,800,344 | US 5,827,178 |
|---|---|---|---|
| | 10). The laryngoscope blade 21 has an elongate lifter portion (the straight portion 28) that extends from the elongate base portion (the straight portion 27) toward an opposite end of the elongate base portion. This is disclosed in GB 2086732, p. 2, ll. 27-31 and Fig. 8, which shows that the straight portions 27 and 28 meet at a defined angle. | elongate lifter portion (the region between the distal end 14 and a point located proximally of the distal end 14) that extends from the elongate base portion toward an opposite end of the elongate base portion (col. 2, ll. 47-54 and Fig. 1). The elongate base portion and the elongate lifter portion meet at a defined angle (elbow 34) (col. 3, ll. 5-6 and Fig. 2). | the elongate base portion (the proximal end 24) toward an opposite end of the elongate base portion. The elongate base portion and the elongate lifter portion meet at a defined angle (Fig. 4), as shown:  |
| said elongate base portion having a first defined length, said first defined length being long enough to extend through the patient[']s mouth into the patient's oropharynx; | GB 2086732, Figs. 9 and 17, show that the elongate base portion (the straight portion 27 shown in Fig. 8) has a length that is long enough to extend through the patient's mouth into the patient's oropharynx. The straight portion 27 is comprised of a forming component 24A, which has a length of between 40 mm and 120 mm, and preferably between 60 mm and 85 mm (p. 3, ll. 10-16; p. 3, l. 129 – p. 4, l. 2). | US 5,800,344, col. 1, ll. 10-53 discloses that the laryngoscope is inserted through a patient's pharynx, larynx, and trachea to open the patient's airway passage. Accordingly, the elongate base portion (the region between the proximal end 16 and a point located distally of the proximal end 16) is long enough to extend through the patient's mouth into the patient's oropharynx. | US 5,827,178, col. 1, ll. 5-10; col. 4, ll. 8-12; col. 5, ll. 5-13 discloses that the laryngoscope is inserted into a patient's mouth to visualize the pharynx and the area of the tracheal opening in preparation for intubation. Accordingly, the elongate base portion (the proximal end 24) is long enough to extend through the patient's mouth into the patient's oropharynx. |
| said elongate lifter | GB 2086732, Figs. 8, | US 5,800,344, col. 1, | US 5,827,178, col. 1, |

| Claim 1 | GB 2086732 | US 5,800,344 | US 5,827,178 |
|---|---|---|---|
| portion having, a distal end for insertion distal-end first through a patient's mouth, | 9, and 17, show that the elongate lifter portion (the straight portion 28 shown in Fig. 8) has a distal end (tip 22) that is inserted distal-end first through a patient's mouth. | ll. 50-52; col. 2, ll. 47-51 discloses that the elongate lifter portion (the region between the distal end 14 and a point located proximally of the distal end 14) has a distal end 14 that is inserted into the patient's mouth and contacts with the tissue of the patient's airway passage. | ll. 5-10; col. 4, ll. 8-12; col. 5, ll. 5-13 discloses that the elongate lifter portion (the region located proximally of the tip 28 of the distal end 25) has a distal end 25 that is inserted into the patient's mouth. |
| a second defined length, said second defined length being long enough to extend into the laryngopharynx and operably engage the epiglottis of the pat[i]ent when the elongate base portion is extended into the patient's oropharynx, and, | GB 2086732, Figs. 8, 9, and 17, show that the elongate lifter portion (the straight portion 28 shown in Fig. 8) has a length that is long enough to extend into the laryngopharynx and operably engage the epiglottis of the patient when the elongate base portion is extended into the patient's oropharynx. The straight portion 28 is comprised of a forming component 24B, which has a length of between 50 mm and 90 mm, and preferably between 60 mm and 75 mm (p. 3, ll. 10-16; p. 4, ll. 3-5). | US 5,800,344, col. 1, ll. 10-53 discloses that the laryngoscope is inserted through a patient's pharynx, larynx, and trachea to open the patient's airway passage. Accordingly, the elongate lifter portion (the region between the distal end 14 and a point located proximally of distal end 14) is long enough to extend into the laryngopharynx and, to open the airway, operably engage the epiglottis of the patient when the elongate base portion (the region between the proximal end 16 and a point located distally of the proximal end 16) is extended into the patient's oropharynx. | US 5,827,178, col. 1, ll. 5-10; col. 4, ll. 8-12; col. 5, ll. 5-13, 21-24; Fig. 4 discloses that the laryngoscope is inserted into a patient's mouth for intubation, which involves manipulation of the patient's epiglottis. Accordingly, the elongate lifter portion (the region located proximally of the tip 28 of the distal end 25) is long enough to extend into the laryngopharynx and, to allow intubation, operably engage the epiglottis of the patient when the elongate base portion (the proximal end 24) is extended into the patient's oropharynx. |
| a smooth surface for engaging the | GB 2086732, Fig. 8 shows that the | US 5,800,344, col. 1, ll. 50-52; col. 2, ll. 49- | US 5,827,178, Fig. 4 shows that the |

| Claim 1 | GB 2086732 | US 5,800,344 | US 5,827,178 |
|---|---|---|---|
| patient's epiglottis. | elongate lifter portion (the straight portion 28) has a smooth surface. Further, since the elongate lifter portion 28 of the laryngoscope blade 21 is inserted between the tongue and tonsil (p. 3, ll. 86-88), it needs to have a smooth surface to avoid injuring the sensitive tissue comprising the patient's airway. Accordingly, the smooth portion of the elongate lifter portion (the straight portion 28 shown in Fig. 8) is at least inherently disclosed.<br><br>Note that GB 2086732, Figs. 9 and 17 show the tip 22 of the elongate lifter portion (the straight portion 28) partially obstructed by the patient's epiglottis, denoted with diagonal marking in the excerpt below:<br><br> | 51 discloses that the elongate lifter portion (the region between the distal end 14 and a point located proximally of the distal end 14) has a distal end 14 that includes a smooth surface (smooth tip 18) for contacting the sensitive tissue in the patient's airway. | elongate lifter portion (the region located proximally of the tip 28 of the distal end 25) has a smooth surface. Further, since the elongate lifter portion 28 of the laryngoscope blade 21 is inserted in the mouth to manipulate the tongue (col. 5, ll. 5-10), it needs to have a smooth surface to avoid injuring the sensitive tissue comprising the patient's airway. Accordingly, the smooth portion of the elongate lifter portion (the region located proximally of the tip 28 of the distal end 25) is at least inherently disclosed. |

| Claim 1 | GB 2086732 | US 5,800,344 | US 5,827,178 |
|---------|------------|--------------|--------------|
|         |            |              |              |

(b)    Claim 1 is obvious under 35 U.S.C. § 103(a) over GB 2086732 or Berall in view of Wood, Sr. et al. because Wood, Sr. et al., col. 1, ll. 50-52; col. 2, ll. 49-51, discloses laryngoscope with an elongate lifter portion (the region between the distal end 14 and a point located proximally of the distal end 14) having a distal end 14 that includes a smooth surface (smooth tip 18) for contacting the sensitive tissue in the patient's airway. Accordingly, providing a smooth surface in the laryngoscopes of GB 2086732 or Berall, so as not to injure the patient and as shown in Wood, Sr. et al., would have been obvious to a person having ordinary skill in the art of laryngoscope design at the time the alleged invention of the '447 patent was made.

2.    Claim 2

Claim 2 reads:

> 2. The intubation instrument of claim 1, further including a viewer positioned substantially near where said elongate base portion meets said elongate lifter portion of the elongate arm, said viewer directed toward the distal end of said elongate lifter portion.

(a)    Claim 2 is fully anticipated under 35 U.S.C. § 102 by GB 2086732 because GB 2086732, p.3, ll. 35-53; Fig. 9, discloses a viewer (prism 10) positioned substantially near the area where the elongate base portion (the straight portion 27) meets the elongate lifter portion (the straight portion 28). The prism is directed toward the distal end of the straight portion 28 to provide a view of the patient's anatomy.

(b)    Claim 2 is fully anticipated under 35 U.S.C. § 102 by Wood, Sr. et al. because Wood, Sr. et al., col. 1, ll. 60-62; col. 3, ll. 22-37; Fig. 3, discloses a viewer (image sensor 42) positioned substantially near the area where