# Exhibit 5
# Part 42
# To Third Declaration of
# Joseph N. Hosteny

Dockets.Justia.com



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,330 | 11/17/2006 | 6988138 | | 3192 |

7590          01/25/2007

WAYNE M. KENNARD
HALE AND DORR LLP
60 STATE STREET
BOSTON, MA  02109

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 01/25/2007

Please find below and/or attached an Office communication concerning this application or proceeding.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

1/25/07

SOFTWARE FREEDOM LAW CENTER

1995 BROADWAY

17TH FLOOR

NEW YORK, NY 10023-5882

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/008330

PATENT NO. 6,988,138

ART UNI 3993

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Order Granting / Denying Request For Ex Parte Reexamination** | 90/008,330 | 6988138 |
| | Examiner | Art Unit | |
| | Roland G. Foster | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>17 November 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,  b)☒ PTO/SB/08,  c)☒ Other: *See the Decision.*

1. ☒  The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐  The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a)☐ by Treasury check or,

    b)☐ by credit to Deposit Account No. _____ , or

    c)☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Roland G. Foster
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)        Office Action in *Ex Parte* Reexamination        Part of Paper No. 20070117

## DECISION

A substantial new question of patentability affecting claims 1-44 of United States Patent

No. 6,988,138 B1 to Alcorn et al. (hereinafter "Alcorn") is raised by the request for *ex parte*

reexamination, filed on November 17, 2006 (hereinafter the "Request").

Pages 1 and 2 of the Request identifies the following printed publications as providing

teachings relevant to the claims of the Alcorn patent:

1.    TopClass Version 1.2.2b Administrator's Guide (Ireland:  WBT Systems, October
      1997) (hereinafter "TopClass").

2.    "Information Sharing:  Collaborating Across the Networks," Proceedings of the
      11th Annual International Conference on Systems Documentation (Waterloo,
      Ontario, Canada, 1993), 361-362 (New York:  ACM Press, 1993) (hereinafter
      "Galt").

3.    "Enhancing Teaching Using the Internet:  Report of the Working Group on the
      World Wide Web as an Interactive Teaching Resource," Proceedings of the 1st
      Conference on Integrating Technology into Computer Science Education
      (Barcelona, June 2-6, 1996) 218-228 (New York:  ACM Press, 1996) (hereinafter
      "Hartley").

4.    U.S. Patent No. 5,002,491 to Abrahamson et al. (hereinafter "Abrahamson").

A reasonable examiner would consider the above prior references important in making a

decision as to the patentability of claims 1-44 of the Alcorn patent.

Identification of Every Claim for Which Reexamination is Requested

Every claim for which reexamination has been requested has been identified in the

Request. For example, see pages 1 and 2 of the Request.


Statement Pointing Out Each Substantial New Question of Patentability

The Request points out each substantial new question of patentability. See pages 1 and 2

of the Request. The above-cited references were not of record in the prosecution of U.S.

Application No. 09/608,208 (later issuing as the Alcorn patent for which reexamination is

requested) (hereinafter the '208 Application). Thus, each question raised in the request is also a

new question.


During the prosecution of the '208 Application, the examiner gave the following reasons

for allowing claims 1, 3-36, and 38-46 (later renumbered and issuing as claims 1-44) in the

Notice of Allowance, mailed August 18, 2005:


The following is an examiner's statement of reasons for allowance: None of the prior art
teach or suggest a course...based system for providing to... an educational community of
users access to a plurality of online courses, comprising: a plurality of user computers,
with each user computer being associated with a user of the system and with each user
being capable of having predefined characteristics indicative of multiple predetermined
roles in the system, each role providing a level of access to a plurality of data files
associated with the course, with the multiple predetermined user roles comprising at least
two user's predetermined roles selected from the group consisting of a student role in one
or more course associated with a student user, an instructor role in one or more courses
associated with an instructor user and an administrator role associated with an
administrator user.

Therefore, all prior art references applied in the Request that, alone or in combination,

purport to teach the features described above would be better (i.e., <u>not</u> cumulative) to references

previously considered by the examiner.

## Detailed Explanation of How the Cited Prior Art Is Applied to Every Claim for Which
### Reexamination Is Requested

The above-cited publications are separately discussed regarding how they apply to claims

1-44 of the Alcorn patent. For example, see pages 4-18 of the Request.

## The TopClass Publication

In view of the examiner's reasons for allowing all claims in the '208 application (later

maturing as the Alcorn patent) as discussed above, a reasonable examiner would consider the

TopClass publication important in making a decision as to the patentability of all claims in the

Alcorn patent. For example, TopClass teaches a course-based system for providing to an

educational community of users access to a plurality of online courses. Specifically, TopClass

teaches a "learning environment that distributes course materials" and "allow[s] on-line

communication between instructors and students." TopClass, pp. 1 and 4. "Students are users

who are taking courses" and instructors assist students taking courses. TopClass, p. 4. Student

users are assigned to one or more classes, each having a specific set of course material;

instructors are assigned to one or more classes, and for each class they have a number of students

assigned to them. TopClass, p. 74.

The TopClass Publication also teaches a plurality of user computers, with each user computer being associated with a user of the system and with each user having predefined characteristics indicative of roles, such as student, instructor, and administrator. Specifically, TopClass teaches that each user has a computer (http client) associated with the TopClass server, as illustrated in Fig. 1, and as reproduced below.



**Figure 1. TopClass, HTTP Server and Client**

1.  The Client sends a TopClass HTTP request to the server.

2.  The HTTP Server passes the request directly to TopClass.

3.  TopClass generates the appropriate HTML page and returns it to the HTTP server.

4.  The HTTP server sends the page and any associated media files to the client.

Furthermore, TopClass teaches a course-based system with three predefined categories of user: student, instructors, and administrators. TopClass, pp. 4-6, 19, 23-24, and 74-81. "[A]dministrators always have access to the entire TopClass server." TopClass, p. 74. Students have limited access to system files (they are not given any of the security privileges described in TopClass at pp. 78-80). Instructors' access to create and edit files depends on the configuration of security privileges for each instructor, which determines the degree to which an instructor can

edit course files, modify individual student coursework, create and edit class announcements,

and delete messages posted to class discussion lists. TopClass, pp. 78-80. See also TopClass, p.

32 (illustrated "Access Preferences" page can be used by administrator to "specify default access

rights for various system objects," including checkboxes for administrators, instructors, and

students that can be used to determine whether a particular predefined user category can, for

example, view, edit, or delete messages and course unit material).

See also pages 4-18 of the Request, especially pages 4 and 5, which address

representative, independent claim 1.

The TopClass publication was not previously discussed by the examiner nor applied to

claims in the prior examination of the patent as discussed above.

There was also no final holding of invalidity by the Federal Courts regarding the Alcorn

patent.

Thus, a reasonable examiner would view the teachings of the TopClass publication

important in deciding to allow the claims being considered, thus raising a substantial new

question of patentability regarding claims 1-44 of the Alcorn patent.

## The Galt, Hartley, Abrahamson Publications

A reasonable examiner would consider the Galt, Hartley, and Abrahamson publications important in making a decision as to the patentability of claims 1-44 of the Alcorn patent. The Request proposes using said publications as secondary teaching references in combination with the TopClass publication in order to raise a substantial new question regarding certain dependent claims, specifically claims 8, 10, 22, 23, 35, 41, 42, and 44. See pages 1 and 2 of the Request. The TopClass publication however was determined by itself to raise a substantial new question of patentability as to claims 1-44 of the Alcorn patent, as discussed above. Thus, all proposed combination of references based on Alcorn, such as the ones described in the Request involving Galt, Hartley, and Abrahamson, also raise a substantial new question of patentability at least for similar reasons. For additional reasons, such as a detailed explanation of how said combinations are proposed to be applied to said dependent claims, see pages 7, 8, 10, 11, 14, 17, and 18 of the Request .

The Galt, Hartley, and Abrahamson publications were not previously discussed by the examiner nor applied to claims in the prior examination of the patent as discussed above.

There was also no final holding of invalidity by the Federal Courts regarding the Alcorn patent.

Thus, a reasonable examiner would consider Galt, Hartley, and Abrahamson important in deciding to allow the claims being considered, thus raising a substantial new question of patentability regarding claims 1-44 of the Alcorn patent.

## Conclusion

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the Alcorn patent throughout the course of this reexamination proceeding. The requester is also reminded of the ability to similarly appraise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

All correspondence relating to this *ex parte* reexamination proceeding should be directed
as follows:

By **U.S. Postal Service Mail** to:

      Mail Stop *Ex Parte* Reexam
      ATTN: Central Reexamination Unit
      Commissioner for Patents
      P.O. Box 1450
      Alexandria, VA 22313-1450

By FAX to:    (571) 273-9900
           Central Reexamination Unit

By hand to:   Customer Service Window
           Randolph Building
           401 Dulany St.
           Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:                                                                 Conferees:

_____
Roland G. Foster                                                   MARK J. REINHART
Central Reexamination Unit, Primary Examiner            SPRE-AU 3992
Electrical Art Unit 3992                                    CENTRAL REEXAMINATION UNIT
(571) 272-7538

                                                                 SCOTT L. WEAVER
                                                              CRU EXAMINER-AU 3992



11/17/06

PTO/SB/57 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

**Attorney Docket No.:**

Date: 11/14/2006

1. ☑ This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 6,988,138
issued January 17, 2006 . The request is made by:

    ☐ patent owner.      ☑ third party requester.

2. ☑ The name and address of the person requesting reexamination is:

    Richard E. Fontana

    Software Freedom Law Center

    1995 Broadway, 17th Floor, New York, NY 10023-5882

3. ☑ a. A check in the amount of $2,520.00 is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);

    ☐ b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1)
to Deposit Account No. _____ (submit duplicative copy for fee processing); or

    ☐ c. Payment by credit card. Form PTO-2038 is attached.

4. ☑ Any refund should be made by ☑ check or ☐ credit to Deposit Account No._____.
37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. ☑ A copy of the patent to be reexamined having a double column format on one side of a separate paper is
enclosed. 37 CFR 1.510(b)(4)

6. ☐ CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
    ☐ Landscape Table on CD

7. ☐ Nucleotide and/or Amino Acid Sequence Submission
*If applicable, items a. – c. are required.*

    a. ☐ Computer Readable Form (CRF)
    b. Specification Sequence Listing on:

        i. ☐ CD-ROM (2 copies) or CD-R (2 copies); **or**
        ii. ☐ paper

    c. ☐ Statements verifying identity of above copies

8. ☐ A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. ☑ Reexamination of claim(s) 1-44 _____ is requested.

10. ☑ A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on
Form PTO/SB/08, PTO-1449, or equivalent.

11. ☐ An English language translation of all necessary and pertinent non-English language patents and/or printed
publications is included.

11/20/2006 JPREDDIE 00000001 90008330
01 FC:1812               2520.00 OP

This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO
to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 2 hours to complete,
including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments
on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent
and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS
ADDRESS. SEND TO: **Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. [✓] The attached detailed request includes at least the following items:

    a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)

    b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. [ ] A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. [✓] a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:

Wayne M. Kennard

Hale and Dorr LLP

60 State Street, Boston MA 02109

Date of Service: 11/14/2006     ; or

    [ ] b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the reexamination to:

[ ] The address associated with Customer Number: [    ]

**OR**

[✓] Firm or Individual Name   Software Freedom Law Center

Address   1995 Broadway, 17th Floor

| City | State | Zip |
|------|-------|-----|
| New York | NY | 10023-5882 |

Country   USA

| Telephone | Email |
|-----------|-------|
| (212) 461-1909 | fontana@software-freedom.org |

16. [✓] The patent is currently the subject of the following concurrent proceeding(s):
    [ ] a. Copending reissue Application No. _____.
    [ ] b. Copending reexamination Control No. _____.
    [ ] c. Copending Interference No. _____.
    [✓] d. Copending litigation styled:

Blackboard Inc. v. Desire2Learn Inc., C.A. No. 9:06-CV-155 (E.D. Texas).

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| Richard E. Fontana | 11/14/2006 |
|--------------------|------------|
| Authorized Signature | Date |

| Richard E. Fontana | 52,902 | [ ] For Patent Owner Requester |
|--------------------|--------|-------------------------------|
| Typed/Printed Name | Registration No. | [✓] For Third Party Requester |

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

PATENT NO.:    6,988,138
ISSUED:        JANUARY 17, 2006
FOR:           INTERNET-BASED EDUCATION SUPPORT SYSTEM AND
               METHODS

Attachment to Form PTO-1465,
Request For *Ex Parte* Reexamination

Sir:

Reexamination under 35 U.S.C. §§ 302–307 and 37 C.F.R. § 1.510 is respectfully requested of claims 1–44 of United States Patent No. 6,988,138 (the "'138 Patent"),[1] which issued on January 17, 2006 to Alcorn et al. and is assigned to Blackboard Inc. Requesters submit that these claims are unpatentable under 35 U.S.C. §§ 102–103.

## There Are Substantial New Questions of Patentability

The substantial new questions of patentability raised by this Request are:

1. Whether claims 1–7, 9, 11–21, 24–34, 36–40, and 43 are anticipated by or obvious over *TopClass Version 1.2.2b Administrator's Guide* (Ireland: WBT Systems, October 1997) ("TopClass").[2] TopClass was first available to the public no later than November 25, 1997.[3]

2. Whether claims 8, 22, and 23 are obvious over TopClass in view of Galt et al., "Information Sharing: Collaborating Across the Networks," *Proceedings of the 11th Annual International Conference on Systems Documentation* (Waterloo, Ontario, Canada, 1993), 361–362 (New York: ACM Press, 1993) ("Galt").[4]

3. Whether claims 10, 35, and 44 are obvious over TopClass in view of Hartley et al., "Enhancing Teaching Using the Internet: Report of the Working Group on the World

---

[1] Appendix A contains a copy of the '138 Patent.
[2] Appendix B contains a copy of TopClass.
[3] See Appendix C (Declaration of James Kerslake).
[4] Appendix D contains a copy of Galt.

1

Wide Web as an Interactive Teaching Resource," *Proceedings of the 1st Conference on Integrating Technology into Computer Science Education* (Barcelona, June 2–6, 1996), 218–228 (New York: ACM Press, 1996) ("Hartley").[5]

4. Whether claims 41 and 42 are obvious over TopClass in view of U.S. Patent No. 5,002,491 to Abrahamson et al. ("Abrahamson"), which issued on March 26, 1991.[6]

TopClass, Galt, Hartley, and Abrahamson (collectively the "Cited Prior Art") are each prior art to the '138 Patent under 35 U.S.C. § 102(b). The application date of the '138 Patent was June 30, 2000. TopClass, Galt, and Hartley were each available as printed publications more than one year prior to the '138 Patent application date, and Abrahamson issued more than one year prior to the '138 Patent application date. Moreover, the Cited Prior Art is prior art to the '138 Patent under § 102(b) even if the '138 Patent is entitled to claim an earlier filing date of June 30, 1999, the filing date of the earliest-filed provisional application to which the '138 Patent claims priority.[7]

The questions listed above are substantial new questions of patentability because the Cited Prior Art was not of record in the file of the '138 Patent, and because the claims of the '138 Patent are not patentable over these documents. A detailed explanation of the pertinency and manner of applying the Cited Prior Art to each of claims 1 through 44 of the '138 Patent is set forth below.

### The User Role/File Access Elements of the Independent Claims Are Anticipated By or Obvious Over the Cited Prior Art

The '138 Patent has two independent claims, system claim 1 and method claim 36. Neither of these claims is a model of clear and precise drafting. In essence, however, both of these claims emphasize two features:

i. The system has several predefined user roles (student, instructor, and administrator).

ii. A user's level of access to course files is dependent on the particular predefined role of that user.

---

[5]Appendix E contains a copy of Hartley.
[6]Appendix F contains a copy of Abrahamson.
[7]Requesters reserve the right to argue that the '138 Patent is not entitled to claim the benefit of any earlier provisional application filing date.

TopClass teaches both of these features. First, TopClass expressly describes a system in which there are three predefined categories of user: students, instructors, and administrators. TopClass, pp. 4–6, 19, 23–24, 74, 76.

Second, TopClass teaches a system in which a user's access to course files and other system objects—whether the user can read, create, edit, or delete a particular file—is at least partly dependent on whether that user is an administrator, an instructor, or a student. For example, at one extreme are administrator users, who "always have access to the entire TopClass server." TopClass, p. 74. At the other extreme are student users, whose access to system files are limited (they are not granted any of the security privileges described in TopClass at pp. 78–80). The level of access of an instructor to create and edit files depends on the configuration of security privileges for that instructor. This configuration determines the degree to which an instructor can edit course files, modify individual student coursework, create and edit class announcements, and delete messages posted to class discussion lists. TopClass, pp. 78–80. Notably, TopClass also illustrates an "Access Preferences" page accessible to administrators which can be used to "specify default access rights for various system objects," including checkboxes for administrators ("owners"), instructors and students that can be used to determine whether particular user categories can, for example, view, edit, or delete messages and course units. TopClass, p. 32.

TopClass also teaches the use of a database in providing particular levels of course file access for particular categories of users. TopClass states that "each student can only access files to which they should have access. For every request sent to TopClass, before it fulfills the request, TopClass checks the User Information in the Embedded Object Store to see that the user has appropriate access rights to view the requested information." TopClass, p. 3. The WUser database object includes a field "Admin," which is "[a]n internal TopClass number used to represent the administration options which have been assigned to a user and determines the types of pages which the user can access. If the current user is not an instructor [i.e., if the user is a student] this number will be 8190. If the current user is an instructor then the number will represent the administration options allocated to the instructor." TopClass, p. 100.

3

The chart below sets forth an element-by-element comparison of each claim of the '138 Patent to the Cited Prior Art.

## Comparison of '138 Patent Claims to the Cited Prior Art

| '138 Patent | Cited Prior Art |
|---|---|
| 1. A course-based system for providing to an educational community of users access to a plurality of online courses, comprising: | TopClass is a "learning environment that distributes course materials" (TopClass, p. 1) and "allow[s] on-line communication between instructors and students" (TopClass, p. 4). "Students are users who are taking courses" and instructors assist students taking courses. TopClass, p. 4. Student users are assigned to one or more classes, each having a specific set of course material; instructors are assigned to one or more classes, and for each class they have a number of students assigned to them. TopClass, p. 74. |
| a) a plurality of user computers, with each user computer being associated with a user of the system and with each user being capable of having predefined characteristics indicative of multiple predetermined roles in the system, each role providing a level of access to a plurality of data files associated with a particular course and a level of control over the data files associated with the course with the multiple predetermined user roles comprising at least two user's predetermined roles selected from the group consisting of a student role in one or more course associated with a student user, an instructor role in one or more courses associated with an instructor user and an administrator role associated with an administrator user, and | "TopClass ... distributes course materials for viewing on any PC compatible or Macintosh computer." TopClass, p. 1.

TopClass teaches a course-based system with three predefined categories of user: students, instructors, and administrators. TopClass, pp. 4–6, 19, 23–24, 74, 76. "[A]dministrators always have access to the entire Top-Class server." TopClass, p. 74. Students have limited access to system files (they are not given any of the security privileges described in TopClass at pp. 78–80). Instructors' access to create and edit files depends on the configuration of security privileges for each instructor, which determines the degree to which an instructor can edit course files, modify individual student coursework, create and edit class announcements, and delete messages posted to class discussion lists. TopClass, pp. 78–80.

See also TopClass, p. 32 (illustrated "Access Preferences" page can be used by administrator to "specify default access rights for various system objects," including checkboxes for administrators, instructors, and students that can be used to determine whether a particular predefined user category can, for example, view, edit, or delete messages and course unit material). |

| '138 Patent | Cited Prior Art |
|---|---|
| b) a server computer in communication with each of the user computers over a network, the server computer comprising: means for storing a plurality of data files associated with a course, means for assigning a level of access to and control of each data file based on a user of the system's predetermined role in a course; means for determining whether access to a data file associated with the course is authorized; means for allowing access to and control of the data file associated with the course if authorization is granted based on the access level of the user of the system. | "TopClass stores all information on users and courses on a central server. Students, Instructors and Administrators can access that server from anywhere on the network using a standard Web browser . . . ." TopClass, p. 2.<br><br>"[E]ach student can only access files to which they should have access. For every request sent to TopClass, before it fulfills the request, TopClass checks the User Information in the Embedded Object Store to see that the user has appropriate access rights to view the requested information." TopClass, p. 3. The WUser database object includes a field "Admin," which is "[a]n internal TopClass number used to represent the administration options which have been assigned to a user and determines the types of pages which the user can access. If the current user is not an instructor this number will be 8190. If the current user is an instructor then the number will represent the administration options allocated to the instructor." TopClass, p. 100. |

| '138 Patent | Cited Prior Art |
|---|---|
| 2. The system of claim 1 wherein the instructor user is provided with an access level to enable the creation and editing of a plurality of files associated with a course. | "Access preferences allows [administrator] to specify default access rights for various system objects." TopClass, p. 32 (providing illustration of "Access" system preferences page in which, for "Unit Access," under "Instructors," boxes for "View" and "Edit" are checked). See also TopClass, p. 79 (describing instructor privileges settings, including the options "Edit Classes," which "[c]ontrols whether this instructor is permitted to edit and create classes"; "Edit Units," which "[c]ontrols whether this instructor is permitted to edit and create units and courses"; and "Coursework Personalization," which controls whether this instructor can modify the coursework for a particular student). See generally TopClass, pp. 41–71 (describing how instructor users can create course files). |
| 3. The system of claim 2 wherein the course files comprise an announcement file. | TopClass describes a read-only "Class Announcements area" to which "instructors post messages of interest to the class, such as reading lists, last minute changes and other special announcements," TopClass, p. 6. See also TopClass, p. 80 (instructors may be given access "to create and edit announcements"). |
| 4. The system of claim 2 wherein the course files comprise a course information file. | Instructors create and edit course information pages, which are HTML files. TopClass, pp. 41-43, 48. |
| 5. The system of claim 2 wherein the course files comprise a staff information file posted to all registered in the course. | The reference in claims 5–7 to a file "posted to all registered in the course" means a web page that is uploaded to a server and made accessible to registered student users. See '138 Patent, col. 17, line 40–col. 18, line 60.

TopClass describes distribution of course files to students through a web server. TopClass, pp. 2, 46. One would expect such files to include a page providing staff information for a class, since each class is associated with a set of instructors (TopClass, p. 82). It cannot be contended in good faith that the mere fact that a distributed course file contains staff information is itself novel or non-obvious (moreover, though it is not a ground for granting this Request, such a claim recites nonstatutory printed matter). |

| '138 Patent | Cited Prior Art |
|---|---|
| 6.  The system of claim 2 wherein the course files comprise a course document file posted to all registered in the course. | TopClass describes distribution of course files to students through a web server. TopClass, pp. 2, 46. |
| 7.  The system of claim 2 wherein the course files comprise an assignments file posted to all registered in the course. | TopClass describes distribution of course files to students through a web server. TopClass, pp. 2, 46. Such course files include "tests," which are special pages that pose questions for the student to answer. TopClass, pp. 7, 47, 51. |
| 8.  The system of claim 2 wherein the course files comprise a dropbox file. | '138 Patent describes a "dropbox" as "a file sharing utility that allows sharing of documents between users" ('138 Patent, col. 12, lines 27–28) which "works by 'uploading' a file from a disk or a computer to a central location.  A participant can then come and 'download' it to work locally" ('138 Patent, col. 20, lines 40–43).  '138 Patent admits that the uploading files to the dropbox is prior art involving "well known techniques."  '138 Patent, col. 16, line 24.<br><br>TopClass describes "Upload Questions," which "are questions which require students to submit their answers in the form of an external file"; such external files are uploaded through the web browser.  TopClass, p. 61.<br><br>Galt teaches the use of dropboxes for sharing documents electronically; dropboxes are described as folders on remote servers where writers and other parties "swap document drafts."  Galt, pp. 361–362.  It would have been obvious to a person having ordinary skill in the art at the time the invention was made to use the dropboxes of Galt for submission of student files in response to Upload Questions as taught by TopClass, in order to facilitate the sharing of such files with instructors. |

| '138 Patent | Cited Prior Art |
|---|---|
| 9.   The system of claim 2 wherein the course files comprise an asynchronous communication file. | '138 Patent gives discussion boards as sole example of an asynchronous communication tool ('138 Patent, col. 12, lines 22–25; col. 15, lines 45–49; col. 20, lines 28–32), and admits that such tools are "well known in the art" ('138 Patent, col. 15, lines 55–56).<br><br>"Students are grouped into classes and each class has two conferencing or bulletin board areas . . . . The second bulletin board is an open area to which all students can post messages to discuss issues and collaborate on projects." TopClass, p. 6. |
| 10.   The system of claim 2 wherein the course files comprise a synchronous communication file. | Hartley teaches use of synchronous communication technologies, such as chat and whiteboards, by students in an academic setting.  Hartley, pp. 220–221.  It would have been obvious to a person having ordinary skill in the art at the time the invention was made to supplement the asynchronous communication tools in TopClass with synchronous tools as taught in Hartley. |
| 11.   The system of claim 2 wherein the user is provided with an access level to enable reading of a plurality of files associated with a course. | "Access preferences allows you to specify default access rights for various system objects."  TopClass, p. 32 (illustrating "Access" page for administrator in which, for "[Course] Unit Access," under "Students," "View" box is checked but "Edit," "Delete," and "Admin" boxes are unchecked). |
| 12.   The system of claim 11 wherein the student user is provided with an access level to enable modification of a subset of the plurality of files associated with a course. | "Access preferences allows you to specify default access rights for various system objects."  TopClass, p. 32 (illustrating "Access" page for administrator in which, for "[Course] Unit Access," under "Students," "View" box is checked but "Edit," "Delete," and "Admin" boxes are unchecked; administrator can check the "Edit" box to permit students access to edit course unit files). |
| 13.   The system of claim 11 wherein the user is provided with an access level to enable creation of a student file associated with a file for which the student user is able to read. | "Upload Questions are questions which require students to submit their answers in the form of an external file." TopClass, p. 61.  Clearly this is a file created by the student and associated with the page containing the Upload Question; clearly the student must be able to read that page in order to answer the question. |

| '138 Patent | Cited Prior Art |
|---|---|
| 14. The system of claim 13 in which the file that the student is able to read is an assessment file created by the instructor user, and the student file created by the student user is a response to the assessment file. | "A test is a special page which poses questions for the student" (TopClass, p. 7); test pages are HTML files created by instructors (TopClass, pp. 43, 51); students submit answers in response to test page questions (TopClass, pp. 7, 53–54), such as "in the form of a file which they upload to the server" (TopClass, p. 56). |
| 15. The system of claim 14 wherein the assessment file comprises a plurality of examination questions selected by the instructor user to assess the ability of the student user. | "Test pages are sets of one or more questions which a student must answer" (TopClass, p. 47); the instructor "can create new questions and edit existing ones" (TopClass, p. 54); see TopClass, p. 56 (describing how instructors create questions for tests). "The student is expected to be able to answer the tests based on the material in the course pages." TopClass, p. 7. |
| 16. The system of claim 15 wherein the examination questions are selected by the instructor user from a predetermined pool of available examination questions. | TopClass, pp. 51–52 (Edit Test page allows instructor to edit existing test questions instead of creating new ones). |
| 17. The system of claim 15 wherein the examination questions are created by the instructor user substantially at the time of the creation of the assessment file. | TopClass, pp. 51–52 (Edit Test page allows instructor to create new test questions rather than using existing ones). |
| 18. The system of claim 15 wherein the student file is reviewed by the instructor user and assigned a grade. | Instructor creating a test may leave "Auto Correct" option unchecked, in which case "the test will be submitted by the student to the instructor for manual correction. The results will only be returned when the instructor has marked the review as complete." TopClass, p. 53. |
| 19. The system of claim 18 wherein the grade is made available to the student user. | "The instructor can grade their test questions and return a score and comments to the student." TopClass, p. 56. |

| '138 Patent | Cited Prior Art |
|---|---|
| 20. The system of claim 18 wherein the instructor user collates a plurality of grades obtained from reviewing a plurality of student files, and wherein the collated grades are made available to all student users associated with the course. | TopClass describes distribution of course files, created and edited by instructors, to students. TopClass, pp. 2, 46. To "collate" data merely means to arrange or assemble it; one would expect an instructor to create a file containing "collated" student grades. It cannot be contended in good faith that there is anything novel or non-obvious in the mere fact that a course file contains a set of grades as opposed to any other kind of content (moreover, though it is not a ground for granting this Request, such a claim recites nonstatutory printed matter). |
| 21. The system of claim 13 in which the file that the student is able to read is an assignment file created by the instructor user, and the student file created by the student user is a response to the assignment file. | "A test is a special page which poses questions for the student" (TopClass, p. 7); test pages are HTML files created by instructors (TopClass, pp. 43, 51); students submit answers in response to test page questions (Top-Class, pp. 7, 53–54), such as "in the form of a file which they upload to the server" (TopClass, p. 56). |
| 22. The system of claim 8 wherein the dropbox file comprises a plurality of files transferred to the server computer from one or more student users associated with the course. | TopClass describes "Upload Questions," which "are questions which require students to submit their answers in the form of an external file." TopClass, p. 61. Clearly such questions might require the uploading of more than one file, and by one or more students. See also TopClass, p. 31 (administrator can configure server to accept file uploads from users). The '138 Patent admits that the dropbox mechanism for transferring files to the server computer is prior art involving "well known techniques" ('138 Patent, col. 16, line 24).<br><br>Galt teaches the use of dropboxes for sharing documents electronically; dropboxes are described as folders on remote servers where writers and other parties "swap document drafts." Galt, pp. 361–362. It would have been obvious to a person having ordinary skill in the art at the time the invention was made to use the dropboxes of Galt for submission of multiple student files in response to Upload Questions as taught by TopClass, in order to facilitate the sharing of such files among multiple students as well as with instructors. |

| '138 Patent | Cited Prior Art |
|---|---|
| 23. The system of claim 22 wherein the instructor user is provided with access to the files in the dropbox file, whereby the instructor user may download, edit and upload the files in the dropbox. | TopClass describes instructors having permission to create and edit course files and to modify coursework for students. TopClass, pp. 78–79. Since instructors can create Upload Questions (TopClass, p. 61), and since instructors review and correct student responses to such questions (TopClass, p. 53), it follows that the instructor must have access to download, edit, and upload files that are uploaded by students.<br><br>Galt teaches the use of dropboxes for sharing documents electronically; dropboxes are described as folders on remote servers where writers and other parties "swap document drafts." Galt, pp. 361–362. It would have been obvious to a person having ordinary skill in the art at the time the invention was made to use the dropboxes of Galt to enable instructors to access files uploaded in response to Upload Questions as taught by TopClass, and to download, edit, and upload these files. |
| 24. The system of claim 1 wherein a user is required to enter a login sequence into a user computer in order to be provided with access to course files associated with that user. | "To log in to TopClass, every user requires a valid username and password." TopClass, p. 19. "The User Login button provides access to TopClass functions assigned to you by your TopClass administrator." TopClass, p. 18. |
| 25. The system of claim 24 wherein the user is provided with access to all courses with which the user is associated after entry of the logon sequence. | "[E]ach student can only access files to which they should have access. For every request sent to TopClass, before it fulfills the request, TopClass checks the User Information in the Embedded Object Store to see that the user has appropriate access rights to view the requested information." TopClass, p. 3. |
| 26. The system of claim 25 wherein the user is provided with a web page comprising a plurality of course hyperlinks, each of said course hyperlinks associated with each course that the user has enrolled in. | TopClass, pp. 19–20 (After user logs in, user's Home Page and a ToolBar are displayed; ToolBar includes a "Coursework Page" button that "[d]isplays a student's coursework page, or a list of classes to choose from (if the student is assigned to more than one class)"; a web page with a list of classes "to choose from" necessarily has selectable hyperlinks to course pages for each class). |

| '138 Patent | Cited Prior Art |
|---|---|
| 27. The system of claim 26 wherein selection of a course hyperlink will provide the user with a web page associated with the selected course, the web page comprising a plurality of content hyperlinks to various content areas associated with the course. | Each class has a "coursework page" (TopClass, p. 20). See TopClass, pp. 42–43 (sample Coursework page, containing hyperlinks to top-level units and sub-units of course content). See also TopClass, p. 133 ("TopClass automatically handles creating the hyperlinks which allow users to navigate courses"). |
| 28. The system of claim 27 wherein said content hyperlinks comprise an announcement area hyperlink, a course information hyperlink, a staff information hyperlink, a course documents hyperlink, an assignments hyperlink, a communications hyperlink, and a student tools hyperlink. | TopClass describes a "Class Announcements area" (TopClass, p. 6); course information pages (TopClass, pp. 41–43, 48); course files (TopClass, pp. 2, 46); course test pages (TopClass, pp. 7, 47, 51); and communications tools (bulletin boards and electronic mail) (TopClass, p. 6). Each class is associated with a set of instructors (TopClass, p. 82), so one would expect course files to include a page providing staff information for a course. TopClass also teaches display of a ToolBar in web pages, providing hyperlinked buttons associated with certain TopClass functions: a Home Page button, a Coursework Page button, a Send Message button, a Utilities button, buttons for navigating coursework pages, and a Post button for posting messages to the Class Announcements or Discussion List area. TopClass, pp. 20–21. |
| 29. The system of claim 28 wherein selection of the announcement area hyperlink provides a web page comprising a group of course announcements. | TopClass teaches that each class has an associated Class Announcements area. TopClass, p. 8. See TopClass, p. 25 (display of Home Page includes icons and anchor text for "Read Messages," "Class Announcements," and "Discussion List"; after selection of link, a list of messages appears). |
| 30. The system of claim 28 wherein selection of the course information hyperlink provides a web page comprising information regarding the associated course. | TopClass describes course information pages. TopClass, pp. 41–43, 48. TopClass also teaches display of a ToolBar in course pages, including a Coursework Page button which, when selected, displays the coursework page for a student enrolled in a course. TopClass, pp. 20–21. |

| '138 Patent | Cited Prior Art |
|---|---|
| 31. The system of claim 28 wherein selection of the staff information hyperlink provides a web page comprising data regarding the instructors of the associated course. | Each class is associated with a set of instructors (TopClass, p. 82), so one would expect course files to include a page having data regarding the instructors of the class. It cannot be contended in good faith that "a web page comprising data regarding the instructors of the associated course" is itself novel or non-obvious (moreover, though it is not a ground for granting this Request, such a claim recites nonstatutory printed matter). |
| 32. The system of claim 28 wherein selection of the course documents hyperlink provides a web page comprising a listing of documents associated with the course. | TopClass describes course information pages (TopClass, pp. 41–43, 48); one would expect there to be a course information page that lists course documents. It cannot be contended in good faith that "a web page comprising a listing of documents associated with the course" is itself novel or non-obvious (moreover, though it is not a ground for granting this Request, such a claim recites nonstatutory printed matter). |
| 33. The system of claim 32 wherein the listing of course documents comprise active hyperlinks to the documents. | By "active hyperlinks" the '138 Patent presumably means hyperlinks that, when selected, actually retrieve the linked documents. TopClass recognizes that hyperlinks may or may not be "active": "when a resource is embedded in a HTML document such as an image or hyperlink, . . . there is no guarantee that the specified image or link actually exists." TopClass, p. 120. See also TopClass, p. 133 ("TopClass automatically handles creating the hyperlinks which allow users to navigate courses"). |
| 34. The system of claim 28 wherein selection of the assignments hyperlink provides a web page comprising a group of course assignments. | "Test pages are sets of one or more questions which a student must answer." TopClass, p. 47. "There are a number of question types available and [the course author] can mix any number of them together." TopClass, p. 54. |

| '138 Patent | Cited Prior Art |
|---|---|
| 35. The system of claim 28 wherein selection of the communications hyperlink provides a web page comprising hyperlinks to a group of communication tools comprising an asynchronous communication tool and a synchronous communication tool. | '138 Patent gives discussion boards as sole example of an asynchronous communication tool ('138 Patent, col. 12, lines 22–25; col. 15, lines 45–49; col. 20, lines 28–32) and admits that such tools are "well known in the art" ('138 Patent, col. 15, lines 55–56).<br><br>TopClass describes use of asynchronous discussion boards: each class has a Class Announcements and a Discussion List "area" (TopClass, p. 6), which clearly are accessed by hyperlinks. See TopClass, p. 25 (display of Home Page includes icons and anchor text for "Class Announcements" and "Discussion List"; after selection of link, a list of messages appears).<br><br>Hartley teaches use of synchronous communication technologies, such as chat and whiteboards, by students in an academic setting. Hartley, pp. 220–221. It would have been obvious to a person having ordinary skill in the art at the time the invention was made to supplement the asynchronous communication tools described in TopClass with synchronous tools as taught in Hartley. |
| 36. A[ ] method for providing online education [ ] for a community of users in a network based system comprising the steps of: | TopClass describes a "learning environment that distributes course materials" which runs over TCP/IP networks or a corporate or campus LAN (TopClass, p. 1); it "allow[s] on-line communication between instructors and students" (TopClass, p. 4). |
| a. establishing that each user is capable of having [p]redefined characteristics indicative of multiple predetermined roles in the system and each role providing a level of access to and control of a plurality of course files; | TopClass teaches a system with three predefined categories of user: students, instructors, and administrators. TopClass, pp. 4–6, 19, 23–24, 74, 76. |

| '138 Patent | Cited Prior Art |
|---|---|
| b. establishing a course to be offered online, comprising i. generating a set of course files for use with teaching a course; ii. transferring the course files to a server computer for storage; and iii. allowing access to and control of the course files according to the established roles for the users according to step (a); | Instructors and administrators can create and edit course files (TopClass, pp. 5–6, 42–50). Author of course page uses "Submit" button in Create/Edit Course utility to create course on the server. TopClass, p. 46. "Rights" option allows course page author to specify access rights for the page. TopClass, p. 50. |
| c. providing a predetermined level of access and control over the network to the course files to users with an established role as a student user enrolled in the course; and | "[E]ach student can only access files to which they should have access. For every request sent to TopClass, before it fulfills the request, TopClass checks the User Information in the Embedded Object Store to see that the user has appropriate access rights to view the requested information." TopClass, p. 3. Students have limited access rights and are not given any security privileges. TopClass, pp. 78–80. See also TopClass, p. 32 ("Access Preferences" page can be used by administrator to "specify default access rights for various system objects" for students and other users). |
| d. providing a predetermined level of access and control over the network to the course files to users with an established role other than a student user enrolled in the course. | "[A]dministrators always have access to the entire TopClass server." TopClass, p. 74. File access levels of instructors depends on the configuration of security privileges for each instructor, which determines the degree to which an instructor can edit course files, modify individual student coursework, create and edit class announcements, and delete messages posted to class discussion lists. TopClass, pp. 78–80. WUser database object has a field "Admin," which "determines the types of pages which the user can access." TopClass, p. 100. |