**Exhibit 5**

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD.,<br><br>               Plaintiff,<br><br>vs.<br><br>THE THOMSON CORPORATION, WEST PUBLISHING CORPORATION, and WEST SERVICES, INC.,<br><br>               Defendants. | **Civil No. 07-4551 (JNE/JJG)**<br>**Civil No. 07-CV-1687 (JNE/JJG)**<br><br><br>**DEFENDANT THE THOMSON CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF TIMEBASE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (Nos. 1-40)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant The Thomson Corporation ("Thomson ")[1] makes the following objections and responses to Plaintiff TimeBase's First Set of Requests for Production of Documents (Nos. 1-40) to Defendant The Thomson Corporation dated March 3, 2008.

## RESERVATION OF RIGHTS AND GENERAL OBJECTIONS

The following reservation of rights and general objections apply to each of TimeBase's document requests:

1.      TimeBase's First Set of Requests for Production of Documents were mailed and facsimiled on March 3, 2008 in violation of Fed. R. Civ. P. 26(f). The parties did not meet and confer for this consolidated case pursuant to Fed. R. Civ. P. 26(f) until March 25, 2008. Accordingly, Thomson is providing its responses to these requests at this time.

---

[1] The Thomson Corporation is now known as Thomson Reuters Corporation as a result of The Thomson Corporation's acquisition of Reuters in a transaction completed on April 17, 2008.

2.     Thomson has not concluded its investigation of facts or the discovery of information and documents relating to this case.  Accordingly, Thomson's objections and responses are based on Thomson's current knowledge and reasonable beliefs.  Thomson reserves the right to modify, alter, amend, or supplement any of its objections and responses to these document requests based on any subsequently obtained facts, information, or documents.

3.     Nothing contained in these objections and responses is an admission by Thomson concerning the existence or nonexistence of any information or documents, and no objection or response is an admission regarding the relevance or admissibility of any information or documents or the truth or accuracy of any statement in any of TimeBase's requests.

4.     Thomson objects to TimeBase's definitions and instructions and to each document request to the extent they seek information or documents that are subject to the attorney-client privilege, work product doctrine, or any other privilege or protection provided by law, or that are trial preparation materials (collectively, "Privileged Materials").  No Privileged Materials will be produced.

5.     Thomson objects to TimeBase's definitions and instructions and each document request to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Fed. R. Civ. P. 26 and 34, and the Local Rules relating to Patent Cases.

6.     Thomson will respond to each of TimeBase's document requests, to the extent no objection is made, based on Thomson's interpretation and understanding of the request.  If TimeBase subsequently asserts any interpretation of any request that differs from Thomson's

understanding, Thomson reserves the right to alter, amend, or supplement its objections and responses.

7. Thomson objects to each of TimeBase's document requests to the extent a requests seeks "all" information or that purports to require Thomson to produce "all" documents when a smaller set of information and/or documents is sufficient to provide the substance of the information sought, and the burden of searching for and producing all information and/or documents outweighs the limited materiality or relevance of the additional information and/or documents that would be required to be furnished.

8. Thomson objects to each request to the extent it seeks production of Thomson's and/or a third party's confidential information. No confidential documents or information will be produced in response to these requests until entry of a satisfactory protective order.

9. Unless otherwise stated, Thomson will produce non-privileged information and/or documents in response to each request for the time period designated in TimeBase's definitions and instructions. The furnishing of information and/or documents either earlier or later than the time period designated by TimeBase is not an admission by Thomson that such information and/or documents are relevant or not relevant. Thomson expressly reserves the right to assert that time periods before or after the time period designated by TimeBase are either relevant or not relevant to a particular issue in the case.

10. Thomson's reservation of rights and general objections are hereby incorporated into each of Thomson's specific objections and responses below.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All documents identified in responses to TimeBase's Interrogatories, all documents consulted in the formulation of Defendant Thomson Corporation's responses to those interrogatories, and all documents pertaining to the subject matter of those interrogatories.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrases "all documents consulted in the formulation" and "all documents pertaining to the subject matter" are vague and ambiguous and potentially overly broad. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request on the grounds that TimeBase did not submit Plaintiff's First Set of Interrogatories to Thomson until March 24, 2008, and then did so in violation of Fed. R. Civ. P. 26(f).

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson states that it will not produce documents "consulted" in the preparation of Thomson's interrogatory responses or "pertaining to the subject matter" of Thomson's interrogatory responses. Thomson will produce any non-privileged documents that are specifically identified in Thomson's interrogatory responses.

**REQUEST NO. 2:**

Organization charts for defendant Thomson Corporation.

**RESPONSE:**

Thomson objects to this request on the grounds that it is vague and ambiguous and potentially overly broad.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

## REQUEST NO. 3:

All documents and things supporting Defendant Thomson Corporation's contentions of invalidity (under any statute in Title 35, U.S.C., including §§ 101, 102, 103 or 112) of the '592 or '228 patents.

## RESPONSE:

Thomson objects to this request on the grounds that the phrase "supporting" as used in this context is vague and ambiguous and potentially overly broad. Thomson also objects to this request on the grounds that it is premature, since the scheduling order to be entered for this case will set forth a procedure and deadline for disclosing documents relating to Thomson's invalidity contentions. *See* Notice of Pretrial Conference, 3/5/08. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. West Services further objects on the grounds that the '592 patents' claims are the subject of an ongoing reexamination in which all claims have been rejected; therefore, the scope of those claims cannot be determined at this time.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson has not yet formed all of its contentions relating to the invalidity of the '592 or '228 patents. Thomson will produce non-privileged documents relating to its invalidity contentions to the extent Thomson has formed its invalidity contentions and at the time set in the scheduling order to be entered by the Court.

## REQUEST NO. 4:

All documents and things Defendant Thomson Corporation contends are prior art to the '592 or '228 patents.

**RESPONSE:**

Thomson objects to this request on the grounds that it is premature, since the scheduling order to be entered for this case will set forth a procedure and deadline for disclosing documents relating to Thomson's contentions regarding prior art. *See* Notice of Pretrial Conference, 3/5/08. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. West Services further objects on the grounds that the '592 patents' claims are the subject of an ongoing reexamination in which all claims have been rejected; therefore, the scope of those claims cannot be determined at this time.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson has not yet formed all of its contentions relating to prior art for the '592 or '228 patents. Thomson will produce non-privileged prior art documents to the extent Thomson has formed its prior art contentions and at the time set in the scheduling order to be entered by the Court.

**REQUEST NO. 5:**

All documents and things supporting Defendant Thomson Corporation's contentions of non-infringement of the '592 or '228 patents.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "supporting" as used in this context is vague and ambiguous and potentially overly broad. Thomson also objects to this request on the grounds that it is premature, since the scheduling order to be entered for this case will set forth a procedure and deadline for disclosing documents relating to

Thomson's noninfringement contentions. *See* Notice of Pretrial Conference, 3/5/08.

Thomson further objects to this request to the extent it calls for the disclosure of information

or documents that are Privileged Materials. West Services further objects on the grounds that

the '592 patents' claims are the subject of an ongoing reexamination in which all claims have

been rejected; therefore, the scope of those claims cannot be determined at this time.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson has not yet formed

all of its non-infringement contentions relating to the '592 or '228 patents. Thomson will

produce non-privileged documents relating to its noninfringement contentions to the extent

Thomson has formed such contentions and at the time set in the scheduling order to be

entered by the Court.

## REQUEST NO. 6:

All documents and things supporting Defendant Thomson Corporation's
contention that TimeBase's claims are barred, in whole or in part, by the doctrines of
estoppel or laches.

## RESPONSE:

Thomson objects to this request on the grounds that the phrase "supporting" as used

in this context is vague and ambiguous and potentially overly broad. Thomson further

objects to this request to the extent it calls for the disclosure of information or documents

that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson has not yet formed

all of its contentions relating to its defenses of estoppel or laches. Thomson will produce

non-privileged documents relating to its defenses of estoppel and laches to the extent

Thomson has formed such contentions and to the extent such documents exist.

**REQUEST NO. 7:**

All documents and things supporting Defendant Thomson Corporation's contention that TimeBase's claims are barred, in whole or in part, by the doctrine of prosecution laches.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "supporting" as used

in this context is vague and ambiguous and potentially overly broad. Thomson further

objects to this request to the extent it calls for the disclosure of information or documents

that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson has not yet formed

all of its contentions relating to its defense of prosecution laches. Thomson will produce

non-privileged documents relating to its contentions regarding prosecution laches to the

extent Thomson has formed such contentions and to the extent such documents exist.

**REQUEST NO. 8:**

All documents and things supporting Defendant Thomson Corporation's contentions TimeBase's damages, if any, do not include provisional rights damages under 35 U.S.C. § 154(d).

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "supporting" as used

in this context is vague and ambiguous and potentially overly broad. Thomson further

objects to this request to the extent it calls for the disclosure of information or documents

that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson has not yet formed all of its contentions relating to damages. Thomson will produce non-privileged documents relating to its contentions regarding damages to the extent Thomson has formed such contentions and to the extent such documents exist.

**REQUEST NO. 9:**

All documents that explain or describe the operation and use of PastStat Locator, or RegulationsPlus, or Graphical Statutes.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "operation and use" as used in this context is vague and ambiguous and potentially overly broad and unduly burdensome. Thomson also objects to this request to the extent it calls for the production of "all documents" when a smaller set of information would be sufficient to provide the substance of the information sought. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents sufficient to explain the operation of PastStat Locator, RegulationsPlus, and Graphical Statutes.

**REQUEST NO. 10:**

        All documents that explain, document or identify the benefits of using PastStat Locator, or RegulationsPlus, or Graphical Statutes.

**RESPONSE:**

     Thomson objects to this request on the grounds that the phrase "benefits of using" as used in this context is vague and ambiguous and potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for production of "all documents" when a smaller set of information would be sufficient to provide the substance of the information sought. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

     Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents sufficient to identify benefits that Thomson has alleged result from using PastStat Locator, RegulationsPlus, or Graphical Statutes to the extent such documents exist.

**REQUEST NO. 11:**

        Documents sufficient to show the versions and differences between versions of PastStat Locator.

**RESPONSE:**

     Thomson objects to this request on the grounds that the phrase "differences" as used in this context is vague and ambiguous and potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information

or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

## REQUEST NO. 12:

Documents sufficient to show the versions and differences between versions of RegulationsPlus.

## RESPONSE:

Thomson objects to this request on the grounds that the phrase "differences" as used in this context is vague and ambiguous and potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

## REQUEST NO. 13:

Documents sufficient to show the versions and differences between versions of Graphical Statutes.

## RESPONSE:

Thomson objects to this request on the grounds that the phrase "differences" as used in this context is vague and ambiguous and potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

## REQUEST NO. 14:

Documents sufficient to identify the persons (whether employees or third parties) who worked on the development of any of PastStat Locator, or RegulationsPlus, or Graphical Statutes.

## RESPONSE:

Thomson objects to this request on the grounds that the phrase "development" as used in this context is vague and ambiguous and potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

## REQUEST NO. 15:

Current or last-known addresses for each of the persons identified in the motion to transfer from the Northern District of Illinois and the related memoranda and declarations.

**RESPONSE:**

Thomson objects to this request on the grounds that it purports to seek information, does not identify any documents, and is potentially overly broad.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, no response is necessary.

**REQUEST NO. 16:**

Documents sufficient to show the date Defendant Thomson Corporation first learned of the existence of the '592 patent.

**RESPONSE:**

Thomson objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson further objects to this request on the grounds that it is vague and ambiguous to the extent it fails to identify whose knowledge should be imputed to Thomson as a company.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents showing when an employee of Thomson first learned of the '592 patent to the extent such documents exist. By producing these documents, Thomson makes no admission as to when Thomson , as a company, first learned of the subject patent.

**REQUEST NO. 17:**

Documents sufficient to show the date Defendant Thomson Corporation first learned of the existence of the '228 patent.

**RESPONSE:**

Thomson objects to this request to the extent it calls for the disclosure of information

or documents that are Privileged Materials. Thomson further objects to this request on the

grounds that it is vague and ambiguous to the extent it fails to identify whose knowledge

should be imputed to Thomson as a company.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson will produce non-

privileged documents showing when an employee of Thomson first learned of the '228

patent to the extent such documents exist. By producing these documents, Thomson makes

no admission as to when Thomson , as a company, first learned of the subject patent.

**REQUEST NO. 18:**

Documents sufficient to show the date Defendant Thomson Corporation first
received notice of infringement of the '592 patent.

**RESPONSE:**

Thomson objects to this request to the extent it calls for the disclosure of information

or documents that are Privileged Materials. Thomson further objects to this request on the

grounds that it is vague and ambiguous to the extent it fails to identify whose knowledge

should be imputed to Thomson as a company. Thomson further objects to the phrase "first

received notice of infringement" as vague and ambiguous and to the extent it calls for a legal

conclusion.

Thomson interprets this request as seeking production of documents sufficient to

show when TimeBase provided Thomson with actual notice of alleged infringement. Based

on Thomson's understanding of this request, and subject to and without waiver of the

foregoing objections and Thomson's general objections, Thomson will produce non-

privileged documents showing when an employee of Thomson first received actual notice of alleged infringement of the '592 patent to the extent such documents exist. By producing these documents, Thomson makes no admission as to when Thomson , as a company, first received actual notice of alleged infringement of the subject patent.

**REQUEST NO. 19:**

All documents relevant to Defendant Thomson Corporation's review or analysis of the '592 patent, including communications to or from any attorney, opinions regarding infringement, validity or enforceability, and any technical reports and prior art searches.

**RESPONSE:**

Thomson objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson further objects to this request on the grounds that it is premature, since the scheduling order to be entered for this case will set forth a procedure and deadline for disclosing documents relating to Thomson's opinions of counsel, should Thomson choose to rely on its opinions of counsel in connection with any issue of willfulness in this case. *See* Notice of Pretrial Conference, 3/5/08.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will determine whether to produce relevant documents relating to opinions of counsel by the time set in the scheduling order to be entered by the Court.

**REQUEST NO. 20:**

Documents sufficient to show the date Defendant Thomson Corporation first received notice of infringement of the '228 patent.

**RESPONSE:**

Thomson objects to this request to the extent it calls for the disclosure of information

or documents that are Privileged Materials. Thomson further objects to this request on the

grounds that it is vague and ambiguous to the extent it fails to identify whose knowledge

should be imputed to Thomson as a company. Thomson further objects to the phrase "first

received notice of infringement" as vague and ambiguous and to the extent it calls for a legal

conclusion.

Thomson interprets this request as seeking production of documents sufficient to

show when TimeBase provided Thomson with actual notice of alleged infringement. Based

on Thomson's understanding of this request, and subject to and without waiver of the

foregoing objections and Thomson's general objections, Thomson will produce non-

privileged documents showing when an employee of Thomson first received actual notice of

alleged infringement of the '228 patent to the extent such documents exist. By producing

these documents, Thomson makes no admission as to when Thomson , as a company, first

received actual notice of alleged infringement of the subject patent.

**REQUEST NO. 21:**

All documents relevant to Defendant Thomson Corporation's review or
analysis of the '228 patent, including communications to or from any attorney, opinions
regarding infringement, validity or enforceability, and any technical reports and prior art
searches.

**RESPONSE:**

Thomson objects to this request to the extent it calls for the disclosure of information

or documents that are Privileged Materials. Thomson further objects to this request on the

grounds that it is premature, since the scheduling order to be entered for this case will set

forth a procedure and deadline for disclosing documents relating to Thomson's opinions of

counsel, should Thomson choose to rely on its opinions of counsel in connection with any issue of willfulness in this case. *See* Notice of Pretrial Conference, 3/5/08.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will determine whether to produce relevant documents relating to opinions of counsel by the time set in the scheduling order to be entered by the Court.

## REQUEST NO. 22:

All communications with TimeBase.

## RESPONSE:

Thomson objects to this request on the grounds that the word "communications" as used in this context is vague and ambiguous and potentially overly broad.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

## REQUEST NO. 23:

All documents mentioning TimeBase.

## RESPONSE:

Thomson objects to this request on the grounds that it potentially overly broad. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 24:**

All documents mentioning the '592 patent, or any of its inventors.

**RESPONSE:**

Thomson objects to this request on the grounds that it potentially overly broad. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 25:**

All documents mentioning the '228 patent, or any of its inventors.

**RESPONSE:**

Thomson objects to this request on the grounds that it potentially overly broad. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 26:**

Documents sufficient to show the relationships between the defendants.

**RESPONSE:**

Thomson objects to this request on the grounds that the word "relationships" as used in this context is vague and ambiguous and potentially overly broad. Thomson further

objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 27:**

All witness statements obtained in connection with this lawsuit.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "witness statements" as used in this context is vague and ambiguous. Thomson objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 28:**

All documents relevant to the decision to design and market PastStat Locator, including but not limited to projected revenues or profits, and analyses of competitive products or services, or analyses of the potential market.

**RESPONSE:**

Thomson objects to this request on the grounds that the words "decision" and "analyses" as used in this context are vague and ambiguous. Thomson objects to this request as potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are

Privileged Materials. Thomson also objects to this request to the extent it calls for the

production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson will produce non-

privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 29:**

All documents relevant to the decision to design and market RegulationsPlus, including but not limited to projected revenues or profits, and analyses of competitive products or services, or analyses of the potential market.

**RESPONSE:**

Thomson objects to this request on the grounds that the words "decision" and

"analyses" as used in this context are vague and ambiguous. Thomson objects to this

request as potentially overly broad and unduly burdensome. Thomson further objects to this

request to the extent it calls for the disclosure of information or documents that are

Privileged Materials. Thomson also objects to this request to the extent it calls for the

production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson will produce non-

privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 30:**

All documents relevant to the decision to design and market Graphical Statutes, including but not limited to projected revenues or profits, and analyses of competitive products or services, or analyses of the potential market.

**RESPONSE:**

Thomson objects to this request on the grounds that the words "decision" and "analyses" as used in this context are vague and ambiguous. Thomson objects to this request as potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 31:**

Documents and things relevant to training persons to use PastStat Locator, or RegulationsPlus, or Graphical Statutes.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "relevant to training persons to use" the listed products is vague and ambiguous. Thomson further objects to this request as potentially overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 32:**

Source code for PastStat Locator.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "source code for PastStat Locator" is vague and ambiguous. In addition, Thomson objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Thomson further objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request at this time, and subject to and without waiver of the foregoing objections and Thomson's general objections, no source code will be produced.

**REQUEST NO. 33:**

Source code for RegulationsPlus.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "source code for RegulationsPlus" is vague and ambiguous. In addition, Thomson objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Thomson further objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request at this time, and subject to and without waiver of the foregoing objections and Thomson's general objections, no source code will be produced.

**REQUEST NO. 34:**

    Source code for Graphical Statutes.

**RESPONSE:**

   Thomson objects to this request on the grounds that the phrase "source code for Graphical Statutes" is vague and ambiguous. In addition, Thomson objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Thomson further objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

   Based on Thomson's understanding of this request at this time, and subject to and without waiver of the foregoing objections and Thomson's general objections, no source code will be produced.

**REQUEST NO. 35:**

    Documents, preferably in electronic format, sufficient to show Defendant Thomson Corporation's costs, revenue, gross profit, incremental gross profit, and net profit from PastStat Locator.

**RESPONSE:**

   Thomson objects to this request on the grounds that the phrase "from PastStat Locator" as used in this context is vague and ambiguous. Thomson further objects to this request as overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

   Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce

compilations sufficient to show Thomson's revenue and costsassociated with PastStat

Locator.

**REQUEST NO. 36:**

Documents, preferably in electronic format, sufficient to show Defendant Thomson Corporation's costs, revenue, gross profit, incremental gross profit, and net profit from RegulationsPlus.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "from

RegulationsPlus" as used in this context is vague and ambiguous. Thomson further objects

to this request as overly broad and unduly burdensome. Thomson further objects to this

request to the extent it calls for the disclosure of information or documents that are

Privileged Materials. Thomson also objects to this request to the extent it calls for the

production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson will produce

compilations sufficient to show Thomson's revenue and costs associated with

RegulationsPlus.

**REQUEST NO. 37:**

Documents, preferably in electronic format, sufficient to show Defendant Thomson Corporation's costs, revenue, gross profit, incremental gross profit, and net profit from Graphical Statutes.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "from Graphical

Statutes" as used in this context is vague and ambiguous. Thomson further objects to this

request as overly broad and unduly burdensome. Thomson further objects to this request to

the extent it calls for the disclosure of information or documents that are Privileged

Materials. Thomson also objects to this request to the extent it calls for the production of

documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson will produce

compilations sufficient to show Thomson's revenue and costs associated with Graphical

Statutes.

**REQUEST NO. 38:**

Any patents or patent applications (United States or foreign) that cover any
aspect of PastStat Locator, RegulationsPlus, or Graphical Statutes.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "cover" as used in

this context is vague and ambiguous. Thomson also objects to this request to the extent the

phrase "cover" calls for a legal conclusion. Thomson further objects to this request to the

extent it calls for the disclosure of information or documents that are Privileged Materials.

Thomson also objects to this request to the extent it calls for the production of documents

pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver

of the foregoing objections and Thomson's general objections, Thomson is unable to

produce documents responsive to this request.

**REQUEST NO. 39:**

Any license agreements involving Defendant Thomson Corporation and any
other party that relate in any way to PastStat Locator, RegulationsPlus, or Graphical Statutes.

**RESPONSE:**

Thomson objects to this request on the grounds that the phrase "relate in any way" as used in this context is vague and ambiguous and overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. In addition, Thomson objects to this request to the extent it includes license agreements reached as part of the settlement of litigation, which agreements are not relevant to damages calculation under prevailing authority. *Wang Labs., Inc. v. Mitsubishi Electronics America, Inc.*, 860 F.Supp. 1448, 1452 (C.D. Cal. 1993). Thomson also objects to this request to the extent it seeks documents that are subject to any confidentiality agreement between Thomson and a third party. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside of the scope of the patents.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

**REQUEST NO. 40:**

All documents and things exchanged or transmitted between Defendant Thomson Corporation or its attorneys and any expert or potential expert.

**RESPONSE:**

Thomson object to this request on the grounds that the phrase "any expert or potential expert" as used in this context is vague and ambiguous and overly broad and unduly burdensome. Thomson further objects to this request to the extent it calls for the disclosure of information or documents that are Privileged Materials. Thomson also objects to this request to the extent it calls for the production of documents pertaining to subject matter outside the scope of the claims and defenses in this case or for the production of documents not relied on for the actual opinion(s) offered by a testifying expert.

Based on Thomson's understanding of this request, and subject to and without waiver of the foregoing objections and Thomson's general objections, Thomson will produce non-privileged documents responsive to this request to the extent such documents exist.

Dated: April 24, 2008

**FAEGRE & BENSON LLP**

**By:**

David J.F. Gross #208772
Calvin L. Litsey #153746
Kevin P. Wagner #034008X
Shawn T. Gordon #336439
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
Email: dgross@faegre.com
Email: clitsey@faegre.com
Email: kwagner@faegre.com
Email: sgordon@faegre.com

**Attorneys for Defendants The Thomson Corporation, West Publishing Corporation, and West Services, Inc.**

fb.us.2785836.02