UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TimeBase Pty Ltd.,

      Plaintiff,

v.

The Thomson Corporation, West Publishing
Corporation, and West Services, Inc.,

      Defendants.

Civil No. 07-1687 (JNE/JJG)
Civil No. 07-4551 (JNE/JJG)
ORDER

Plaintiff asserts that Defendants infringe U.S. Patent No. 6,233,592 ('592 Patent) and U.S. Patent No. 7,293,228 ('228 Patent) in Civil No. 07-1687 and Civil No. 07-4551, respectively. In June 2007, the magistrate judge stayed Civil No. 07-1687 pending a reexamination of the '592 Patent. In Orders dated February 7, 2008, the magistrate judge lifted the stay of Civil No. 07-1687, consolidated Civil No. 07-1687 and Civil No. 07-4551, and declined to stay Civil No. 07-4551. Defendants objected to portions of the Orders, and Plaintiff responded by arguing that the Orders should be affirmed. While Defendants' objections were pending, the United States Patent and Trademark Office (PTO) rejected all claims in the '592 Patent. In light of the rejection of the '592 Patent's claims, the Court informed the parties that it would reconsider the decisions to lift the stay of Civil No. 07-1687, to consolidate Civil No. 07-1687 and Civil No. 07-4551, and to decline to stay Civil No. 07-4551. *See* D. Minn. LR 72.2(a). In supplemental memoranda, Defendants assert that the consolidated cases should be stayed until the completion of the '592 Patent's reexamination, and Plaintiffs maintain that the consolidated cases should proceed notwithstanding the rejection of the '592 Patent's claims.

*Consolidation*

"If actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). The magistrate judge concluded that "[s]ignificant overlap in the '228 and '592 patent infringement cases warrants consolidation of those cases to achieve judicial economy." The Court agrees. The '228 Patent is a continuation-in-part of the '592 Patent, the same parties are involved in both Civil No. 07-1687 and Civil No. 07-4551, and the cases involve the same accused products. Having reconsidered the decision to consolidate the cases, the Court concludes that consolidation is appropriate. The Court turns then to whether the consolidated cases should proceed or be stayed.

*Stay*

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). A stay pending reexamination may be justified if the reexamination will likely assist the court in determining patent validity or, if the claims are canceled, eliminate the need to consider issues of infringement. *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998); *see Ethicon*, 849 F.2d at 1428 (noting that a reexamination may simplify litigation by "the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court"); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (stating that "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue [validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)"). In determining whether to stay litigation pending a

2

reexamination, district courts generally consider three factors:  (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues; and (3) whether discovery is complete and a trial date is set.  *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).  The Court begins with the second factor.

The magistrate judge stated that "the PTO's issuance of the '228 over the prior art at issue in the reexamination means that the PTO's disposition of the '592 can have little to no effect on the '228, or the instant litigation."  The PTO's rejection of the '592 Patent's claims warrants a different conclusion.  If the '592 Patent's claims issue notwithstanding their recent rejection, then the reexamination will likely assist the Court in determining issues of validity.  If the '592 Patent's claims do not survive reexamination, then the reexamination will obviate the need to consider issues related to the alleged infringement of the '592 Patent.  Given the relationship between the '592 Patent and the '228 Patent, statements made by Plaintiff in response to the rejection of the '592 Patent's claims may also clarify issues related to the '228 Patent.  *See Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004).  Accordingly, the Court concludes that a stay pending reexamination will simplify the issues.

With regard to the third factor, the magistrate judge stated that it favored a stay because "[t]he '228 litigation, like the '592 litigation, has just begun" and "[d]iscovery has not commenced" in either case.  The Court agrees.

Finally, the magistrate judge concluded that a stay would work a strategic disadvantage to Plaintiff because Plaintiff would "have to wait indefinitely for a PTO reexamination decision that can have little, if any, impact on the '228's validity, [and] it may have to take positions that will be later used against it in litigation, while [Defendants] keep[] [their] defenses and arguments

under cloak, only to be revealed at a more strategically advantageous time." In light of the PTO's rejection of the claims of the '592 Patent, the Court concludes otherwise. Defendants did not request the reexamination, and Plaintiff's response to the rejection will likely simplify the issues before the Court. Under the circumstances of this case, the Court does not discern undue prejudice or a clear tactical disadvantage to Plaintiff from its obligation to respond to the PTO's rejection of the '592 Patent's claims and the potential applicability of that response in this litigation.

In sum, in light of the PTO's rejection of the '592 Patent's claims, the Court has reconsidered the decisions to lift the stay in Civil No. 07-1687, to consolidate Civil No. 07-1687 and Civil No. 07-4551, and to decline to stay Civil No. 07-4551. The Court concludes that the cases should remain consolidated and that the consolidated cases should be stayed.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Civil No. 07-1687 and Civil No. 07-4551 are CONSOLIDATED.

2. Civil No. 07-1687 and Civil No. 07-4551 are STAYED pending the reexamination of the '592 Patent.

Dated: May 6, 2008

                                            s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge